Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*

# In The United States District Court
## District of Utah

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated<br><br>Plaintiff,<br>vs.<br><br>CASCADE COLLECTIONS, LLC,<br><br>Defendant. | <u>PROPOSED CLASS ACTION</u><br><br>**COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No: 2:20-cv-00120-JNP<br>Judge: Jill N. Parrish |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Francisco Rodriguez ("Plaintiff"), through Plaintiff's attorneys, brings this action seeking damages for herself and all others similarly situated against Cascade Collections, LLC. ("Defendant") arising out of attempts by Defendant to unlawfully and abusively collect debts allegedly owed by Plaintiff and Class Members.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law: the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

7. Because Defendant does business within the State of Utah, personal jurisdiction is established.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and is, therefore, deemed to "reside" within it.

9. At all times relevant, Defendant conducted business within the State of Utah.

## PARTIES

10. Plaintiff is a natural person who resides in the State of Utah

11. Defendant is a Utah business entity doing business in Utah and located in Provo, Utah.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and

"consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

16. Sometime before April 26, 2019, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before April 26, 2019, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before April 26, 2019, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about April 26, 2019, Defendant mailed a letter to Plaintiff. A few days later, Plaintiff received that letter.

21. Defendant sent this April 26, 2019 letter specifically in an attempt to collect on a debt from Plaintiff.

22. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and an "initial communication" consistent with 15 U.S.C. § 1692(a).

23. One of the most important requirements under the FDCPA is the "G-notice" mandated by 15 U.S.C. § 1692g.

24. Under 15 U.S.C. § 1692g, a debt collector must send a written notice that informs the debtor of the amount of the debt, to whom the debt is owed, and include a "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3).

25. Overshadowing occurs when the letter fails to explain an apparent contradiction which in any way affects the debtor's rights.

26. This initial communication to Plaintiff by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a). Specifically, the notice attempted to limit and obfuscate the rights available to Plaintiff in a manner that creates a contradiction and would confuse the least sophisticated debtor into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by making the following statements:

> If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly.

27. This language does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a) and was, therefore, defective.

28. Specifically, Defendant's notice limits the methods for Plaintiff to contact Defendant to a letter through the mail or a phone call. 15 U.S.C. 1692g(a)(3) allows for Plaintiff to notify Defendant through other reasonable means such as facsimile or even in-person. Defendant has limited Plaintiff's rights by making such a statement.

29. Therefore, Defendant's notice in the April 26, 2019 letter overshadowed Plaintiff's rights.

30. Defendant did not subsequently provide Plaintiff with a proper notice pursuant to 15 U.S.C. § 1692g(a) within five days of the initial communication dated April 26, 2019; therefore, Defendant violated 15 U.S.C. § 1692g.

31. Defendant's statements in this letter were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt because the statements were likely to confuse or otherwise mislead the least sophisticated debtor regarding the means by which he or she could dispute the debt. The statements were further false, deceptive, or misleading because under the FDCPA consumers are not limited to certain methods of disputing a debt to trigger a debt collector's duty to verify a debt. Therefore, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. Defendant's statements in this letter were also an unfair or unconscionable means to collect or attempt to collect on a debt because, in making the statements, Defendant sought to obfuscate and limit Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692(a). Defendant's limiting language to Plaintiff regarding disputing a debt unfairly and unconscionably shifts the burden onto the least sophisticated debtor to prove the non-existence or invalidity of a debt. Therefore, Defendant violated 15 U.S.C. § 1692f.

33. On information and belief, Defendant regularly engages in a practice of violating the FDCPA, specifically, but not limited to, 15 U.S.C. §§ 1692g, 1692e, and 1692f, in attempting to collect alleged debts from consumers, such as Plaintiff and member of the Class.

///

///

///

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

35. Plaintiff represents, and is a member of, the Class, consisting of:

    All persons with addresses within the United States to whom Defendant has sent a debt collection communication within one year before the filing of this Complaint which contains language substantially similar to the correspondence that Plaintiff received from Defendant.

36. Defendant and its employees or agents are excluded from the Class.

37. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds or thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant's letter violated the FDCPA;
    b. Whether members of the Class are entitled to the remedies under the FDCPA;
    c. Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA; and

      d.    Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA.

40. As a person that received at least one written communication from Defendant in violation of the FDCPA, Plaintiff is asserting claims that are typical of the Class.

41. Plaintiff will fairly and adequately protect the interests of the Class.

42. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

43. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

45. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

46. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

47. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

///

///

## CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692, ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff, and the putative Class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiff and each putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Interest, punitive damages, and any and all other relief that this Court deems just and proper.

///

### TRIAL BY JURY

51. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                            Respectfully Submitted,

Dated: February 21, 2020           **KAZEROUNI LAW GROUP, APC**

                                       By:   */s Ryan L. McBride*
                                                  Ryan L. McBride, Esq.
                                                  *Attorney for Plaintiff*