IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CASCADE COLLECTIONS LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION<br><br>Case No. 2:20-CV-00120-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Jill Parrish in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 5.) Pending before the court is Plaintiff's Motion for Extension of Time to File Class Certification Motion. (ECF No. 8.) Plaintiff seeks an extension of 60 days after the fact discovery deadline to file a motion for class certification. In support Plaintiff points to alleged delays in the case with the filing of an Answer and the commencement of discovery. Plaintiff also asserts that COVID-19 has created barriers to performing discovery. Defendant opposes a 60-day extension, asserting the request is premature and founded on unsubstantiated allegations of "delay tactics." Even so, Defendant acknowledges that the delay thus far does warrant an extension of 13 days, to which, Plaintiff also agrees.

Local Rule 23-1(d) governs a motion for certification and it provides in relevant part: "Unless the court otherwise orders, the proponent of a class shall file a motion for certification that the action is maintainable as a class action within ninety (90) days after service of a pleading purporting to commence a class action, …." In seeking an extension of 60 days Plaintiff cites to *ABS Entm't, Inc. v. CBS Corp*. 908 F.3d 405 (9th Cir. 2019), a decision out of the Ninth Circuit. In *ABS* the court overturned the district court's ruling that a motion for class certification was

untimely. In doing so, the court struck down the Central District of California's Local Rule 23-3 that set a "strict 90-day time frame from the filing of a complaint to the motion for class action certification." 908 F.3d at 427. The "bright line rule" created by Local Rule 23-3 was inflexible and out of harmony with the Federal Rule, which calls for a determination on class certification "'[a]t an early practicable time after a person sues or is sued as a class representative.'" *Id.* (quoting Fed. R. Civ. P. 23(c)(1)(A)). Plaintiff seeks to draw an analogous comparison to this court's rule for class certification motions that sets forth a 90-day deadline. The comparison though is inaccurate. This district's local rule is not rigid and inflexible. Rather, the explicit language "Unless the court otherwise orders" allows the court to account for certain circumstances such as delay, or a hopefully only once in every hundred-year pandemic such as COVID-19. Thus, *ABS* is not controlling and readily distinguishable.

On the facts before the court, including the likely additional delay that COVID-19 will create, the court will order an extension of 45 days to the 90-day deadline at this time. Plaintiff will have 135 days from service to file its motion to certify class. If a verifiable need arises the parties may seek further extensions.

Accordingly, Plaintiff's motion is GRANTED IN PART.

DATED this 16 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge