David J. McGlothlin (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC**<br><br>Defendant. | Case No. 2:20-cv-00120-JNP-DBP<br><br>**MOTION FOR CLASS CERTIFICATION**<br><br>District Judge: Jill N. Parrish<br><br>Magistrate Judge: Dustin B. Pead |

**MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Francisco Rodriguez ("Plaintiff"), hereby motions this Court to certify a class in this action for Defendant Cascade Collections, LLC's ("Defendant") alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692 *et seq*. (hereinafter "FDCPA").

The class period is one year prior to the filing of the Class Action Complaint which was filed on February 21, 2020. Plaintiff defines the purported class as:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Astor Brothers & Co.; to recover a consumer debt; which were not returned undelivered by the United States Postal Service; from February 21, 2019 until February 21, 2020; in which the communication provided the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly…Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance."

In support of this motion, Plaintiff submits that all of the requirements of Rule 23(a) and the requirements of Rules 23(b)(2) and/or Rule 23(b)(3) have been met. A discussion of each of the class certification prerequisites, and how they are met in this case, is set forth in Plaintiff's Motion, and Memorandum of Points and Authorities filed in support thereof, the Declarations of attorney David J. McGlothlin, attorney Ryan L. McBride, and Plaintiff, all attached Exhibits, as well as all pleadings and records on file and any such other evidence as may be presented at the time of the hearing.

Plaintiff requests that this action be certified as a class action, that he be appointed as the class representative and that his counsel David J. McGlothlin of and Ryan L. McBride of Kazerouni Law Group be appointed as class counsel.

### ***Memorandum of Points and Authorities***

This Memorandum of Points and Authorities is submitted in support of Plaintiff's Motion for Class Certification.

**I.      NATURE OF THE CASE**

Plaintiff brings this case as a class action against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692 *et seq*. (hereinafter "FDCPA").

**II.     PLAINTIFF'S CLAIMS**

In his Class Action Complaint, Plaintiff alleges that Defendant's initial communication with Plaintiff failed to comply with the language of 15 U.S.C. §1692g(a). *First*, Defendant provides contradictory requirements as to the thirty-day dispute requirement pursuant to 15 U.S.C. § 1692g(a)(3), § 1692g(a)(4), and § 1692g(a)(5). Defendant's letter tells consumers that they have the right to dispute the debt within thirty days from receipt of the notice. But on the other hand, Defendant's letter tells the consumers that they have the right to dispute the debt within 30 days of the "**date of this letter.**" [emphasis added] [See Exhibit 1]. False, deceptive, or misleading representations or means in connection with the collection of a debt like this violate 15 U.S.C. § 1692g, and 15 U.S.C. § 1692e and § 1692e(10). Further, by telling Plaintiff that he can dispute the debt "within thirty days after receipt of the notice" in one portion of the letter and then saying the dispute can be within of the "date of this letter", Defendant is overshadowing the notice as prohibited by 15 U.S.C. § 1692g(b).

*Second*, 15 U.S.C. §1692g(a)(3) requires debt collectors include a notice that states that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. §1692g(a)(3). The language of 15 U.S.C. §1692g(a)(3) specifically does not limit the methods by which a consumer may contact a debt collector to dispute the debt.

Instead of including the language proscribed by 15 U.S.C. §1692g(a)(3), Defendant included the following language:

> If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly.

This language does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a)(3) and was, therefore, defective. Specifically, Defendant's notice limits the methods for Plaintiff to contact Defendant to a letter through the mail or a phone call. 15 U.S.C. § 1692g(a)(3) allows for Plaintiff to notify Defendant through any other reasonable means such as facsimile, email, or even in-person. Defendant has limited Plaintiff's rights by making such a statement.

*Third*, Defendant fails to provide an accurate amount owed in its initial communication with Plaintiff, violating 15 U.S.C. § 1692g(a)(1). Defendant states that the "Amount Due: [is] $19,138.39". [Exhibit 1]. However, in the subsequent paragraph the letter states, in the last sentence, "Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance." See *Id.* By merely telling Plaintiff he allegedly owes $19,138.39 plus an unknown amount that **may or may not** include additional amounts as "the balance as of the date listed above" Defendant has included an inaccurate and misleading statement. Defendant confirms this by telling Plaintiff that if Plaintiff wishes to "determine the balance" Plaintiff must "contact this office to determine how the Amount Due is calculated and to determine the balance."

Therefore, Defendant's notices in the April 26, 2019 letter limited Plaintiff's

and the putative class's rights in three different ways and violated the FDCPA.

## III. STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245,138 L.Ed.2d 689 (1997); *Trevizo v. Adams*, 455 F.3d 1155, 1161–62 (10th Cir.2006); *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir.2004); *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir.2013); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case." *Blackie v. Barrack*, 524 F.2d 891, 901 n. 16 (9th Cir. 1975). When a court decides to limit a class action with respect to particular common issues only, such limitation will necessarily afford predominance as to those issues. *Arthur Young & Co. v. United States Dist. Court,* 549 F.2d 686, 694 n. 10 (9th Cir. Cal. 1977).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 544 (N.D. Cal. 2005); *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002); *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999); *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Az. 1982).

"Class actions are generally appropriate where standardized documents are at issue." *Abels*, 227 F.R.D at 543. In deciding whether certification is appropriate, doubts should be resolved in favor of certification. *See Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir.1968) ("if there is error to be made, let it be in favor and not against the maintenance of a class action.")

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A. RULE 23(A)(1) - NUMEROSITY

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Trevizo*, 455 F.3d at 1162 (internal quotation omitted). There is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir.1978). Instead, this is a fact-specific inquiry, and the district court has wide discretion in making this determination. *Trevizo*, 455 F.3d at 1162. However, "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). "When the class is large, numbers alone are dispositive…" *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Courts have found that a purported class of forty members is sufficient to satisfy numerosity. *See Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1998).

Here, the class is so numerous that joinder of all members is impractical. The class definition includes those consumers, who Defendant sent the same language in the initial communication as Plaintiff received within a one-year span. In written discovery, Plaintiff requested that Defendant "[s]tate the number of persons with Utah Addresses to which letters or other written communications were sent by YOU, which were the same as or similar to the letter, attached hereto as Exhibit A, that was sent to Plaintiff in order to recover a consumer debt, sent between February 21, 2019 to the present." *See Defendant's Responses to Plaintiff's Discovery Requests to Defendant, Set One attached as Exhibit 2, Interrogatory No. 7*. Defendant responded that 252 persons had been sent same or similar letters. *Id.* Furthermore, Defendant's 30(b)(6) designated representative

testified in his deposition that out of the 252 persons that had been sent same or similar letters with Utah addresses, 188 of those letters were sent on behalf of Astor Brothers & Co. *See Deposition Transcript of Defendant's 30(b)(6) representative, Tucker Morris attached as Exhibit 3, pgs. 43-48.* In Defendant's April 26, 2019 letter to Plaintiff, Defendant was attempting to collect from Plaintiff on behalf of Astor Brothers & Co. *See Exhibit 1.* There are clearly enough class members to support certification here with 188 people receiving a same or similar letter as Plaintiff received as courts have certified classes of 40 people.

Ascertainability

"Although the identity of individual class members need not be ascertained before class certification, the membership of the class must be ascertainable." *Manual For Complex Litigation* (Fourth) § 21,222 (2004). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Id*. Ascertainability requires that "[t]he method of determining whether someone is in the class must be administratively feasible" and must not depend on "individualized fact-finding or mini-trials." *Donaca v. Dish Network, LLC*., 303 F.R.D. 390, 396–97 (D.Colo.2014) (citing *Carrera v. Bayer Corp*., 727 F.3d 300, 307 (3d Cir.2013)).

Here, Defendant's 30(b)(6) representative testified that Defendant has maintained all 188 letters that were sent out that were the same or similar to the April 26, 2019 letter sent to Plaintiff. In fact, each of these 188 letters was produced to Plaintiff with redactions of names and contact information in response to written discovery requests by Plaintiff. *See Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Class Certification "McBride Decl.", ¶ 23.* Each of those 188 letters has the consumer's name and address on the letter. Therefore, the class is easily ascertainable through Defendant's own records. *Exhibit 3, pgs. 48-49, l. 23-14.*

Thus, since there are a sufficient amount of class members that are ascertainable, Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

### B. RULE 23(A)(2) - COMMONALITY

Rule 23(a)(2) requires that there be a common question of law or fact. Not all questions of law and fact need be common to the class, but, as the Supreme Court recently clarified, this requirement is not met merely because the putative class members allegedly "all suffered a violation of the same provision of law." See *Wal–Mart Stores, Inc. v. Dukes,* ___ U.S. ___, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). Indeed, it is not just the presence of common questions that matters, but the ability of the class action device to "resolve an issue that is central to the validity of each one of the claims in one stroke." See *Id*. "The district court retains discretion to determine commonality because it is 'in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case and … to select the most efficient method for their resolution.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir.1999) (internal citation omitted).

The overriding common question here is grounded in Defendant's inclusion of language that does not conform to the notices required by 15 U.S.C. §1692g(a)(3), thereby violating the FDCPA. Defendant has indicated that 188 of its account holders received an initial letter from Defendant on behalf of Astor Brothers & Co. and all of the letters contained the same violating language. *See Exhibit 3, Pg. 40, lines 6-8*. Plaintiff has met its burden to show shared issues of fact and law, as resolution of this claim would resolve whether Defendant violated the FDCPA "in one stroke." See *Dukes*, 131 S.Ct. at 2551; see also *Collins v. Erin Capital Management, LLC*, 290 F.R.D. 689, 696 (S.D.Fla.2013) (commonality satisfied where plaintiff "alleges he suffered the same FDCPA violation as the proposed class"); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D.

674, 684 (S.D.Fla.2013) (commonality satisfied where "[t]he key question is whether [defendant] violated the FDCPA by leaving a voice message for putative class members, during the class period, without disclosing that the communication was from a debt collector. This overriding common question, which is subject to common resolution, is enough to establish commonality").

"To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "[T]he plaintiffs and the class's claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the Act. Therefore, the proposed class members share common questions of law and fact." *Silva v. Nat'l Telewire Corp.*, No. 99-219-JD 2000 U.S. Dist. LEXIS 13986, *7-*8 (D.N.H. Sept. 22, 2000). In this case all class members received the similar collection letters that contained language that did not comply with the required notice language in 15 U.S.C. § 1692g(a)(3) from Defendant.

It is also important to note that there is no question in this case concerning the validity of the underlying debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); *McCartney v. First City Bank*, 970 F. 2d 45 (5th Cir. 1992) (same).

Thus, Plaintiff has satisfied the commonality requirement of Rule 23(a)(2).

### C. RULE 23(A)(3) - TYPICALITY

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. *Hanlon*, 150 F.3d. 1021.

> Typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class. We do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the

unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct.

*Armstrong*, 275 F. 3d at 869 *citing Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *See also Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele*, 149 F. 3d at 595.

In *Abels*, 227 F.R.D. 541, the Northern District of California stated, "Each of the class members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the same violations of the FDCPA. Therefore, this Court concludes that claims of the class representative arc [sic] typical of the claims of the class." *Id*. at 545.

In the instant case, each of the class members was sent a collection letter with substantially similar language and all including the same language, which Plaintiff claims violates the FDCPA. *McBride Decl.*, ¶ *24*; *See Exhibit 3, Pg. 40, lines 6-8*. Here, typicality is inherent in the class definition, *i.e.*, each of the class members were subject to the same demands and violations of the FDCPA as Plaintiff.

Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

### D. RULE 23(A)(4) - ADEQUACY OF REPRESENTATION

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." In the Tenth Circuit, adequacy of representation depends on resolution of two questions. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir.2002). These questions are: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Id*. at 1187–88 (internal citation omitted).

Plaintiff understands his responsibilities as class representative as they were explained to him in the beginning of the case around November 2019. *See Declaration of Plaintiff Francisco Rodriguez in Support of Plaintiff's Motion for Class Certification "Rodriguez Decl.", ¶¶ 2, 4, 5, 9*. Plaintiff reviewed the Complaint in this case before it was filed, assisted counsel with responding to discovery requests, sat for his deposition, and helped prepare a declaration in support of this motion. See Rodriguez Decl., ¶ *5*; McGlothlin Decl. ¶ *20*; McBride Decl. ¶ *25*. Plaintiff has spent hours fulfilling his class representative duties for this case. *Id.* He is represented by experienced counsel whose qualifications are set forth in the Declarations of David J. McGlothlin and Ryan L. McBride.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Plaintiff received the same allegedly defective correspondence as the 188 proposed class members. Plaintiff and the class members seek statutory damages as well as equitable relief as the result of Defendant's alleged unlawful collection notices. Given the identical nature of the claims between Mr. Rodriguez and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class. Rodriguez Decl. ¶¶ *7, 8, 10*. Since Plaintiff's interests are exactly the same as the proposed class, there are no conflicts, and Plaintiff will have no problem providing fair and adequate protection for the interests of the class.

Furthermore, Plaintiff's counsel is experienced class counsel who intend on vigorously litigating on behalf of the class members. Class counsel do not have any conflicts of interest with the class members. Thus, the adequacy of class counsel is established.

Therefore, Plaintiff has satisfied the representation requirement of Rule 23(a)(4).

## E. COMMON QUESTIONS OF LAW AND FACT PREDOMINATE

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Hanlon*, 150 F.3d at 1019. This criterion is normally satisfied when there is an essential, common factual link between all class members and the defendant for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); *see also Silva*, 2000 U.S. Dist. LEXIS 13986, at *11 ("The standardized nature of the defendant's conduct satisfied the requirement for common questions of law or fact."). In this case, the "common nucleus of operative fact," is that all class members, by definition, were subjected to Defendant's collection of alleged debts by sending substantially similar collection letters with the same deficient language that is alleged to violate the FDCPA. The legal and factual issues arising from Plaintiff's case are the same for each class member.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis. *See Abels*, 227 F.R.D. at 543; *Clark*, 204 F.R.D. 662; *Littledove v. JBC & Assocs.*, No. Civ. S-00-0568-WBS GGH, 2001 U.S. Dist. LEXIS 139 (E.D. Cal. Jan. 11, 2001); *Ballard*, 186 F.R.D. 589; *Irwin*, 96 F. Supp. 2d 968.

Because of the standardized nature of Defendant's conduct, common questions predominate. "Predominance is a test readily met in certain cases alleging consumer … fraud…" *Amchem*, 521 U.S. at 624. In *Abels*, the court stated in support of certifying the class:

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class

> member. Here, the issues common to the class-namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA - are predominant. Plaintiff's Complaint centers around these issues.

227 F.R.D. at 547. The instant case is similar to *Abels*. The only individual issue is the identification of the consumers who were subjected to Defendant's practice of sending the collections letters with the alleged defective notice. This is a matter capable of ministerial determination from the Defendant's records. This is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class' factual issues and the issues of law predominate over any individual questions.

### F. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. INS*, 121 F.3d 285 (9th Cir. 1997). The court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard*, 186 F.R.D 600. It is proper for a court, in deciding the "best" available method, to consider the "…inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendant's practice. *Clark*, 204 F.R.D. at 666. Class actions are a more efficient and consistent means of trying the legality of a collection letter. *Ballard*, 186 F.R.D. 589; *Brink v.*

*First Credit Resources*, 185 F.R.D. 567 (D. Az. 1999).

The efficacy of consumer class actions is recognized particularly where the individual's claim is small.

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement... Thus, many claims could not be successfully asserted individually. Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. [n most cases, litigation costs would dwarf potential recovery. In this sense, the proposed class action is paradigmatic. A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.

*Hanlon* 150 F. 3d at 1023. Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard*, 186 F.R.D. at 600 (citations omitted). Class certification of an FDCPA damage action will provide an efficient and appropriate resolution of the controversy. *See Irwin*, 96 F. Supp. 2d 968; *Ballard*, 186 F.R.D. 589. A class action in this instance is by far the more efficient and consistent means to litigate this issue, as opposed to 188 individual cases concerning an allegedly defective notice.

Thus, certification of this action is the superior method to resolve the controversy presented here.

### G. CLASS CERTIFICATION PURSUANT TO 23(B)(2) IS APPROPRIATE

An action may be maintained as a class action under Rule 23(b)(2) if:

> [t]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ...

*Id.* Various FDCPA actions have been certified pursuant to Rule 23(b)(2).

*Swanson*, 186 F.R.D. 665; *Borcherding-Dittloff v. Transworld Sys.*, 185 F.R.D. 558, 565-66 (W.O. Wis. 1999); *Gammon v. GC Servs Ltd Partnership*, 162 F.R.D. 313, 319-22 (N.D. Ill. 1995).

In *Gammon*, 162 F.R.D. at 319-22, the court certified a class in an FDCPA action for declaratory relief. Entry of a declaratory judgment is favored: '(I) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' *Id*. at 320, *quoting* E. Borchard, *Declaratory Judgments* 299 (2nd ed. 1941).

The archetypal case for Rule 23(b)(2) certification is one where policies applicable to a large number of persons are challenged as unlawful. This is true even in actions where the plaintiffs claim for declaratory and injunctive relief is accompanied by damages or retroactive relief claims.

The declaratory relief sought in this action would be to declare Defendant's inclusion of deficient language in its collection letters under the Fair Debt Collection Practices Act illegal in violation of federal law. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole. Thus, declaratory relief is appropriate for the class as a whole.

### H. CLASS CERTIFICATION AS A HYBRID UNDER RULES 23(B)(2) AND 23(B)(3) IS REQUESTED

Plaintiff requests class certification under both Rule 23(b)(2) and Rule 23(b)(3). Hybrid class actions such as this have been certified where the best interests of the class members are served. *Morrison v. Express Recovery Solutions, Inc.*, Case No. 1:17-cv-00051-CW-EJF, Dkt. 47 (D. Ut 2019) (a hybrid class was certified by Judge Clark Waddoups in a case where a collection letter sent to thousands of consumers was missing the 15 U.S.C. § 1692g notices); *Bracamonte*

*v. Eskanos & Adler*, No. C 03-01821 SI, 2004 U.S. Dist. LEXIS 8520, *15 (N.D. Cal. May 7, 2004) ("[T]he [23(b)(2) and 23(b)(3)] class action will protect the rights of individual class members who are unable or unwilling to protect themselves."); *Simon v. World Omni Leasing*, 146 F.R.D. 197, 202-03 (S.D. Ala. 1992) (declaratory judgment, injunctive relief. as well as actual and statutory damages are sought for the class members). Thus, the combination of Rule 23(b)(2) for declaratory relief and Rule 23(b)(3) for monetary damages is appropriate.

In this action, declaratory relief, as well as statutory damages, are sought for the class members. Thus, the combination of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages is appropriate. In *Morrison*, the Court found that the violating letter was the same that had been sent to all class members, and therefore common questions predominated and the most efficient and fair resolution to the class members would be through a hybrid class. See *Morrison*, Dkt. 47 (D. Ut 2019).

In *Bracamonte*, 2004 U.S. Dist. LEXIS 8520, at *15, the Court found that the standardized document was the focal point of the analysis; therefore, common questions predominate, and a class action would most efficiently and consistently resolve the claim concerning a standardized collection letter. *See also Littledove*, 2001 U.S. Dist. LEXIS 139, at *13-*17; *Ballard*, 186 F.R.D. at 596 and 600. This action may be maintained as a hybrid class action combining the elements of Rule 23(b)(2) and (3) since the standardized document, the collection letter, is the focal point of analysis. *Irwin*, 96 F. Supp.2d 968. Thus, the instant case should be certified as a hybrid class.

V. **CONCLUSION**

The proposed class, which consists of 188 individuals receiving the same allegedly defective letters, meets the requirements of Rule 23(a) as well as Rule

23(b)(3) and (b)(2). Plaintiff respectfully requests that the Court certify this action as a hybrid class action, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys, David J. McGlothlin and Ryan L. McBride as class counsel.

Date: July 16, 2020 **KAZEROUNI LAW GROUP, APC**

By: /s/ Ryan L. McBride
 Ryan L. McBride, Esq.
 *Attorneys for Plaintiffs*