David J. McGlothlin #17389
david@kazlg.com
Ryan L. McBride, Esq. #16218
ryan@kazlg.com
Kazerouni Law Group
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 900-1288
Facsimile: (800) 520-5523

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODGRIGUEZ, INDIVIDUALLY AND ON BEHALF OF OTHERS** similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC,**<br><br>Defendant. | <u>PROPOSED CLASS ACTION</u><br><br>**Declaration of Attorney David McGlothlin in Support of Plaintiff's Motion for Class Certification**<br><br>**Case No.:** 2:20-cv-00120-JNP<br><br>**Judge:** Hon. Jill N. Parrish |

I, David McGlothlin, declare:

1. I, David J. McGlothlin, hereby declare under penalty of perjury, and pursuant to the laws of the State of Utah and the United States of America, that the foregoing is true and correct. If called as a witness, I would competently testify to the matters herein from my own personal knowledge.

2. I am a partner of the law firm of Kazerouni Law Group and co-counsel of record for Plaintiff Francisco Rodriguez ("Plaintiff") in the above-captioned action against Defendant Cascade Collections, LLC ("Defendant"). I am a

member in good standing of the bars in Utah, California, Arizona and Oregon. I am also admitted in every federal district in California and have handled federal litigation in Arizona, Colorado, Oregon, Nevada and Utah.

3. I submit this declaration in support of Plaintiff's Motion for Class Certification against Defendant. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

4. There is no intra-class conflict between the class representative, Plaintiff Francisco Rodriguez, and the other class members. Plaintiff understands the case and why it was brought on his behalf. Further, Plaintiffs' attorneys are knowledgeable and experienced in class action litigation and in litigation of FDCPA claims and are free from conflicts with the class.

### CLASS COUNSELS' EXPERIENCE

5. Kazerouni Law Group, APC seeks to be confirmed as class counsel for purposes of this action.

6. I was recently appointed class counsel in the District of Utah for a Fair Debt Collection Practices Act case that was finally approved by Judge Clark Waddoups on June 5, 2020. See *Morrison v. Express Recovery Services, Inc. d/b/a Clear Management Solutions*, D. UT., 1:17-cv-00051-CW-DAO (class approval for $20,000).

7. I have been appointed class counsel in several class actions brought pursuant to consumer protection statutes, including the Fair Debt Collection Practices Act, California Penal Code § 630, et seq.; and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). My practice involves significant class action litigation and I am or have been counsel in significant national class actions including, but not limited to, class actions against Bank of America, HSBC and Convergent and I.C. Systems to mention a few.

8. I am a partner of Kazerouni Law Group. My firm has been appointed lead counsel in numerous federal class actions, resulting in millions of dollars of settlements for our clients.

9. Kazerouni Law Group has extensive experience in consumer related issues. A brief summary of a non-inclusive list of notable decisions are as follows:

   a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

   b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

   c. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014).

   d. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

   e. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment

to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

f. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

g. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

h. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

i. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

j. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. §

1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

k. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

l. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

m. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

n. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

o. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

p. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

q. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

r. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

s. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

t. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000).

**Additional Relevant Training,
Speaking/Teaching Engagements and Associations**

10. I have been requested to and have made regular appearances on KFNN 1510 Financial News Radio regarding consumer rights and debt collection laws.

11. I have appeared on KPHO's Channel 5 10:00 p.m. news program to discuss abusive debt collectors and consumer's rights.

12. I have appeared on 3TV's news program to discuss abusive debt collectors and the credit industry.

13. I have appeared on the local NBC affiliate's 12 News to discuss consumer issues including the recent fraud by Wells Fargo Bank.

14. I have given a presentation regarding consumer rights and the military to the Judge Advocates Office at the Marine Corp Air Station Base in Yuma, Arizona.

15. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:
    a. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Tucson, AZ - 2007;
    b. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;
    c. Three-day National Consumer Law Center Conference; Portland, OR - 2008;
    d. Three-day National Consumer Law Center Conference; San Diego, CA - 2009.
    e. Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in Seattle, WA in March 2011;
    f. Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in New Orleans, LA in March 2012;
    g. Four-day National Consumer Law Center Conference; Seattle, WA – October, 2012;
    h. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Baltimore, MD - March 2013;
    i. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in San Antonio, Tx - March 2014.
    j. Consumer Attorneys Association of Los Angeles, Annual Convention; Las Vegas, NV – September 2014;

k. Four-day National Consumer Law Center Conference; Tampa, FL – November, 2014;

l. Three-day National Consumer Law Center: Fair Credit Reporting Act Training Conference, in Las Vegas, NV - May 2015;

m. Consumer Attorneys Association of Los Angeles, Annual Convention; Las Vegas, NV – September 2015;

n. Four-day National Consumer Law Center Conference; San Antonio, TX – November, 2015;

o. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Miami, FL - March 2016;

p. Four-day National Consumer Law Center Conference; Anaheim, CA – October 2016.

q. Three-day Mass Torts Made Perfect Conference; Las Vegas, Nevada – April 2019.

r. Three-day Fair Credit Reporting Act Conference; Long Beach, CA – May 2019.

16. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Kazerouni Law Group in successfully prosecuting complex class actions.

17. Therefore, my experience in litigating class actions and my years in practice are sufficient to justify my firm's appointment as class counsel in this case.

## Facts Supporting Class Certification

18. Defendant produced 188 letters to Plaintiff, which contained redactions of names and contact information in response to written discovery requests by Plaintiff, set one.

19. Each of the putative class members in this action was sent a collection letter with substantially similar language and all including the same language, which Plaintiff claims violates the FDCPA.

20. Plaintiff reviewed the Complaint in this case before it was filed, assisted Plaintiff's counsel with responding to discovery requests, sat for his own deposition, and helped prepare a declaration in support of this motion. Plaintiff has spent hours fulfilling his class representative duties for this case.

## Exhibits

21. Attached as Exhibit "1" is a true and correct copy of the initial letter dated April 26, 2019 sent by Defendant to Plaintiff, as produced in discovery by Defendant, bates stamped as Rodriguez_001.

22. Attached as Exhibit "2" is a true and correct copy of Defendant's Responses to Plaintiff's Discovery Requests to Defendant.

23. Attached as Exhibit "3" is a true and correct copy of the deposition transcript of Defendant's 30(b)(6) representative, Tucker Morris.

I declare under penalty of perjury in the State of Utah that the foregoing is true and correct. Executed on July 16, 2020 in Utah.

/s/David J. McGlothlin
David McGlothlin, Esq.