

EXHIBIT 2

Chad C. Rasmussen (13847)
2230 N. Univ. Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Defendant*

<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION
**351 South West Temple, Salt Lake City, UT 84101 - (801) 524-6100**

</div>

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>CASCADE COLLECTIONS LLC,<br><br><div align="center">Defendant.</div> | **DEFENDANT'S RESPONSES TO PLAINTIFF FRANCISCO RODRIGUEZ'S INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CASCADE COLLECTIONS, LLC**<br><br>Case No. 2:20-CV-00120-JNP<br><br>Judge: JILL N. PARRISH |

Defendant, by and through counsel Chad C. Rasmussen of Alpina Legal, and pursuant to Rules 26, 33, 34, and 36 Fed. R. Civ. P., responds to Plaintiff Francisco Rodriguez's Interrogatories, Requests for Admissions, and Request for Production of Documents to Defendant Cascade Collections LLC, served April 9, 2020, as follows:

<div align="center">

**I. GENERAL RESPONSE AND OBJECTIONS**

</div>

Defendant objects to the discovery requests, including any instructions, to the extent they impose any obligations upon Defendant beyond those provided for in or allowed by the Fed. R. Civ. P. Defendant objects to each and every discovery request to the extent they seek information protected by the attorney-client privilege, the work product doctrine, protected trial preparation

materials, or any other valid privilege, and Defendant reserves the right to withhold any such privileged information. Defendant objects to the discovery requests insofar as they seek information that is confidential and proprietary and subject to protection under the Federal Rules of Civil Procedure. Defendant objects to the discovery requests to the extent that they seek irrelevant information, are beyond the scope of Rule 26 Fed. R. Civ. P., are unduly burdensome, are not calculated to lead to the discovery of admissible evidence, or are not proportional to the needs of this case.

Defendant also states that discovery is ongoing in this case and has not been completed and Defendant has not concluded its investigation of facts relating to this case or completed all discovery or preparation for trial; as such, the Responses made herein might not be complete because there might exist information responsive to the Requests of which Defendant does not yet have knowledge or has not yet located, identified, or reviewed. All of the Responses herein are, therefore, based only on such information and documents that are presently known or available to Defendant. Defendant reserves the right to produce evidence of any subsequently discovered fact or facts, or alter or amend its objections and Responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. As such, Defendant will seasonably supplement any Responses when such supplementation is warranted.

## II. DEFENDANT'S RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant to answer any Interrogatory, state the

following:

a. First, last, and middle legal name;

b. All DBA, fake, or alias name(s) used by this person;

c. Job title or capacity;

d. Business address and telephone number;

e. Home address and telephone number; and

f. Age

<u>Response:</u>

a) Tucker James Morris

b) None

c) Office Manager, Cascade Collections

d) 2230 N University Ave Ste. 7E Provo, UT 84604; (801) 900-3328

e) 223 W 2230 N Apt. 13 Provo, UT 84604; (385) 227-5514

f) 23

## **INTERROGATORY NO. 2:**

Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

<u>Response:</u> "Account Notes"; "Signed Contract (Collection Fees) and Account Documents – Rodriguez, Francisco"; "2019-4-23 – Astor Bros Cars Now Write Off"; "Account Import Procedure – Cascade"; "Signed Contract 2018-08-01 - Collection Agreement and Assignment of Accounts - Astor Brothers & Co."; "2019-4-24 - FDCPA Dunning (Pre-Lit) – Multiple";

"FDCPA Dunning (Pre-Lit) - Single (9)"; "FDCPA Dunning (Pre-Lit) - Multiple (2)"; "FDCPA Dunning (Pre-Lit) - Multiple (4)"; "FDCPA Dunning (Pre-Lit) - Shepard, Melanie"; "2020-2-6 - FDCPA Dunning (Pre-Lit) - Single (22)"; "2019-5-10 -FDCPA Dunning (Pre-Lit) – Single"; "2019-6-14 - FDCPA Dunning (Pre-Lit) – Multiple"; "2019-6-14 - FDCPA Dunning (Pre-Lit) – Single"; "2019-8-7 - FDCPA Dunning (Pre-Lit) - Single (9)"; "2020-1-21 - FDCPA DUnning (Pre-Lit)"; "2019-12-17 - FDCPA Dunning (Pre-Lit) - Single (18)"; "2019-11-15 - FDCPA Dunning (Pre-Lit) – Single"; "2019-6-19 - FDCPA Dunning (Pre-Lit) - D & W Maintanance"; "2019-6-10 - FDCPA Dunning (Pre-Lit) – Multiple"; 2019-6-10 - FDCPA Dunning (Pre-Lit) - Single (1)"; "2019-6-10 - FDCPA Dunning (Pre-Lit) - Single (10)"; "2019-6-12 - FDCPA Dunning (Pre-Lit) – Single"; "2019-9-5 - FDCPA Dunning (Pre-Lit) - Single (11)"; "2019-3-4 - FDCPA Dunning Pre Lit - Henderson, Joshua"; "2020-2-14 - FDCPA Dunning (Pre-Lit) - Single (23)"; "2020-1-21 - FDCPA Dunning (Pre-Lit) - Single (21); "2019-11-7  - FDCPA Dunning (Pre-Lit) – Single"; "2019-10-31 - FDCPA Dunning (Pre-Lit) – Single"; "2019-10-30 - FDCPA Dunning (Pre-Lit) – Single"; "2019-10-22 - FDCPA Dunning (Pre-Lit) – Single"; "2019-7-26 - FDCPA Dunning (Pre-Lit) - Single (ROUSE)"; "2019-7-25 - FDCPA Dunning (Pre-Lit) - Single (8)"; Diana's account import procedure; Returned dunning letters; Prior versions of dunning letters; .

**<u>INTERROGATORY NO. 3:</u>**

3. Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

a. First, last, and middle legal name;

b. All DBAs, fake, or alias name(s) used by this person;

c. Job title or capacity;

d. Business address and telephone number;

e. Home address and telephone number; and

f. Age.

Response: Defendant objects to this Interrogatory as it is vague and ambiguous; Construing the Interrogatory, Defendant construes "Job title or capacity" to mean current job title or capacity. Without waiving the foregoing objection, Defendant states:

1) Tucker Morris

    a) Tucker James Morris

    b) None

    c) Office Manager, Cascade Collections

    d) 2230 N University Ave Ste 7E Provo, UT 84604; (801) 900-3328

    e) 223 W 2230 N Apt. 13 Provo, UT 84604; (385) 227-5514

    f) 23

2) Diana Tartaglia

    a) Diana Tartaglia

    b) Unknown

    c) Unknown

    d) Unknown

    e) 376 Bridle Trail Lane, Madison , VA 22727

    f) Unknown

**INTERROGATORY NO. 4:**

4. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, purchased, or otherwise assigned to the Defendant for collection, identifying all documents relevant to, related to, or reflecting such referral, placement, purchase, or assignment.

Response: 8/1/2018 – Original creditor returns signed collections agreement authorizing Defendant to collect on accounts on their behalf ("Signed Contract 2018-08-01 - Collection Agreement and Assignment of Accounts - Astor Brothers & Co.").

2019-4-23 – On or around this date original creditor sends accounts to Defendant via spreadsheet ("2019-4-23 – Astor Bros Cars Now Write Off ), which spreadsheet includes Plaintiff's account information.

**INTERROGATORY NO. 5:**

5. Identify and describe any and all documents related to the purchase of any debt or alleged debt of Plaintiffs.

Response: None.

**INTERROGATORY NO. 6:**

6. State the number of persons to which letters or other written communications were sent by YOU, which were the same as or similar to the letter, attached hereto as Exhibit A, that was sent to Plaintiff in order to recover a consumer debt, sent between February 21, 2019 to the present.

Response: Defendant objects to this Interrogatory because it seeks irrelevant information and it assumes facts not established or that are contested. Subject to and without waiving this objection,

Defendant states that it is unknown how many consumer debts are involved, but it did send the same or similar letter to 262 persons.

**INTERROGATORY NO. 7:**

> 7. State the number of persons with Utah addresses to which letters or other written communications were sent by YOU, which were the same as or similar to the letter, attached hereto as Exhibit A, that was sent to Plaintiff in order to recover a consumer debt, sent between February 21, 2019 to the present.

Response: Defendant objects to this Interrogatory because it seeks irrelevant information and it assumes facts not established or that are contested. Subject to and without waiving this objection, Defendant states that it is unknown how many consumer debts are involved, but it did send the same or similar letter to 252 persons with addresses in Utah.

**INTERROGATORY NO. 8:**

> 8. State the number of persons to which letters or other written communications were sent by YOU in order to recover a consumer debt which included the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly."

Response: Defendant objects to this Interrogatory because it seeks irrelevant information, is unduly burdensome, is not limited it time, and assumes facts not established or that are contested. Subject to and without waiving this objection, Defendant states that it is unknown how many consumer debts are involved, but it did send a letter with this language to 262 persons.

**INTERROGATORY NO. 9:**

9. State the number of persons with Utah addresses to which letters or other written communications were sent by YOU in order to recover a consumer debt which included the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly."

Response: Defendant objects to this Interrogatory because it seeks irrelevant information, is unduly burdensome, is not limited it time, and assumes facts not established or that are contested. Subject to and without waiving this objection, Defendant states that it is unknown how many consumer debts are involved, but it did send a letter with this language to 252 persons with addresses in Utah.

**INTERROGATORY NO. 10:**

10. Identify all persons or entities that are or were involved in the process of preparing, sending and mailing out letters the same or similar to "Exhibit A" or other written communications described in Interrogatories 6-9 on YOUR behalf.

Response: Defendant objects to this Interrogatory because it is vague and ambiguous as to the meaning of "the process of preparing, sending and mailing out letters the same or similar to Exhibit A or other written communications" and is unlimited it scope and time. Construing the Interrogatory, Defendant construes "the process of preparing, sending and mailing out letters the same or similar to Exhibit A or other written communications" to mean the creation of the letters

that were sent/mailed that are similar to Exhibit "A." Subject to and without waiving this objection, Defendant states Tucker J. Morris and Diana Tartaglia.

**INTERROGATORY NO. 11:**

11. State in detail the process YOU used in sending out letters or other written communications to consumers that are the same as or similar to the letter, attached hereto as Exhibit A.

Response: Defendant objects to this Interrogatory because it is vague and ambiguous as to the meaning of "process" and "other written communications." Construing the Interrogatory, Defendant construes "process" and "other written communications" to mean what steps were taken to create and send/mail the letters that are similar to Exhibit "A." Subject to and without waiving this objection Defendant states: To begin the process, Defendant receives the spreadsheet referenced in Defendant's response to Interrogatory No. 5 in which a creditor has entered information on accounts the creditor wished to assign Defendant for collection, as well as any provided documentation relevant to said accounts. Accounts are then imported into its collection software and shortly thereafter a letter is generated for each account and sent. This same process is followed for all account debtors.

**INTERROGATORY NO. 12:**

12. Did anything about the consumer debt YOU were trying to collect from Plaintiff cause YOU to treat the collection of his debt differently than the debts of other consumers?

Response: Defendant objects to this Interrogatory because it seeks irrelevant information and assumes facts not established or that are contested. Subject to and without waiving this objection,

Defendant states it is unknown if it was a consumer debt, but it treated Plaintiff's debt differently only insofar as the amount owing, contact information, etc. of the account debtor differed from that of others.

**INTERROGATORY NO. 13:**

13. If there was anything about the consumer debt YOU were trying to collect from Plaintiff that caused YOU to treat the collection of his debt differently than the debts of other persons with Utah addresses, state what caused you to treat it differently.

Response: Defendant objects to this Interrogatory because it seeks irrelevant information and assumes facts not established or that are contested. Subject to and without waiving this objection, Defendant states, as stated above, differences in amount owing, contact information of the account debtor from that of other account debtors necessitated sending correspondence to a different person at a different address on behalf of a different creditor for a different debt and for different amounts, etc.

**INTERROGATORY NO. 14:**

14. Was the written communication, attached as Exhibit A, that was sent to Plaintiff the same as or similar to the written communications sent to other Utah consumers?

Response: Defendant objects to this Interrogatory because it assumes facts not established or that are contested. Subject to and without waiving this objection, Defendant states that the letters it sent during the relevant time were similar to the letter sent to Plaintiff.

**INTERROGATORY NO. 15:**

15. Identify in detail the complete factual basis for your claim of bona fide error including a description of each:

a. alleged error;

b. person who made the error;

c. person who supervised the person making the error;

d. policies and procedures in place that are reasonably designed to prevent such errors;

e. the number and circumstances of other similar errors in the two years previous to this alleged error;

f. the date you discovered the error(s); and

g. the results of any investigations you made into each alleged error.

<u>Response:</u> Defendant objects to this Interrogatory because it is vague and ambiguous as to what "results of any investigations" means, overly burdensome, compound, and assumes facts not established or that are contested. Construing the Interrogatory, Defendant construes "results of any investigations" to mean what actions Defendant took in response. Subject to and without waiving this objection, Defendant states that, if a violation of the FDCPA occurred, then:

    a. Firstly, Defendant has and had no intention of violating any provision of the FDCPA, including in how the account debtors, whether consumer or not, may communicate with Defendant regarding a debt, which is why Defendant provided both written and oral ways to communicate with it. If a violation of the FDCPA occurred, Defendant, through its then office manager Diana Tartaglia, erred in generating and sending a letter based upon a template that contained language that allegedly violated the FDCPA, which Defendant disputes, wherein the semantics of the sentence informing account debtors how they may contact Defendant to

dispute their debt is implicated. Defendant did not specify every single possible way that an account debtor could possibly try communicate with it, for example, via smoke signals or sign language, but Defendant has accepted and honored all forms of communications by account debtors, whether in writing and emails, via facsimile, through a website contact, or orally, that constituted a dispute and that were effectively received by Defendant.

b.  Defendant again disputes that a violation of the FDCPA occurred but states Diana Tartaglia made the error.

c.  Defendant again disputes that a violation of the FDCPA occurred, but states that Diana Tartaglia was acting as the office manager.

d.  Defendant again disputes that a violation of the FDCPA occurred. Defendant uses the services of the attorney Chad C. Rasmussen to assist in providing templates for letters and other forms that require particular language or must comply with any particular law. Mr. Rasmussen keeps abreast of changes to legal code or procedure, especially those pertaining to debt collection, and will revise or update the aforementioned forms when prudent or advisable so as to not violate any law and to otherwise be in compliance with applicable law, and he has done so in the past. Furthermore, Defendant reviews changes made to documents by Mr. Rasmussen and only uses them when it is believed that they are legally compliant.

e.  Defendant again disputes that a violation of the FDCPA occurred, but states that one other occasion exists wherein it was alleged that the language in a letter Defendants used violated the FDCPA. At that time Defendant's counsel

investigated the claim, reviewed the all the language used in Defendant's form of the letter, and made revisions in the abundance of caution so as to avoid making possible errors in violation of the FDCPA.

f. Defendant again disputes that a violation of the FDCPA occurred, but when this lawsuit was initiated it discovered the alleged error. The prior alleged error was discovered in or around July, 2018.

g. Defendant again disputes that a violation of the FDCPA occurred. Defendant's investigation of the alleged error resulted in taking the position that the violation alleged by Plaintiff is based in the semantics of one sentence, and not in any actual violation of the rights of Plaintiff or of the FDCPA. In the abundance of caution Defendant has, pursuant to its procedure, modified the language used in the template used for its letters that are similar to the letter that is the subject of this lawsuit.

**INTERROGATORY NO. 16:**

16. Identify your current net worth as defined under general accounting principles and the method used to calculate this number.

Response: Defendant objects to this Interrogatory as it is vague and ambiguous as to what "general accounting principles" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

**INTERROGATORY NO. 17:**

17. Identify all documents and or individuals relied on, related to, or consulted with to determine your current net worth as defined under general accounting principles.

Response: Defendant objects to this Interrogatory as it is vague and ambiguous as to what "general accounting principles" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case. Defendant states that, at this point, there are no documents.

### III. DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

1. Admit that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

Response: Defendant is without sufficient information and knowledge to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 2:**

2. Admit that Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

Response: For purposes of this lawsuit, Defendant is without sufficient information and knowledge to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 3:**

3. Admit that the debt Defendant was attempting to collect from Plaintiff referenced in

Exhibit A is a "consumer debt" as that term is defined by 15 U.S.C. §1692a(5).

Response: Defendant is without sufficient information and knowledge to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 4:**

4. Admit that all letters sent by Defendant to Plaintiff are "communication(s)" as that term is defined by 15 U.S.C. §1692a(2).

Response: Defendant is without sufficient information and knowledge to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 5:**

5. Admit that on or about April 26, 2019, YOU sent a letter addressed to Plaintiff that is the letter attached hereto as Exhibit A.

Response: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 6:**

6. Admit that between February 21, 2019 and February 21, 2020, the number of persons to whom you mailed any letter that was the same as or similar to Exhibit A attached hereto, on behalf of Astor Brothers & Co., exceeds 40 persons.

Response: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 7:**

7. Admit that between February 21, 2019 and February 21, 2020, the number of persons to whom you mailed any letter that was the same as or similar to Exhibit A attached hereto, on behalf of any individual or business, exceeds 40 persons.

Response: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 8:**

8. Admit that between February 21, 2019 and February 21, 2020, the number of persons with Utah addresses to whom you mailed any letter that was the same as or similar to Exhibit A attached hereto on behalf of Astor Brothers & Co., exceeds 40 persons.

Response: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 9:**

9. Admit that between February 21, 2019 and February 21, 2020, the number of persons with Utah addresses to whom you mailed any letter that was the same as or similar to Exhibit A attached hereto exceeds 40 persons.

Response: Defendant admits this Request.

## IV. DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

1. Any and all documents identified in Response to all sets of Plaintiff's Interrogatories, Request for Production, and Requests for Statements.

Response: Defendant objects to this Request because it is unknown what "Requests for Statements" are and therefore it is vague and ambiguous. Defendant is not construing Requests for Statements to mean anything. Defendant also objects to the extent this Request prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant is producing documents herewith that are responsive to this Request and that bear Bates stamps CASCADE00001-CASCADE00592; Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 2:**

2. All DOCUMENTS identified in Defendant's initial disclosures.

Response: Defendant objects to the extent this Request prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant is producing documents herewith that are responsive to this Request and that bear Bates stamps CASCADE00001-CASCADE00592; Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 3:**

3. All DOCUMENTS related to Plaintiff including account and/or collection notes.

Response: Defendant objects to this Request as it is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, and seeks irrelevant information. Subject to and without waiving this objection, Defendant is producing documents herewith that are related to the debt in question and are responsive to this Request and that bear Bates stamps CASCADE00001-CASCADE00592.

**REQUEST FOR PRODUCTION NO. 4:**

4. All DOCUMENTS and/or letters mailed to Plaintiff.

Response: Defendant objects to this Request as it is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, and seeks irrelevant information or information that is already in the possession of Plaintiff. Subject to and without waiving this objection, Defendant is producing documents herewith that are related to the debt in question and are responsive to this Request and that bear Bates stamps CASCADE00001-CASCADE00592.

**REQUEST FOR PRODUCTION NO. 5:**

5. All DOCUMENTS relating to any written communications that were sent by YOU to consumers to recover a consumer debt that was the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as it is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, seeks irrelevant information, and assumes facts not established or that are contested. Defendant also objects to the extent this Request prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant is producing documents herewith that are responsive to this Request and that bear Bates stamps CASCADE00001-CASCADE00592; Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 6:**

6. All DOCUMENTS relating to YOUR procedures, policies and/or processes whereby YOU mailed any written communications to consumers to recover a consumer debt that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as it is vague and ambiguous as to what the actual Request, is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, seeks irrelevant information, and assumes facts not established or that are contested. Construing this Request, Defendant construes the Request as to mean "All DOCUMENTS relating to YOUR procedures, policies and/or processes that address any written communications you mailed to consumers to recover a consumer debt that were the same as or similar to Exhibit

A attached hereto." Subject to and without waiving this objection, Defendant is producing

documents herewith that are responsive to this Request and that bear Bates stamps

CASCADE00001-CASCADE00592.

## REQUEST FOR PRODUCTION NO. 7:

7. All DOCUMENTS relating to the number of persons to which written communications that were sent by YOU to recover a consumer debt on behalf of Astor Brothers & Co. that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as it is vague and ambiguous as to what "relating to

the number of persons" means, is unduly burdensome, is not limited in scope or time, is not

proportional to the needs of this case, seeks irrelevant information, and assumes facts not

established or that are contested. Construing this Request, Defendant construes "relating to the

number of persons" to mean sufficient to ascertain the number of persons. Defendant also objects

to the extent this Request prematurely seeks information and documents pertaining to liability

and damages prior to class certification, and it seeks information that is confidential and private

of Defendant. Subject to and without waiving this objection, Defendant is producing documents

herewith that are within the one year preceding this lawsuit and that are responsive to this

construed Request and that bear Bates stamps CASCADE00001-CASCADE00592; Defendant

will supplement this Response upon certification of a class in this case.

## REQUEST FOR PRODUCTION NO. 8:

8. All DOCUMENTS relating to the number of persons to which written communications that were sent by YOU to recover a consumer debt on behalf of any person or business that were the same as or similar to Exhibit A attached hereto.

**Response:** Defendant objects to this Request as it is vague and ambiguous as to what "relating to the number of persons" means, is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, seeks irrelevant information, and assumes facts not established or that are contested. Construing this Request, Defendant construes "relating to the number of persons" to mean sufficient to ascertain the number of persons. Defendant also objects to the extent this Request prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant is producing documents herewith that are within the one year preceding this lawsuit and that are responsive to this construed Request and that bear Bates stamps CASCADE00001-CASCADE00592; Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 9:**

> 9. All DOCUMENTS which show the name and last known address of each person within Utah to which written communications were sent by YOU on behalf of Astor Brothers & Co. to recover a consumer debt that were the same as or similar to Exhibit A attached hereto.

**Response:** Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 10:**

10. All DOCUMENTS which show the name and last known address of each persons within Utah to which written communications were sent by YOU to recover a consumer debt on behalf of any person or business that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 11:**

11. All DOCUMENTS which show the name and last known address of each persons to which written communications were sent by YOU on behalf of Astor Brothers & Co. to recover a consumer debt that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 12:**

12. All DOCUMENTS which show the name and last known address of each persons to which written communications were sent by YOU to recover a consumer debt on behalf of any person or business that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 13:**

13. All DOCUMENTS which show the name and last known address of each person to which written communications were sent by YOU to recover a consumer debt on behalf of Astor Brothers & Co. that included the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900- 3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly."

Response: Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response

upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 14:**

14. All DOCUMENTS which show the name and last known address of each persons within Utah to which written communications were sent by YOU to recover a consumer debt on behalf of any person or business that included the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly."

Response: Defendant objects to this Request as is unduly burdensome and not proportional to the needs of this case, is irrelevant, assumes facts not established or that are contested, and prematurely seeks information and documents to which Plaintiff is not entitled prior to class certification, and it seeks information that is confidential and private of Defendant or of third-parties or that Federal law prevents such disclosure. Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 15:**

15. All DOCUMENTS relating to all entities that are involved in the process of preparing, sending and mailing out such written communications on YOUR behalf to consumers that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as it is unduly burdensome, seeks irrelevant information, is not limited by time or scope. Subject to and without waiving this objection, Defendant does not use third parties to send written communications on its behalf. Defendant

will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 16:**

16. All DOCUMENTS relating to the details about the workings of YOUR process of sending out written communications that were the same as or similar to Exhibit A attached hereto.

Response: Defendant objects to this Request as it is vague and ambiguous and not capable of a response, is unduly burdensome, seeks irrelevant information, and is not limited by time or scope. Construing this Request, Defendant construes this Request to request the same things as Request for Production No. 6 and, therefore, incorporates by reference its Response to that Request.

**REQUEST FOR PRODUCTION NO. 17:**

17. All DOCUMENTS relating to anything about the consumer debt YOU were trying to collect from Plaintiff that caused YOU to treat the collection of his debt differently than the debts of other persons, if YOU did so treat it differently.

Response: Defendant objects to this Request as it is vague and ambiguous and not capable of a response, is unduly burdensome, seeks irrelevant information, is not limited by time or scope, and assumes facts not established or that are contested. Defendant is unable to determine what DOCUMENTS are requested by this Request.

**REQUEST FOR PRODUCTION NO. 18:**

18. Any and all insurance polices [sic] which provide or may provide coverage to YOU for Plaintiff's claims.

Response: None.

**REQUEST FOR PRODUCTION NO. 19:**

19. All DOCUMENTS relating to the number of persons whom you mailed any letter that included the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly."

Response: Defendant objects to this Request as it is vague and ambiguous as to what "relating to the number of persons" means, is unduly burdensome, is not limited in scope or time, is not proportional to the needs of this case, seeks irrelevant information, and assumes facts not established or that are contested. Construing this Request, Defendant construes "relating to the number of persons" to mean sufficient to ascertain the number of persons. Subject to and without waiving this objection, Defendant is producing documents herewith that are within the one year preceding this lawsuit and that are responsive to this construed Request and that bear Bates stamps CASCADE00001-CASCADE00592.

**REQUEST FOR PRODUCTION NO. 20:**

20. All DOCUMENTS between Defendant and Astor Brothers & Co. related to the servicing or collection of Plaintiff's account.

Response: Defendant objects to this Request as it is vague and ambiguous as to what "DOCUMENTS between Defendant and Astor Brothers & Co." means. Defendant further objects as this Request seeks irrelevant information and information that is confidential and sensitive. Construing this Request, Defendant construes "DOCUMENTS between Defendant and

Astor Brothers & Co." to mean documents sent between Defendant and Astor Brothers & Co. Subject to and without waiving this objection, Defendant is producing documents herewith that are responsive to this construed Request and that bear Bates stamps CASCADE00001-CASCADE00592.

**REQUEST FOR PRODUCTION NO. 21:**

21. All DOCUMENTS related to your affirmative defense of Bona Fide Error.

<u>Response:</u> Defendant is producing documents herewith that are responsive to this construed Request and that bear Bates stamps CASCADE00001-CASCADE00592.

**REQUEST FOR PRODUCTION NO. 22:**

22. All DOCUMENTS relied on or related to determining your current net worth as defined under general accounting principles.

<u>Response:</u> Defendant objects to this Request as it is vague and ambiguous as to what "general accounting principles" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 23:**

23. All DOCUMENTS showing your current earnings, income, and assets.

<u>Response:</u> Defendant objects to this Request as it is vague and ambiguous as to what "current" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class

certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 24:**

24. All DOCUMENTS showing your current expenses and/or liabilities.

Response: Defendant objects to this Request as it is vague and ambiguous as to what "current" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 25:**

25. Your federal tax return filed for 2018.

Response: Defendant objects to this Request as it is vague and ambiguous as to what "tax return" means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

**REQUEST FOR PRODUCTION NO. 26:**

26. Your federal tax return filed for 2019.

Response: Defendant objects to this Request as it is vague and ambiguous as to what "tax return"

means, is unduly burdensome and not proportional to the needs of this case, is irrelevant, prematurely seeks information and documents pertaining to liability and damages prior to class certification, and it seeks information that is confidential and private of Defendant. Subject to and without waiving this objection, Defendant will supplement this Response upon certification of a class in this case.

DATED this 11th day of May, 2020.

As to responses only:

As to objections only:

_____

/s/ Chad C. Rasmussen

Tucker Morris
*Agent of Defendant*

Chad C. Rasmussen
*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2020, I sent a copy of these **DEFENDANT'S RESPONSES TO PLAINTIFF FRANCISCO RODRIGUEZ'S INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CASCADE COLLECTIONS, LLC** by email to the following:

Ryan L. McBride
KAZEROUNI LAW GROUP, APC
2633 E Indian School Road, Ste. 460
Phoenix, AZ 85016
(602) 900-1288
ryan@kazlg.com

Theron D. Morrison
MORRISON LAW GROUP
290 25th St., Ste 102
Ogden, UT 84401
(801) 392-9324
therondmorrison@gmail.com

/s/ Chad C. Rasmussen
Chad C. Rasmussen