Chad C. Rasmussen (13847)
2230 N. Univ. Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION
**351 South West Temple, Salt Lake City, UT 84101 - (801) 524-6100**

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE COLLECTIONS LLC,<br><br>Defendant. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Case No. 2:20-CV-00120-JNP-DBP<br><br>Judge: JILL N. PARRISH<br>Magistrate Judge: DUSTIN B. PEAD |

# TABLE OF CONTENTS

BACKGROUND AND INTRODUCTION ................................................................................. 3

RELEVANT FACTS ........................................................................................................ 4

ARGUMENT .................................................................................................................. 11

   A.  Standard for certifying a class ............................................................................. 11

   B.  The putative class is not ascertainable given the Plaintiff's definition ............................. 12

   C.  Plaintiff does not have standing to sue and multiple judgments have been obtained against putative class members, and, therefore Plaintiff fails to meet the typicality requirement ........ 14

   D.  Plaintiff's credibility and character preclude him from acting as representative of the putative class ........................................................................................................ 15

   E.  Plaintiff's counsel is inadequate for representing the putative class ................................ 17

   F.  Plaintiff may not seek certification of a class for obtaining equitable relief .................... 19

   G.  A class action is not a superior method of adjudication under Rule 23(b)(3) .................... 20

CONCLUSION ................................................................................................................ 21

Defendant, by and through counsel Chad C. Rasmussen of Alpina Legal, pursuant to Dist. Utah Local Rule 7-1 submits this memorandum in opposition to Plaintiff's Motion for Class Certification (Doc. 16) (hereinafter "Motion") and respectfully requests this Court to deny the Motion. This opposition is based on the following grounds:

## BACKGROUND AND INTRODUCTION

Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on the language in a letter (hereinafter "Letter") sent by Defendant and is seeking to certify a class of plaintiffs. Plaintiff seeks certification under "Rules [sic] 23(b)(2) and/or Rule 23(b)(3)." However, Plaintiff fails to carry his burden of proving that all of the requirements for class certification are met. Plaintiff's Complaint has pleaded a generic cause of action: Defendant's "acts and omissions constitute numerous and multiple violations of the FDCPA." Complaint, ¶ 49. Plaintiff's Complaint alleges violations based on the fact that the Letter "does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a)" because "[s]pecifically, the Defendant's notice limits the methods for Plaintiff to contact Defendant to a letter through the mail or a phone call. 15 U.S.C. 1692g(a)(3) allows for Plaintiff to notify Defendant through other reasonable means such as facsimile or even in-person. Defendant has limited Plaintiff's rights by making such statement." Complaint, ¶¶ 27, 28. After the parties have conducted discovery, including depositions, Plaintiff's Motion now references unpleaded claims and issues not raised in his Complaint, including (1) that the language in the Letter provided for contradictory time periods to dispute the debt and (2) that the Letter failed to accurately state the amount of the debt. Plaintiff is now trying to improperly include these unpleaded claims in this lawsuit, to which Defendant objects. This is improper and is a partial

basis for why this Court should deny the Motion, as argued below.

In sum, the Motion should be denied because Plaintiff fails to satisfy the requirements necessary for a class to be certified. Specifically, the putative class should not be certified because (1) the class is not ascertainable in light of the fact-intensive issue of whether each of the putative class members incurred a consumer debt; (2) Plaintiff fails to satisfy the typicality requirement based on his lack of standing to sue and the judgments already obtained against class members; (3) Plaintiff is not an adequate representative of the putative class; (4) Plaintiff's counsel is not adequate for representing the class; (5) Plaintiff is seeking certification for equitable relief, which is not appropriate or available under the FDCPA; and (6) a class is not a superior method of adjudication.

## RELEVANT FACTS

1. This lawsuit was initiated February 21, 2020 when Plaintiff filed his Complaint.

2. The putative class is defined as:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Astor Brothers & Co.; **to recover a consumer debt**; which were not returned undelivered by the United States Postal Service; from February 21, 2019 until February 21, 2020; in which the communication provided the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly…Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually…over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance." Motion, p. 2 (Bold emphasis added).

3. Defendant sent letters to the putative class members on behalf of Astor Bros. & Co. *See* Declaration of Tucker Morris (attached to the Appendix filed herewith as Exhibit "A"), ¶ 11.[1]

4. Astor Brothers & Co. ("Astor Bros.") is a corporation organized under the state of Delaware. *See* Appendix - Exhibit "A," ¶ 8.

5. Astor Bros. is a multi-asset, investment and advisory firm with offices in New York and Salt Lake City. *See* Appendix - Exhibit "A," ¶ 8.

6. Defendant uses the same letters whether collecting accounts for commercial debt or consumer debt. *See* Appendix - Exhibit "A," ¶ 9.

7. It is unknown whether the letters sent to the putative class members were for the purpose of recovering on accounts for consumer debt without investigating each account debtor. *See* Appendix - Exhibit "A," ¶ 12.

8. On or about March 2009 – February 2010, in Davis County, State of Utah, Plaintiff did attempt to exercise unauthorized control over the property of another with the purpose to deprive him of that property with value greater than $5,000.00. *See* Deposition of Plaintiff Francisco Rodriguez (attached to the Appendix filed herewith as Exhibit "B"), p. 42, L. 18– p. 43, L. 25; Statement of Defendant In Support of Guilty Plea and Certificate of Counsel (attached to the Appendix filed herewith as Exhibit "C"), p. 1; Plaintiff Francisco Rodriguez's amended Responses to Defendant Cascade Collections LLC's Discovery Requests, Set One (attached to the Appendix filed herewith as Exhibit "D"), Responses to

---

[1] Defendant is filing together with this Opposition a Motion to Strike Unpleaded Claims and Memorandum in Support and a Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum in Support. Per Rule 56-1(b)(5) an Appendix of Evidence is required and such Appendix includes all documents, declarations, and other evidence relied upon and referred to in this Opposition as well as in the Motion to Strike Unpleaded Claims and Memorandum in Support and in the Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum in Support. Defendant hopes this promotes efficiency and aids the Court in ruling on the pending motions.

Requests for Admission Nos. 3 and 4.

9. Between the dates of March 2009 – February 2010 Plaintiff used a business account for personal purchases which were unauthorized by a company and which resulted in a loss of money greater than $5,000.00. *See* C," p. 2; Appendix - Exhibit "B," p. 44, L. 19–p. 45, L. 19.

10. Plaintiff's unauthorized use of the business account for personal purchases was dishonest. *See* Appendix - Exhibit "C," p. 46, LL. 5–22.

11. Based on this dishonest conduct, on October 21, 2010 Plaintiff was convicted of the third degree felony of attempted theft. *See* Appendix - Exhibit "C"; Appendix - Exhibit "D," Responses to Requests for Admission Nos. 3, 4 and 5.

12. On January 13, 2011, Plaintiff was sentenced to serve an indeterminate term in prison of 0-5 years, which was suspended, sentenced to serve 180 days of home confinement, sentenced to complete 50 hours of community service, and ordered to pay restitution of $15,958.08 plus interest. *See* Sentence (attached to the Appendix filed herewith as Exhibit "E"); Appendix - Exhibit "B," p. 47, L. 2–p. 48, L. 18.

13. Plaintiff was also put on probation for 6 years including the restriction to "not be employed in a fiduciary position." *See* Appendix - Exhibit "E," p. 2; Appendix - Exhibit "B," p. 47, L. 2–p. 48, L. 18.

14. Plaintiff has filed ten bankruptcy petitions within the last ten years and has "developed a history of filing Chapter 13 cases and failing to make plan payments." *See* Trustee's Motion to Dismiss with Prejudice Under 11 U.S.C. § 105(a) as the Debtor Has Failed to Properly Prosecute Bankruptcy Case Under § 109(g) and Has Participated in a Scheme to Delay,

Hinder or Defraud Creditors Under 11 U.S.C. § 362(d)(4) (attached to the Appendix filed herewith as Exhibit "F"), pp. 1, 2; Appendix - Exhibit "B," p. 55, L. 9–p. 60, L. 25; Appendix - Exhibit "D," Responses to Requests for Admission Nos. 5, 6 and 7.

15. On January 17, 2019, Plaintiff's Chapter 13 bankruptcy case was dismissed with prejudice due to Plaintiff's "willful failure to abide by the Court's Order." *See* Order of Dismissal with Prejudice (attached to the Appendix filed herewith as Exhibit "G"), p. 2; Appendix - Exhibit "B," p. 62, L. 10–p. 64, L. 5; Appendix - Exhibit "D," Responses to Requests for Admission Nos. 5, 6 and 7.

16. Plaintiff was "barred from filing a petition for relief under any Chapter of the United States Bankruptcy Code (Title 11) until July 8, 2019." *See* Appendix - Exhibit "G," p. 2; Appendix - Exhibit "B," p. 62, L. 10–p. 64, L. 5; Appendix - Exhibit "D," Responses to Requests for Admission Nos. 5, 6 and 7.

17. On July 30, 2019, Plaintiff filed another bankruptcy petition under Chapter 13. *See* Appendix - Exhibit "F," p. 1; Appendix - Exhibit "B," p. 55, L. 9–p. 60, L. 25.

18. On September 19, 2019, the Chapter 13 trustee filed a motion to dismiss Plaintiff's then-pending bankruptcy case because he has "established a pattern of delaying and hindering creditors by filing sequential cases and failing to make plan payments." *See* Appendix - Exhibit "F," pp. 4, 5; Appendix - Exhibit "B," p. 55, L. 9–p. 60, L. 25.

19. On April 8, 2020, Plaintiff's Chapter 13 bankruptcy case was dismissed with prejudice and he was "prohibited from refiling for bankruptcy relief for 180 days from the date of dismissal." *See* Order of Dismissal with Prejudice Pursuant to Trustee's Motion to Dismiss Under 11 U.S.C. § 1307 (attached to the Appendix filed herewith as Exhibit "H"); Appendix

- Exhibit "B," p. 53, L. 6–p. 55, L. 8; Appendix - Exhibit "D," Responses to Requests for Admission Nos. 5, 6 and 7.

20. Plaintiff claims he "joined this lawsuit around November 2019." *See* Declaration of Francisco Rodriguez in Support of Plaintiff's Motion Class Certification (Doc. 16-1), ¶ 3.

21. Plaintiff does not know what it means to be a class representative, yet his declaration submitted in support of the Motion contradicts this. *See* Appendix - Exhibit "B," p. 32, LL. 23–25; Doc. 16-1, ¶¶ 4, 9.

22. Plaintiff does not know what the duties of a class representative are, yet his declaration submitted in support of the Motion contradicts this. *See* Appendix - Exhibit "B," p. 33, L. 18–p. 34, L. 4; Doc. 16-1, ¶¶ 4, 9.

23. Plaintiff does not know what the requirements of class certification are. *See* Appendix - Exhibit "B," p. 35, LL. 15–17.

24. Plaintiff's understanding of what this case is about is that a letter was sent to several people. *See* Appendix - Exhibit "B," p. 34, L. 11–p. 35, L. 14.

25. Plaintiff's understanding of why he is bringing this case is to stop Defendant from sending letters to his house. *See* Appendix - Exhibit "B," p. 35, L. 21–p. 36, L. 12.

26. Plaintiff does not know if he would drop the case if he got Defendant to stop sending letters to his house. *See* Appendix - Exhibit "B," p. 35, L. 21–p. 37, L. 5.

27. Plaintiff has two representation agreements in this case. *See* Contract between Morrison Law Group and Francisco Rodriguez agreed to on or about November 22, 2019 (attached to the Appendix filed herewith as Exhibit "I"); Class Representative Fee Agreement (attached to the Appendix filed herewith as Exhibit "J"); Appendix - Exhibit "B," p. 22, L. 14–p. 30, L.

17.

28. The first representation agreement was signed on or about November 22, 2019 and was not for being a class representative in a class action because Plaintiff's counsel mistakenly sent him the wrong agreement. *See* Appendix - Exhibit "I"; Appendix - Exhibit "B," p. 28, L. 1–p. 30, L. 17; Email from Ryan McBride, dated June 23, 2020 (attached to the Appendix filed herewith as Exhibit "K").

29. The second representation agreement was signed on or about June 22, 2020 and is for being a class representative in a class action after Plaintiff's counsel discovered it made a mistake in the first agreement. *See* Appendix - Exhibit "J"; Appendix - Exhibit "B," p. 28, L. 1–p. 30, L. 17; Appendix - Exhibit "K."

30. Any proceeds Plaintiff obtains in this case will be applied to Plaintiff's outstanding balance with his attorney for his prior bankruptcy. *See* Appendix - Exhibit "I," p. 2; Appendix - Exhibit "B," p. 24, L. 23–p. 27, L. 10

31. Plaintiff's counsel failed to identify and acknowledge written procedures of Defendant that were produced via discovery even after having 1) reviewed the discovery responses produced by Defendant, 2) conducted a deposition of Defendant's 30(b)(6) witness wherein the written procedures were addressed in the exhibits used by Plaintiff's counsel in the deposition, and 3) conducted a deposition of Defendant's prior office manager wherein the procedures were also addressed in the deposition. It was only after Plaintiff's counsel asked Defendant's counsel that Plaintiff's counsel discovered the written procedures. *See* Email from Ryan McBride, dated June 10, 2020 (attached to the Appendix filed herewith as Exhibit "L"); Deposition of Tucker Morris filed as Exhibit 3 by Defendant (Doc. 16-6), p. 48, LL. 5–8;

Documents Bates stamped CASCADE00564–CASCADE00581 (attached to the Appendix filed herewith as Exhibit "M"); Declaration of Chad C. Rasmussen (attached to the Appendix filed herewith as Exhibit "N"), ¶¶ 8–11.

32. Plaintiff is seeking to certify a class to provide equitable relief under Rule 23(b)(2). *See* Motion, pp. 14, 15.

33. Plaintiff's Motion, filed by counsel, spans 17 pages and is over 2,500 words long. *See* Motion.

34. Plaintiff has not complied with Rules 7-1(a)(3)(C) and 7-1(e) of DUCivR in filing his Motion.

35. Plaintiff's Counsel Ryan McBride submitted his declaration in support of this Motion with a caption for a completely different lawsuit. *See* Doc. 16-3.

36. Plaintiff's has also filed a Motion for Summary Judgment Against Defendant Cascade Collections, LLC (Doc. 17) ("Motion for Summary Judgment"), which, seeks summary judgment on claims not pleaded in the Complaint. *See* Doc. 17.

37. The Motion for Summary Judgment quotes an outdated, pre-2010 version of Rule 56 as argument for the proper legal standard. *See* Motion for Summary Judgment (Doc. 17), p. 5.

38. Both parties have conducted depositions, including Defendant's taking the deposition of Plaintiff. Appendix - Exhibit "N," ¶¶ 5–7, 13.

39. The Scheduling Order (Doc. 13) imposed a deadline of May 29, 2020 for Plaintiff to seek leave to amend the Complaint. *See* Doc. 13.

40. Plaintiff's counsel has not moved to amend the Complaint.

41. Plaintiff has not complied with Rule 15 Fed. R. Civ. P. and Rule 15-1 DUCivR in his attempt

to seek summary judgment on claims not pleaded.

42. Defendant has already obtained judgments against some putative class members or settled any claim some putative class members might have based on the Letters sent to them. *See* Appendix - Exhibit "A," ¶¶ 14, 15.

43. Defendant is a small, local collection agency. *See* Appendix - Exhibit "A," ¶ 4.

44. If a violation of the FDCPA occurred, Defendant had no intention of violating the FDCPA or of deceiving any account debtor. *See* Appendix - Exhibit "A," ¶¶ 24–26.

45. Within days of being served with the Complaint, Defendant amended the language in its form letters referenced in paragraph 16 of the Complaint to read as follows:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any part of it, we will consider this debt to be valid and proceed accordingly. *See* Appendix - Exhibit "A," ¶¶ 17, 35.

46. Defendant has always accepted an account debtor's dispute of a debt, regardless of how it was transmitted, whether orally or in writing. *See* Appendix - Exhibit "A," ¶ 29..

47. Plaintiff's Complaint claims that the putative class members "are entitled to actual damages." *See* Complaint, ¶ 50.

48. Plaintiff has not suffered actual damages in this case. *See* Appendix - Exhibit "D," Responses to Requests for Admission No. 1 and No. 2.

49. Defendant incorporates by reference the relevant facts stated in is Motion to Dismiss or Alternatively for Summary Judgment and Memorandum in Support, filed herewith.

## **ARGUMENT**

A.  Standard for certifying a class

"[C]ertification is proper only if the trial court is satisfied, **after a rigorous analysis**, that

the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc., v. Dukes*, 131 S Ct. 2451, 2551 (2011). Additionally, at least one subsection of Rule 23(b) must be satisfied. Furthermore, Plaintiff must prove, by a preponderance of the evidence that he has met the requirements of Rule 23. *See In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 320 (3rd Cir. 2009); *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228 (5th Cir. 2009). Lastly, this Court "enjoys considerable discretion" in granting or denying a motion to certify a class. *Shook v. Board of County Commissioners of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008).

B. The putative class is not ascertainable given the Plaintiff's definition

Courts have held that Rule 23(a) imposes an implied requirement that the putative class membership must be ascertainable. "[I]mplicit in the requirements of Rule 23 is that a proposed class definition be ascertainable—it must be precise and objectifiably verifiable, rather than dependent upon subjective criteria **or extensive factual analysis**." *In re Plastics Additives Antitrust Litig.*, 2006 WL 6172035, 3 (E.D. Pa., Aug. 31, 2006) (unpublished) (bold emphasis added); *see also Stinson v. City of New York*, 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (" 'An identifiable class exists if its members can be ascertained by reference to objective criteria.' " *Id.* (citation omitted)).

In light of this ascertainability requirement, Plaintiff's definition fails to meet it. Specifically, the definition of Plaintiff's class would require that a factual analysis of each account for which Defendant sent a letter be analyzed and determined whether the account constitutes a consumer debt. The creditor for which Defendant was collecting, Astor Bros. is an investment and advisory firm; it is not a consumer lender. As such, a determination of the class

membership would require a very fact-intensive analysis to determine the nature of the account debtors. This analysis would entail and require examination of each account debtor to determine whether the account was based upon a consumer debt (i.e., one that was used primarily for personal, family, or household purposes), since the existence of a consumer debt is a requisite for a claim to be brought under the FDCPA. *See* 11 U.S.C. § 1692a(5).

Relevant case law supports a finding by this Court that the class defined by Plaintiff is not ascertainable. In *Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581 (C.D. Cal. 2012) a class of purchasers of parking whose credit card receipts were not properly truncated was not ascertainable because fact-specific inquiries would be required to determine which purchasers were "consumers" within the meaning of FACTA. *Rowden* stated:

> This case does not involve the victims of identity theft. Nor does it involve the printing of the last five digits of consumers' credit card numbers on parking receipts. This case only involves the alleged failure by Laguna Beach to truncate the expiration dates of consumers' credit cards on parking receipts. Mr. Martin does not allege that he, or any other member of the proposed class, suffered actual damages as a result of Laguna Beach's alleged FACTA violations. Mr. Martin's proposed class definition includes:
>
> > All individuals in the United States of America who, from June 4, 2008 through the date of class certification [the "Class Period"], were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which they printed the expiration date of the person's credit or debit Card. Excluded from the class is any individual who has suffered identity theft as a result of Defendants' violations of FACTA as delineated in this Complaint.

*Id.* at 583–84. In agreeing that a class action was not a superior method of resolving the dispute and that the class was not ascertainable, *Rowden* stated "Here, the necessary individual inquiries for each member of the proposed class impair the Court's ability to effectively and efficiently manage the litigation [because a] violation of FACTA is limited to consumers." *Id.* at 585.

"Because liability under FACTA turns on this distinction, an individual, fact-specific inquiry is necessary to determine whether every member of the proposed class is properly considered a consumer." *Id.* Based on this the court denied class certification. *Id.*

Other relevant cases include *Newton v. Southern Wood Piedmont Co.*, 163 F.R.D. 625, 632 (S.D. Ga. 1995) (class of persons exposed to chemicals from a plant and "who have specifically evidenced a keratosis" cannot be certified because issues of exposure and medical condition would require trial to determine class membership), *aff'd mem.*, 95 F.3d 59 (11th Cir. 1996) and *Tickner v. Rouse's Enters., L.L.C.*, 2014 WL 1764738, at *10 (E.D. La. May 2, 2014) (holding ascertainability was not met when defendant's records "d[id] not contain the information needed to determine which putative class members me[t] the requirements for ascertaining a claim" such that "individualized issues would have to be resolved at trial"), *aff'd sub nom. Ticknor v. Rouse's Enters., L.L.C.*, 2014 WL 6440397 (5th Cir. Nov. 18, 2014).

C. <u>Plaintiff does not have standing to sue and multiple judgments have been obtained against putative class members, and, therefore Plaintiff fails to meet the typicality requirement</u>

Another requirement for Plaintiff to certify a class is that he must have standing as a class representative. The named class representatives must allege and show that they suffered an injury and cannot base their claim on the injuries suffered by other unidentified members of the proposed class. *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see also O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L Ed. 2d 674 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). If Defendant does not have standing, then he is not typical of the class.

Defendant is filing herewith its Motion to Dismiss based on a lack of standing of Plaintiff which deprives this Court of subject matter jurisdiction. Defendant incorporates by reference the relevant facts and arguments of the Motion to Dismiss into this section of this Opposition as if set forth herein in their entirety.

Additionally, Defendant holds judgments or has otherwise settled or compromised any possible claim that some class members might have based on the allegations in the Complaint. Based on these facts, typicality is also not met as these judgments or settlements can be asserted against certain of the class members, precluding typicality from existing.

D. Plaintiff's credibility and character preclude him from acting as representative of the putative class

"A named plaintiff who has serious credibility problems... may not be an adequate class representative" *CE Design Ltd. V. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). In *Davidson v. Citizens Gas & Coke Utility*, the Court stated that

> The felony convictions of Amos and Williams are relevant to our consideration of class representation issues for two reasons. First, personal characteristics, such as the credibility and integrity of a putative class representative, have a direct bearing on their ability to adequately represent absent members of the class. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003); *Kline v. Wolf*, 702 F.2d 400, 403 (2nd Cir. 1983) (upholding district court's finding that potential class representative's admitted false statements left their credibility open to serious attack). "Problems of credibility, when sufficiently serious, can prevent a named plaintiff from being certified as a class representative." *Weikel v. Tower Semiconductor Ltd.,* 183 F.R.D. 377, 397 (D.N.J.1998). While we acknowledge that functionally the plaintiffs' attorney is most often the true driving force behind the representation of the class, the named representatives are still required to be more than window dressing or puppets for class counsel. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987). A putative class representative's lack of credibility should not be allowed to significantly detract from the case. *In re Frontier Ins. Group, Inc. Securities Litigation*, 172 F.R.D. 31, 47 (E.D.N.Y.1997). A representative must, at the very least, be trustworthy enough to protect the interests of the class by working to pursue a remedy which benefits the class as much as it does counsel. *Kirkpatrick*, 827 F.2d at 727.

238 F.R.D. 225, 229 (S.D. Ind. 2006). *Davidson* used the named plaintiffs' convictions as a basis to deny certification of the class. *Id.* at 234.

Additionally, "[i]n class actions, however, named plaintiffs owe fiduciary duties to absent class members." AM. LAW INST., PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION § 1.04 Comment a, Reporter's Notes (2010); *see also Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002) ("the fate of the class members is to a considerable extent in the hands of a single plaintiff… whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests.").

In this case, Plaintiff fails to meet the adequacy of representation requirement due to several facts: (1) he is a convicted felon based on dishonest conduct and as part of his sentencing was prohibited from acting in a role of a fiduciary, (2) he is a serial bankruptcy filer that has established a pattern of abusing the bankruptcy process to delay and hinder creditors, and (3) he has demonstrably shown that he cannot comply with court orders by virtue of the two most recent dismissals of his bankruptcy cases that were due, in part, to his "willful failures to abide by the court's order," and, as a result was time-barred from refiling future bankruptcy petitions.

Rule 23(a)(4) also examines whether Plaintiff has the ability to oversee class counsel effectively when their interests might diverge from those of the class. *CE Design*, 637 F.3d at 724 (benefit of adequate class representative is that he can "ensure that class counsel act as faithful agents of the class"). This entails determining whether Plaintiff knows enough about the case to oversee counsel. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987) (a "potential class is entitled to more than blind reliance upon even competent counsel by interested and inexperienced representatives"); *Hillis v. Equifax Consumer Svsc., Inc.*, 237

F.R.D. 491, 502 (N.D. Ga. 2006) (no adequacy where plaintiff was "unfamiliar with many of the specific allegations that form the basis for the claims"); *see also In re FEMA Trailer Formaldehyde Prods. Liabl. Litig.*, Case 2:07-md-01873-KDE-ALC, Doc. 1014 at 20 (E.D. La. Dec. 29, 2008) (unpublished) (denying certification in part on the adequacy grounds and noting that "proposed class representatives believe that they have no responsibility to other class members"). Rule 23(a)(4) also examines whether Plaintiff has enough independence to oversee class counsel. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 (11th Cir. 2003) (prior business relationship between plaintiff and counsel rendered plaintiff inadequate class representative because "the former financial relationship creates a *potential* conflict of interest") (emphasis in original).

Here, Plaintiff has agreed to apply the proceeds he might obtain in this case to the balance he owes his prior bankruptcy attorney (who is also his current counsel in this case). Such agreement may compromise Plaintiff's decisions because if he is not going to receive the proceeds, his interests naturally diverge from the class and he might not have much of an interest in the amount of any award that is obtained in behalf of the class. Such relationship may also impose a conflict of interest between the Plaintiff, the class, and class counsel. Additionally, Plaintiff is virtually clueless as to what a class representative is, what his duties are as the class representative, and what class certification requirements are; and his deposition testimony conflicts with his declaration submitted in support of the Motion.

E.  Plaintiff's counsel is inadequate for representing the putative class

"The adequacy requirement mandates an inquiry into the zeal and competence of the representative's counsel." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 294 (5th

Cir. 2017); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (part of the adequacy inquiry is to consider the "competency and conflicts of class counsel"). Also, the Court remains free to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(B) Fed. R. Civ. P. Proposed class counsel's failure to conduct an adequate investigation into the claims of the class has been a basis for deeming counsel inadequate. The failure of proposed class counsel to inform the class representative of his duty to the class has also been a basis to render counsel inadequate. *See Porter v. Nationscredit Consumer Discount Co.*, 229 F.R.D. 497, 499 (E.D. Pa. 2005) ("Counsel's apparent failure to properly inform Ms. Porter of her presumable role and responsibilities as lead Plaintiff is just one of the many reasons that the Court harbors a concern over Plaintiff's Counsel's ability to adequately represent any class.").

In this case, Plaintiff's counsel is inadequate for the following reasons: (1) Plaintiff's counsel originally presented a fee and representation agreement that did not cover representation for a class action and only discovered this mistake merely days prior to Plaintiff's deposition because Defendant sought such information in discovery; (2) Plaintiff's counsel failed to identify and acknowledge documents produced directly to him even after having reviewed the documents produced by Defendant, used the documents in an exhibit in the deposition he conducted, and conducted a second deposition in which the documents were also addressed; (3) Plaintiff's counsel is improperly seeking certification under Rule 23(b)(2) in this case; (4) Plaintiff's counsel filed the Motion when it does not comply with the applicable local rules for length and he did not seek leave to file an overlength Motion; Plaintiff's counsel's own declaration submitted in support of the Motion has a caption for a different case; Plaintiff's counsel filed the

Motion for Summary Judgment that relies upon a pre-2010 version of the rules and seeks summary judgment on claims not pleaded and for which leave to add such claims has neither been sought nor granted; and (5) Plaintiff's counsel has ostensibly failed to educate Plaintiff on his role and duties in this case as well as failed to adequately investigate the claims of Plaintiff and the putative class when he failed to plead claims in the Complaint other than the one for a violation of the FDCPA due to the allegation that" Defendant's notice limits the methods for Plaintiff to contact Defendant." *See* Complaint, § 28.

F.  <u>Plaintiff may not seek certification of a class for obtaining equitable relief</u>

The FDCPA does not permit private actions for injunctive relief. 15 U.S.C. § 1692k; *Vitullo v. Mancini*, 684 F.Supp.2d 760, 763-64 (E.D. Va. 2010) ("Congress did not intend to allow private litigants to seek injunctive relief under § 1692k"); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("Because the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions [under the FDCPA]"); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 882 (7th Cir. 2000) ("all private actions under the [FDCPA] are for damages"); *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982) ("equitable relief is not available to an individual under the civil liability section of the [FDCPA]"). Additionally, No Rule 23(b)(2) class can be certified where an individual award of monetary relief is sought. *Wal-Mart Stores, Inc., v. Dukes*, 131 S Ct. at 2557–58 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or

declaratory judgment against the defendant. **Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages**…. Given that structure, we think it clear that individualized monetary claims belong in Rule 23(b)(3).").

G. A class action is not a superior method of adjudication under Rule 23(b)(3)

The class action device is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki, 442 U. S. 682, 442 U. S. 700-701* (1979). Furthermore, the individual interests of class members in this case render a class inferior and prevent common questions from predominating over other questions if each class member will have individualized amounts of actual damages (unlike Plaintiff who has none). Also, a proposed class action is not superior when statutory attorney's fees are available for individual lawsuits. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996). This is so because in the cases where fees are available, there are no structural impediments to an individual bringing his own lawsuit under the FDCPA. In fact, it was "Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). Additionally, compared to a class settlement (where each class member stands to receive very little), individual lawsuits by class members would result in "individual damage claims [that] are [comparatively] high" under the FDCPA. *Castano*, 84 F.3d at 748. Also annihilating damages or awards are a basis for denying class certification. *See Leysoto v. Mama Mia I., Inc.*, 255 F.R.D. 693 (S.D. Fla. 2009) (class certification denied when there was no "showing of actual economic harm," "no indication of misconduct or malicious intent in this dispute, the threat of annihilation associated with certification does not serve the

purpose of the legislation, and moreover, is simply unnecessary to effectively enforce the Act." *Id.* at 699).

Since the FDCPA provides for attorney's fees for individual lawsuits and provides for actual damages plus statutory damages up to $1,000.00, class members would be better off litigating on their own, thus precluding superiority of a class action. Additionally, other alternatives exist in addition to individual lawsuits by class members: courts have found superiority is lacking when there is some form of government regulation already in place. *See In re Bridgestone/Firestone, Inc.*, 288 F.2d 1012, 1019 (7th Cir. 2002) ("Regulation by the NHTSA, coupled with tort litigation by persons suffering physical injury, is far superior to a suit by millions of *uninjured* buyers for dealing with consumer products that are said to be failure-prone.") (Emphasis in original).

## CONCLUSION

In conclusion, this Court should not grant Plaintiff's Motion because he has failed to prove, by a preponderance of the evidence, that the requirements necessary for this Court to certify the putative class he has defined have been met. After doing a rigorous analysis of the requirements, this Court should find that it should exercise its broad discretion to deny class certification because of the reasons set forth in this Opposition, which include the defined class being unascertainable, Plaintiff's not having standing and otherwise not being typical of the class, Plaintiff's credibility and character rendering him inadequate, Plaintiff's counsel's being inadequate, a Rule 23(b)(2) class is unavailable, and a class action is not a superior way to adjudicate this dispute. Wherefore, Defendant respectfully requests that this Court deny the Motion to Certify Class filed by Plaintiff.

DATED this 31st day of July, 2020.

/s/ Chad C. Rasmussen
Chad C. Rasmussen
*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2020, I sent a copy of this Memorandum by electronic court filing notification, to the following:

Ryan L. McBride
David J. McGlothlin
KAZEROUNI LAW GROUP, APC
2633 E Indian School Road, Ste. 460
Phoenix, AZ 85016
(602) 900-1288
ryan@kazlg.com
david@kazlg.com

Theron D. Morrison
Cory Cottam
MORRISON LAW GROUP
290 25th St., Ste 102
Ogden, UT 84401
(801) 392-9324
therondmorrison@gmail.com
cory@morlg.com

/s/ Chad C. Rasmussen
Chad C. Rasmussen