David J. McGlothlin (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ,** Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **CASCADE COLLECTIONS, LLC** <br><br> Defendant. | Case No. 2:20-cv-00120-JNP-DBP <br><br> **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> District Judge: Jill N. Parrish <br><br> Magistrate Judge: Dustin B. Pead |

**PAGE NO.**

I. INTRODUCTION ......................................................................... 1

II. RESPONSE TO DEFENDANT'S STATEMENT OF FACTS ...................... 2

III. ARGUMENT ............................................................................ 2

    A. The Class is Ascertainable ...................................................... 2

    B. Typicality is Met and Defendant's Typicality Argument Lacks Merit ..... 7

    C. Injunctive Relief is Appropriate ............................................... 8

    D. A Class Action is a Superior Method ......................................... 8

    E. Plaintiff's Counsel is Adequate for Representing the Class ................. 10

        i. Fee Agreement Issue ..................................................... 11

        ii. Plaintiff's Request for Defendant's Counsel to Identify Documents ..................................................................... 12

        iii. 23(b)(2) Relief ............................................................ 13

        iv. Overlength Motion ....................................................... 14

        v. Caption on Declaration Incorrect ...................................... 14

        vi. Claims Brought in Motion for Summary Judgment ................. 14

        vii. Class Duties Described to Plaintiff ................................... 16

    F. Plaintiff is an Adequate Class Representative ............................... 16

        i. Plaintiff's Criminal History ............................................. 17

        ii. Plaintiff's Bankruptcy Filings ......................................... 18

        iii. Plaintiff's Knowledge of Class Duties ............................... 19

        iv. Plaintiff's Prior Inapplicable Fee Agreement ...................... 20

     v.    Plaintiff's Actions Speak Louder than Words ................................. 21

IV.  CONCLUSION ............................................................................... 21

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE NO.**

*Abdeljalil v. GE Capital Corp.*,

   306 F.R.D. 303 (S.D. Ca 2015) ..................................................... 3, 6

*Amchem Prods., Inc. v. Windsor*,

   521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)............................. 10

*Baker v. G. C. Services Corp.*,

   677 F.2d 775 (9th Cir. 1982) ................................................................. 7

*Ballard v. Equifax Check Servs.*,

   186 F.R.D. 589 (E.D. Ca 1999) ........................................................... 8

*Briseno v. ConAgra Foods, Inc.*,

   844 F.3d 1121 (9th Cir. 2017) ............................................................ 3

*CE Design Ltd. v. King Architectural Metals, Inc.*,

   637 F.3d 721 (7th Cir. 2011) ............................................................. 17

*Conley v. Gibson*,

   355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 ........................................... 14

*Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,

   244 F.3d 1152 (9th Cir. 2001) ............................................................ 8

*Dubin v. Miller*,

   132 F.R.D. 269 (D. Colo. 1990) ........................................................ 17

*Dvornikov v. Landry's Inc.*,

   No. 15-cv-13286-ADB,

   2017 U.S. Dist. LEXIS 49178,

   2017 WL 1217110 (D. Mass. March 31, 2017)....................................... 17

*Eatmon v. Palisades Collection LLC*,

   2011 U.S. Dist. LEXIS 4556 (E.D. Tx 2011).................................... 19

*Gammon v. G.C. Svcs., L.P.*,

    162 F.R.D. 313 (N.D. Ill 1995) ........................................................................ 8

*Haywood v. Barnes*,

    109 F.R.D. 568 (E.D.N.C. 1986) .................................................................. 17

*Horton v. Goose Creek Independent School District*,

    690 F.2d 470 (5th Cir. 1982) ...................................................................... 10

*In re Yasmin & Yaz Mktg.*,

    2012 U.S. Dist. LEXIS 33183 (S.D. Ill. 2012) ............................................ 6

*Kerner v. City & County of Denver*,

    2012 U.S. Dist. LEXIS 187114 (D. Co. 2012) ............................................ 10

*Kohen v. Pacific Inv. Management Co. LLC*,

    571 F.3d 672 (7th Cir. 2009) ........................................................................ 6

*Lavigne v. First Cmty. Bancshares, Inc.*,

    330 F.R.D. 293 (D. NM 2019) ...................................................................... 3

*McCartney v. First City Bank*,

    970 F.2d 45 (5th Cir. 1992) .......................................................................... 7

*Moreno v. AutoZone, Inc.*,

    251 F.R.D. 417 (N.D. Cal. 2008) .................................................................. 3

*Morlan v. Universal Guar. Life Ins. Co.*,

    298 F.3d 609 (7th Cir. 2002) ........................................................................ 6

*Mullins v. Direct Digital, LLC*,

    795 F.3d 654 (7th Cir. 2015) ........................................................................ 3

*Randle v. Spectran*,

    129 F.R.D. 386 (D. Mass. 1988) .................................................................. 17

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,

    314 F.3d 1180 (10th Cir. 2002) .................................................................... 10

*Scuderi v. Mammoth Energy Servs.*,

    2019 U.S. Dist. LEXIS 156726 (W.D. Ok 2019) ............................................ 17

*SEC v. Kovzan*,

    2012 U.S. Dist. LEXIS 106162 (D. Ks. 2012) ................................................. 12

*Shaw v. BAC Home Loans Servicing, LP*,

    2011 U.S. Dist. LEXIS 149416,

    2011 WL 6934434 (S.D. Cal. Dec. 29, 2011) ..................................................... 3

*Thomasson v. GC Servs., Ltd. P'ship*,

    275 F.R.D. 309 (S.D. Ca 2011) ......................................................................... 9

*Weeks v. Bareco Oil Co.*,

    125 F.2d 84 (7th Cir. 1941) ............................................................................... 9

## STATUTES

1977 U.S. Code Cong. & Adm.News, 1695, 1696 ................................................... 7

Fair Debt Collection Practices Act ("FDCPA")

    15 U.S.C. § 1692k(2)(A) ........................................................................... *passim*

## OTHER AUTHORITIES

1 *Newberg on Class Actions* § 3:68 (5th ed.) ...................................................... 17

## RULES

DUCivR 7-1(a)(1) ............................................................................................. 6, 13

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 14

Fed. R. Civ. P. 23 ........................................................................................ 9, 10, 19

Fed. R. Civ. P. 34(b)(2)(E) ................................................................................... 12

Fed. R. Evid. 403 .................................................................................................... 2

Fed. R. Evid. 609 .................................................................................................... 2

## I. INTRODUCTION

Defendant Cascade Collections, LLC's ("Defendant") response to Plaintiff Francisco Rodriguez's ("Plaintiff") Motion for Class Certification focuses on mainly irrelevant facts and assertions that should not affect the merits of this case. This case is about a letter sent to Plaintiff and the putative class, and the significant facts are included in that letter. Defendant's arguments regarding ascertainability can easily be overcome by some simple post-class certification discovery, which has already been served upon Defendant. Furthermore, the fact that putative class members have either settled their debts or have judgments against them are not relevant to the violation and statutory damages referenced in Plaintiff's complaint. Therefore, Defendant's typicality argument is flawed.

Regarding equitable relief, Plaintiff recognizes that there is competing authority on whether injunctive or declaratory relief are available under the Fair Debt Collection Practices Act ("FDCPA"), but Plaintiff believes this case is suited for injunctive relief as it would prohibit Defendant from sending violating letters in the future. In regards to Defendant's superiority argument, it is clearly a more efficient route to adjudicate the 188 claims here in one case as opposed to 188 individual actions. Finally, Plaintiff and Plaintiff's counsel have vigorously and zealously advocated on behalf of the class and do not have any conflicts with the

class. Thus, Plaintiff and Plaintiff's counsel are adequate representatives. Therefore, the Court should certify the proposed hybrid class.

## II.    RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

Plaintiff objects to Defendant's Statement of Facts numbers 8-13 on the basis the information and supporting documents provided in these allegations are inadmissible pursuant to Fed. R. Evid. 403 and 609. Plaintiff objects to Defendant's Statement of Facts numbers 14-19, 43-46 on the basis the information and supporting documents provided in these allegations are irrelevant and therefore inadmissible pursuant to Fed. R. Evid. 403. Plaintiff objects to Defendant's Statement of Fact number 30 as a false statement due to the fact the prior fee agreement was nullified by the subsequent class fee agreement signed by Plaintiff. See ECF #23-10.

## III.   ARGUMENT

### A.    THE CLASS IS ASCERTAINABLE

Defendant's argument framed as an ascertainability argument is actually an argument regarding manageability and/or administrative feasibility. Defendant argues that Plaintiff will have trouble ascertaining the class because Defendant is unsure which debts are consumer debts out of the 188 consumers in the putative class. "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that

group to identify himself or herself as having the right to recover based on the description." *Abdeljalil v. GE Capital Corp.*, 306 F.R.D. 303 (S.D. Ca 2015); *Moreno v. AutoZone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008). A class will be considered sufficiently definite if it is administratively feasible to determine whether a particular person is a class member. *Shaw v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 149416, 2011 WL 6934434 *2 (S.D. Cal. Dec. 29, 2011).

In *Lavigne v. First Cmty. Bancshares, Inc.*, the defendant argued that there were a number of scenarios where class members could not be identified. *Lavigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293 (D. NM 2019). The court in *Lavigne* found that those "concerns are generally issues for [after] class certification or the claims administration process." *Id.; see also Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("They can rely, as they have for decades, on claim administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court to take into account the size of the claims, the cost of the techniques, and an empirical assessment of the likelihood of fraud or inaccuracy."); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017) (defendants can "challenge the claims of absent class members if and when they file claims for damages" explaining that parties have "long relied on 'claim

administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court' to validate claims.")

Defendant is essentially arguing that some class members may not have standing due to the fact Defendant is unsure if the class members' debts are consumer debts. However, Defendant's argument should not be considered in the context of class certification. See *In re Yasmin & Yaz Mktg.*, 2012 U.S. Dist. LEXIS 33183 (S.D. Ill. 2012) (Questions of standing – both constitutional and statutory – are only applicable to the named plaintiff); *See Kohen v. Pacific Inv. Management Co. LLC,* 571 F.3d 672, 676-679 (7th Cir. 2009) (putative class members are not assessed for standing); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) (standing in a proposed class action depends solely on the standing of the named plaintiff, not the putative class). Therefore, the Court should not address the standing issue at this time.

Even if the Court does address this issue now, the class members can be identified, and the parties are able to identify which debts are consumers debts. During Defendant's Fed. R. Civ. P. 30(b)(6) deposition, the witness, Tucker Morris, admitted that Defendant collects more consumer debt than business debt. ECF #16-6 (Morris Deposition Transcript), pg. 14, l. 11-15. Further, Mr. Morris testified that the putative class members were made up of individuals owing a debt

to Astor Brothers & Company. *Id.,* pg. 16, l. 12-18. Astor Brothers & Company fills out a spreadsheet, which provides information to Defendant about each individual's account. *Id.,* pg. 20, l. 13-19. Defendant sent out letters to each individual listed in the spreadsheet provided by Astor Brothers & Company. *Id.,* pg. 22-23, l. 20-15.

The spreadsheet with all of the consumer debtors' information assigned by Astor Brothers & Company was produced in a partially redacted version with Defendant's discovery responses. Exhibit 4, Cascade 00032-00091. In the spreadsheet, the column titled "Debt Description" contained descriptions for vehicles bought by the consumers. *Id.* at Cascade 00032-00035. All of the rows below the "Debt Description" column contained a vehicle description. *Id.* Furthermore, the column titled "Client" contained only one client, "Cars Now", in every row. *Id* at Cascade 00088-00091. Since all of the assigned debts were for vehicle purchases from a car dealership named "Cars Now", then all of the assigned debts were a consumer debt.

However, even if that were not the case, the class would be easily ascertainable by a simple review of Defendant's files. Defendant had no problems producing the underlying documents for Plaintiff's debt and could likely do the same for the rest of the putative class. Prior to the filing of this Reply, Plaintiff propounded discovery to Defendant requesting the underlying documents for the

putative class's alleged debt. If Defendant is unwilling to take what Plaintiff estimates to be a couple of hours to determine where each of the putative class members' debts originated, Plaintiff is willing to review the underlying documents for this relatively small class. With a putative class size of only 188, the ascertainability of the class would be quite simple and likely take minimal time and effort to ascertain the information needed to make the class administratively feasible.

Mr. Morris testified that Plaintiff's debt was for a vehicle purchase and he could find out what type of vehicle Plaintiff bought. ECF #16-6, pg. 25-26, l. 23-2. Since Mr. Morris was able to easily locate information about Plaintiff's underlying account, it would be just as easy to confirm the rest of the putative class through some simple investigation. This is exactly the purpose of post-class certification discovery. Moreover, if for some reason the first method through discovery was unsuccessful in determining whether the class members' debts were consumer debts, the parties could provide a simple questionnaire with class notice including one question asking the consumer whether the vehicle they purchased was used for business purposes. See *Abdeljalil*, 306 F.R.D. 303. Therefore, Defendant's ascertainability argument fails.

## B. TYPICALITY IS MET AND DEFENDANT'S TYPICALITY ARGUMENT LACKS MERIT

Defendant argues that since some of the putative class members have judgments against them or have settled their debt with Defendant, Plaintiff's situation is not typical of the class members. Defendant refers to a separate motion for most of its argument. Under DUCivR 7-1(a)(1), the motion and any supporting memorandum must be contained in one document. DUCivR 7-1(a)(1). Therefore, any reference to argument in a separate motion is improper and should not be considered by the Court. *Id.*

Whether the consumer owes the alleged debt or not is not a factor to be considered in a Fair Debt Collections Practices Act. *See Baker v. G. C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); see also *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992). "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker*, 677 F.2d 775 (citing 1977 U.S. Code Cong. & Adm.News, 1695, 1696). The statute does not make an exception for liability under section 1692g when the debtor does in fact owe the entire debt. *Id.*

Furthermore, Defendant's argument is flawed because Plaintiff's claims do not rest upon whether or not the alleged underlying debt was paid or a judgment was entered against Plaintiff. Plaintiff's claims are regarding receiving a letter with deficient notices, which all of the putative class members received. Plaintiff

is not seeking actual damages and is only seeking statutory damages. The ultimate disposition of the alleged debt owed to Plaintiff and the putative class members is completely irrelevant to this case. Thus, Plaintiff's claims are typical of the putative class.

### C.   INJUNCTIVE RELIEF IS APPROPRIATE

Defendant argues that equitable relief is not appropriate under the FDCPA in private actions. Contrary to Defendant's assertions, courts have certified declaratory and injunctive classes pursuant to the FDCPA. *Ballard v. Equifax Check Servs.*, 186 F.R.D. 589 (E.D. Ca 1999) (Court certified a class which included declaratory relief for a standardized collection letter sent to class members); *Gammon v. G.C. Svcs., L.P.*, 162 F.R.D. 313, 319-322 (N.D. Ill 1995) (Court found proposed injunctive class was certifiable under the FDCPA). Plaintiff is seeking declaratory relief to show that Defendant's letters violate the FDCPA, and injunctive relief to prevent Defendant from continuing to send out the collection letters at the center of this case. Therefore, injunctive relief is appropriate here.

### D.   A CLASS ACTION IS A SUPERIOR METHOD

Despite Defendant's contentions to the contrary, adjudication of the proposed class would be most efficient and economical as a class action rather than 188 individual suits based on the same legal theory and common evidence. Given

that the maximum individual recovery under the FDCPA is $1,000, a class action would achieve Plaintiff's objective better than if class members were required to bring individual actions. *See Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) ("If plaintiffs cannot proceed as a class, some–perhaps most–will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover."); *Thomasson v. GC Servs., Ltd. P'ship*, 275 F.R.D. 309 (S.D. Ca 2011) (Individuals are most likely unaware of their rights under the FDCPA. As such, the likelihood of individual claims is remote and class action is superior."); *Weeks v. Bareco Oil Co.*, 125 F.2d 84 (7th Cir. 1941) ("To permit the defendants to contest liability with each claimant in a single, separate suit, would, in many cases give defendants an advantage which would be almost equivalent to closing the door of justice to all small claimants.")

As Defendant points out, Plaintiff is not seeking actual damages. Plaintiff is only seeking statutory damages not to exceed $1,000 for each class member provided for by the FDCPA. 15 U.S.C. § 1692k(2)(A). This is the same analysis for all class members and the same amount of damages requested for each class member. A host of mini-trials on diverse issues is not required to resolve the liability or damages questions in favor of either party. The key evidence is the actual letters sent, which are business records maintained by Defendant. Defendant

has already produced those letters. It is unlikely that adjudicating the Utah class of 188 consumers would create manageability issues. Defendant has provided little analysis to the contrary. Further, Defendant does not proffer any alternative that is superior to a class action. Resolving the virtually identical claims here as a class action would be superior to many individual suits. Therefore, the Rule 23(b)(3) and 23(b)(2) class should be certified.

###     E.     PLAINTIFF'S COUNSEL IS ADEQUATE FOR REPRESENTING THE CLASS

Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole. The resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *Kerner v. City & County of* Denver, 2012 U.S. Dist. LEXIS 187114 (D. Co. 2012) (citing *Rutter & Wilbanks Corp. v. Shell Oil Co*., 314 F.3d 1180, 1187-1188 (10th Cir. 2002)); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel."). The Rule's requirement is intended to ensure that a class representative has sufficient interests in common with the class that the representative adequately will assert and protect the interests of all the members of the class, not just his or her own stake. Rule 23(a)(4) concerns both the

competence of the class representative's counsel, and the representatives' willingness and ability to control the litigation and to protect the interests of the class as a whole. *See, e.g., Horton v. Goose Creek Independent School District,* 690 F.2d 470, 484 (5th Cir. 1982).

Plaintiff's counsel, who have represented multiple classes in the past including one that was recently finally approved by Judge Waddoups in this District Court, are adequate counsel for this case. Litigation is rarely perfect, and this case is not an exception. Plaintiff's counsel admits to making several *minor* mistakes throughout this case, none of which rise to the level of significantly affecting the outcome of this litigation or the putative class's rights. Defendant's counsel's attempts to disparage Plaintiff's counsel regarding minor clerical issues should be viewed as a sign of despair, as the merits of the case and the class certification are clearly in Plaintiff's favor. Plaintiff will address each perceived shortcoming in response to Defendant's arguments here.

### *Fee Agreement Issue*

When Plaintiff agreed to be a class representative, Plaintiff's counsel from Kazerouni Law Group asked a staff member from its co-counsel, Morrison Law Group[1], to send a class representation fee agreement to Plaintiff. Supplemental Declaration of Ryan L. McBride in Support of Plaintiff's Reply to Motion for

---

[1] Morrison Law Group is not seeking to be class counsel in this case.

Class Certification "McBride Supp. Decl." ¶ 2. Unfortunately, the Morrison Law Group staff member sent a fee agreement for individual representation to Plaintiff instead. *Id. at* ¶ 3. Though Plaintiff's counsel discussed Plaintiff's duties with Plaintiff as a class representative and the fact that the case was being brought as a class action on multiple occasions before June 24, 2020, Plaintiff's counsel did not learn of this mistake until Defendant requested the fee agreement through discovery in mid-June 2020. *Id. at* ¶ 4. Upon learning of the error, Plaintiff's counsel immediately sent another fee agreement for class representation, which supersedes the initial individual case fee agreement sent to Plaintiff. *Id. at* ¶ 5. This clerical error has not affected the case or Plaintiff's ability to perform his class representative duties negatively in any way.

### *Plaintiff's Request for Defendant's Counsel to Identify Documents*

Fed. R. Civ. P. 34(b)(2)(E) applies to producing documents or electronically stored information in response to a discovery request. *SEC v. Kovzan*, 2012 U.S. Dist. LEXIS 106162 (D. Ks. 2012). The rule provides that "[u]nless otherwise stipulated by the parties or ordered by the court" the producing party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the request[.]" *Id.*

In Defendant's discovery responses to Plaintiff's discovery requests, Defendant contemporaneously produced a 592-page document with responses to

Plaintiff's Requests for Production of documents without any cover pages or indications of where one section ends and the next begins. See Defendant's Production attached as Exhibit 4; McBride Supp. Decl. ¶ 13.  The documents were not produced as they were kept in the ordinary course of business and they were not organized or labeled. Exhibit 4; McBride Supp. Decl. ¶ 14.  Further, in Defendant's responses to Plaintiff's Requests for Production of Documents, Defendant failed to identify where the responsive documents were located to each request. See ECF #16-5. Accordingly, Plaintiff's counsel requested that Defendant's counsel provide him with documents that were not initially found in the massive document provided by Defendant. McBride Supp. Decl. ¶ 14. This meet and confer attempt initiated by Plaintiff's counsel does not support Defendant's argument that Plaintiff's counsel is inadequate. Instead, it exemplifies Defendant's counsel's misunderstanding of the discovery process as applied in a federal litigation setting. Defendant's attempt to use this exchange between counsel as support for its argument is misleading and lacks merit.

### *23(b)(2) Relief*

While Plaintiff concedes there is competing authority as to whether an injunctive class can be certified pursuant to FDCPA claims, Plaintiff certainly has a solid legal basis to request injunctive relief as previously discussed. The fact that

Plaintiff requested injunctive relief should not be a factor as to whether Plaintiff's counsel is adequate.

### Overlength Motion

Plaintiff's counsel admits this was one of the errors referenced previously. Plaintiff should have sought relief from the Court before filing the instant motion and apologizes to the Court. McBride Supp. Decl. ¶ 15. The error occurred due to Plaintiff's counsel's misreading of the local rules to include class certification motions with dispositive motions under DUCivR 7-1. *Id.* However, the entire 16¼ pages were needed to address the numerous requirements of class certification. Moreover, Plaintiff's counsel stipulated to allow Defendant to have 20 pages in response so as not to prejudice either party in this briefing. ECF #18. This error should not be the basis for finding Plaintiff's counsel inadequate.

### Caption on Declaration Incorrect

Again, this was a minor clerical error made by Plaintiff's counsel. The substance of the declaration applied to this case and Plaintiff's counsel filed a notice of errata and amended declaration with the Court the next business day after the issue was brought to his attention. See ECF #25.

### Claims Brought in Motion for Summary Judgment

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the … claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80. Plaintiff brought three claims in his recently filed Motion for Summary Judgment: 1) Defendant limited the methods by which Plaintiff could dispute; 2) Defendant limited the time Plaintiff had to dispute by indicating the deadline to dispute was 30 days from the date of the letter; and 3) Defendant failed to provide an accurate accounting of what was owed by Plaintiff. Regarding claims 1 and 2, Plaintiff very clearly pled which section of the FDCPA was violated by Defendant, and included the language from the letter that violated said section of the FDCPA *in the Complaint*. Complaint ¶ 26. Regarding claim 3, Plaintiff included the section of the FDCPA that was violated and referenced the letter in question. Complaint ¶¶ 26, 29, 32.

All three claims were sufficiently pled in the Complaint. Furthermore, Plaintiff pled that the FDCPA statute was violated in its entirety. Complaint ¶ 4. If Defendant thought the pleading was too broad, Defendant should have brought a Motion to Dismiss in response to Plaintiff's Complaint. Since Defendant did not bring a Motion to Dismiss within the proper time period, it has lost the opportunity to strike any allegations in the Complaint. Therefore, Plaintiff disagrees that anything improper was done as to the filing of a Motion for Summary Judgment and Plaintiff is confident the motion will be successful on the merits. Thus, any

insinuation that Plaintiff's filing of the Motion for Summary Judgment relates at all to Plaintiff's counsel's adequacy as class counsel is ludicrous.

*Class Duties Described to Plaintiff*

Without waiving any attorney-client privilege as to specific communications between Plaintiff's counsel and Plaintiff, Plaintiff's counsel explained Plaintiff's duties as a class representative to Plaintiff on multiple occasions. McBride Supp. Decl. ¶ 6. Furthermore, Plaintiff's counsel provided Plaintiff with a written list of the described duties of a class representative, which was signed by Plaintiff on June 22, 2020. See signed "Class Representative Duties" document attached as Exhibit 5; McBride Supp. Decl. ¶ 7. Defendant's assertion that Plaintiff never conveyed the class representative duties to Plaintiff is baseless and untrue. Further, Plaintiff's counsel has vigorously pursued this case. McBride Supp. Decl. ¶ 8. Plaintiff's counsel does not have any interests in conflict with the putative class. McBride Supp. Decl. ¶ 9. Thus, Plaintiff's counsel is adequate as class counsel.

### F.    PLAINTIFF IS AN ADEQUATE CLASS REPRESENTATIVE

Plaintiff has vigorously and zealously acted on behalf of the putative class members in this litigation and does not have any conflicts with the putative class. Defendant attacks Plaintiff's adequacy as a class representative on four bases: 1) Plaintiff's felony conviction from nearly **10 years ago**; 2) Plaintiff's multiple bankruptcy filings; 3) Plaintiff's knowledge regarding class duties; and 4)

Plaintiff's **prior inapplicable** fee agreement with Plaintiff's Counsel. None of these issues are sufficient to support a finding that Plaintiff is not an adequate representative in this case. Furthermore, Defendant has not provided any evidence to show Plaintiff has a conflict with the putative class.

### *Plaintiff's Criminal History*

Plaintiff's felony plea bargain from nearly **10 years ago** does not and could not affect his ability to be a class representative for persons that received a letter from Defendant and courts agree:

> Plaintiffs' adequacy must be assessed in light of their conduct in this or previous litigation, not based on a subjective evaluation of their personal qualifications as allegedly and tenuously evidenced by their prior criminal record." *Randle v. Spectran*, 129 F.R.D. 386, 392 (D. Mass. 1988) (quoting *Haywood v. Barnes*, 109 F.R.D. 568, 579 (E.D.N.C. 1986)). "Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 *Newberg on Class Actions* § 3:68 (5th ed.) (collecting cases). Moreover, the First Circuit has never held that the adequacy requirement turns on a plaintiff's criminal history. Circuits which have considered criminal histories in the context of adequacy have required a fairly high threshold for finding class representatives inadequate. *See, e.g., CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011) ("For an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990)). *Dvornikov v. Landry's Inc.*, No. 15-cv-13286-ADB, 2017 U.S. Dist. LEXIS 49178, 2017 WL 1217110 at *10 (D. Mass. March 31, 2017)

*Scuderi v. Mammoth Energy Servs.*, 2019 U.S. Dist. LEXIS 156726 (W.D. Ok 2019).

The only fact that needs to be confirmed by Plaintiff in this case is whether he received the letter in question. A felony plea bargain from 10 years ago does not affect his ability to do so. Furthermore, Plaintiff addressed his criminal history in his deposition and explains that he has not had any criminal issues since the plea bargain 10 years ago. Plaintiff's Depo., pg. 81-82, l. 2-6. It is clear from Mr. Rodriguez's testimony and recent 10 years of history that any problems with the law that he has had in the past, are far in the past, and will not affect his ability to perform his duties as a class representative. Furthermore, the case law is clear that Mr. Rodriguez's criminal history should not even be taken into account when performing the analysis.

## *Plaintiff's Bankruptcy Filings*

The fact that Plaintiff has filed multiple bankruptcies does not affect his ability to be a class representative in this case, which only involves a letter Defendant sent to Plaintiff. Defendant provides no support, and Plaintiff was unable to find any support to show that bankruptcy filings affect a Plaintiff's ability to be a class representative and vigorously pursue the case on behalf of the putative class. Further, Defendant provides no reason why Plaintiff's bankruptcy filings would create a conflict between Plaintiff and the putative class. Defendant

is essentially making the same argument as it did regarding Plaintiff's criminal history, which is unpersuasive.

The fact that Plaintiff has historically been in financial distress actually makes him an appropriate representative because it is likely that all of the putative class members were in financial distress when they received the same violating collection letter from Defendant. Plaintiff's inability to make payments in a chapter 13 bankruptcy does not affect his credibility. It merely shows that Plaintiff was, and is financially burdened, as are most consumers who have to rely on the FDCPA to protect their rights.

### *Plaintiff's Knowledge of Class Duties*

While Plaintiff may not have been able to articulate his class duties as eloquently as Defendant's counsel would have liked, Plaintiff is very aware of his class duties. See ECF #16-1 generally (Plaintiff's Declaration). Not only have the class duties been explained to Plaintiff multiple times, but he has actually performed those duties throughout the course of litigation. See ECF #16-1, ¶ *5*; ECF #16-2, ¶ *20*; ECF #16-3, ¶ 25. Though Defendant has attempted to twist Plaintiff's testimony to benefit Defendant's position, Plaintiff testified as to his duties completed as a class representative at his deposition ECF #23-2, pg. 80-81, l. 14-1.

Furthermore, Defendant attempts to attack Plaintiff's knowledge of legal terms of art and argues that Plaintiff is not adequate because Plaintiff cannot accurately define the terms of art. "Rule 23(a)(4) does not require that a class representative possess extraordinary expertise, intellect, or understanding of the issues in the litigation." *Eatmon v. Palisades Collection LLC*, 2011 U.S. Dist. LEXIS 4556 (E.D. Tx 2011). Plaintiff has demonstrated sufficient knowledge of the process for this case, which involves a letter violation. *See* Plaintiff's Depo. Pg. 84, l. 8-23. Plaintiff has spent hours fulfilling his class representative duties for this case including hours on the phone with Plaintiff's counsel. McBride Supp. Decl. ¶ 10. Thus, Plaintiff is an adequate class representative.

### *Plaintiff's Prior Inapplicable Fee Agreement*

Defendant misleadingly includes an argument that refers to an agreement made by Plaintiff with the Plaintiff's counsel regarding recovery in this case being applied to a previous balance owed to the Morrison Law Group. However, Plaintiff's counsel made it very clear to Defendant's counsel that the prior individual agreement that Defendant is referring to in its response is no longer applicable as it was mistakenly sent to Plaintiff at the beginning of the case. A new agreement is in place that includes no such language. Additionally, Plaintiff's counsel has confirmed that a previous balance is not owed to Morrison Law Group. McBride Supp. Decl. ¶ 11. Therefore, Defendant's argument is irrelevant.

*Plaintiff's Actions Speak Louder than Words*

Finally, Defendant has provided multiple settlement offers on an individual basis to Plaintiff throughout this litigation. McBride Supp. Decl. ¶ 12. Plaintiff has agreed to turn down each and every one of these individual offers because the offers did not adequately compensate the class. This demonstrates that Plaintiff has been a diligent class representative by putting the class's interests ahead of his own. Plaintiff has showed vigorous commitment to this case despite Defendant's attempts to demonstrate otherwise. There is no evidence of conflict between Plaintiff and the putative class. Thus, Plaintiff is adequate as a class representative.

## IV. CONCLUSION

Defendant attempts to distract the Court with many irrelevant arguments that take the focus away from the fact this case is a statutory violation that arises from a nearly identical letter sent to 188 putative class members. Defendant admits the letter sent to Plaintiff was the same letter that was sent to everybody and has provides no valid bases to not allow certification as proposed. Plaintiff and Plaintiff's counsel have vigorously advocated on behalf of the class and have demonstrated they are adequate representatives. Therefore, Plaintiff requests the Court certify the proposed class and appoint Plaintiff as the class representative and Plaintiff's counsel as class counsel.

Date: August 13, 2020                        **KAZEROUNI LAW GROUP, APC**

                                             By:/s/ Ryan L. McBride
                                                 Ryan L. McBride, Esq.
                                                 *Attorneys for Plaintiffs*