David J. McGlothlin, Esq. (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC**<br><br>Defendant. | **Plaintiff's Response in Opposition to Defendant's Motion to Strike**<br><br>Case No. 2:20-cv-00120-JNP<br><br>Hon. Jill N. Parrish |

///

///

///

///

## I. INTRODUCTION

Plaintiff Francisco Rodriguez ("Plaintiff") hereby files this Response in Opposition to Defendant Cascade Collections, LLC's ("Cascade") Motion to Strike two of the claims in Plaintiff's Motion for Summary Judgment and Motion for Class Certification. Defendant's motion is a 12(b) motion to dismiss disguised as an improper 12(f) motion to strike, but Defendant does not have the grounds to succeed under 12(f) and has failed to file a timely 12(b) motion. Furthermore, Plaintiff's Complaint was pled broadly enough to include violations of the entire FDCPA statute in relation to the letter sent to Plaintiff, or at the very least, all of the sub-sections under 15 U.S.C. § 1692g(a). Even if the motion were properly brought, Plaintiff's Complaint contains more than sufficient allegations to support all three of the claims in Plaintiff's recently filed Motions. Moreover, Defendant will not be prejudiced by the claims in the Motion for Summary Judgment. Therefore, the Court should deny Defendant's Motion to Strike.

## II. STATEMENT OF FACTS

In response to a misleading collection letter received from Defendant, Plaintiff filed a Complaint against Defendant for language that violated section 15 U.S.C. §1692g(a) of the FDCPA on February 21, 2020. ECF #2. Plaintiff alleged in his complaint the following: 1) "[w]hile many violations are described below

with specificity, this Complaint alleges violations of the statutes cited in their entirety." Complaint ¶ 4; 2) "[o]ne of the most important requirements under the FDCPA is the "G-notice" mandated by 15 U.S.C. § 1692g." Plaintiff's Complaint "Complaint ¶ 23; 3) "[u]nder 15 U.S.C. § 1692g, a debt collector must send a written notice that informs the debtor of the amount of the debt, to whom the debt is owed, and include a 'statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.' 15 U.S.C. § 1692g(a)(3)." Complaint ¶ 24; 4) "[t]his initial communication to Plaintiff by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a). Specifically, the notice attempted to limit and obfuscate the rights available to Plaintiff in a manner that creates a contradiction and would confuse the least sophisticated debtor into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by making the following statements:

> If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly. Complaint ¶ 26;

5) "[t]his language does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a) and was, therefore, defective." Complaint ¶ 27; 6) "Defendant's statements in this letter were also an unfair or unconscionable means to collect or attempt to collect on a debt because, in making the statements, Defendant sought to obfuscate and limit Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692(a). Defendant's limiting language to Plaintiff regarding disputing a debt unfairly and unconscionably shifts the burden onto the least sophisticated debtor to prove the non-existence or invalidity of a debt. Therefore, Defendant violated 15 U.S.C. § 1692f." Complaint ¶ 32. The discovery deadline in this case is September 14 2020.

### III. STANDARD OF REVIEW

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Wash. Nat'l Ins. Co.*, 2015 U.S. Dist. LEXIS 164484 (D. Ut. 2015). "Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Kirby v. Tulsa Cmty. Coll.*, 2018 U.S. Dist. LEXIS 89559 (N.D. Okla. 2018) citing *Oilfield Improvements, Inc. v. Coston*, No. 10-CV-

577-TCK-TLW, 2012 U.S. Dist. LEXIS 68104, at *3 (N.D. Okla. May 15, 2012) (internal citations omitted); *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. ed. 2012).

IV. **ARGUMENT**

Defendant has missed the opportunity for a 12(b) motion to dismiss and has improperly brought this motion under 12(f) without providing the standard for a 12(f) motion. Plaintiff's Complaint sufficiently describes his claims including the sections of the FDCPA that were violated and the language from the letter that violated. Plaintiff brought three claims in his recently filed Motion for Summary Judgment: 1) Defendant limited the methods by which Plaintiff could dispute; 2) Defendant limited the time Plaintiff had to dispute by indicating the deadline to dispute was 30 days from the date of the letter; and 3) Defendant failed to provide an accurate accounting of what was owed by Plaintiff. Defendant is only seeking to strike claims 2 and 3.

> **A. Defendant Has Not Raised an Argument about an Insufficient Defense or any Redundant, Immaterial, Impertinent, or Scandalous matter.**

In its motion, Defendant did not raise an argument regarding an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter presented by Plaintiff in its Motion for Summary Judgment. Fed. R. Civ. P. 12(f). It only is

asking the Court to strike two claims that were already pled in Plaintiff's Complaint and are wholly relevant to this case. The two claims at issue do not and will not prejudice Defendant. Therefore, this is not a proper motion and should be denied.

### B. Plaintiff Pled Violations of the Entire FDCPA

Fed R. Civ. P. 12(b) states "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). Plaintiff's complaint alleges the Defendant's letter violated the entire statute of the FDCPA. See Complaint ¶ 4. If Defendant wanted to argue that Plaintiff's complaint was too broadly pled, it should have done so at the early pleading stage with a 12(b) motion to dismiss. However, Defendant failed to do so. Therefore, the scope of Plaintiff's Complaint necessarily includes violations of any and all sections of the FDCPA including the three claims in Plaintiff's Motion for Summary Judgment. Thus, the Court should not strike any claims in Plaintiff's Motion for Summary Judgment.

### C. Plaintiff's Claims 1 and 2 Were Properly Pled in His Complaint

Regarding claims 1 and 2, Plaintiff very clearly pled which section of the FDCPA was violated by Defendant, and included the language from the letter that violated said section of the FDCPA *in the Complaint*. See Complaint ¶¶ 26-27, 32.

Plaintiff included the exact language of the collection letter that violated the FDCPA for Plaintiff's claims 1 and 2 alleged in the Complaint and Motion for Summary Judgment. See Complaint ¶¶ 26-27, 32. Further Plaintiff referenced 15 U.S.C. §1692g(a) multiple times in the Complaint, which is the section that was violated by the language in the Complaint. Defendant can make a reasonable inference from the Complaint that claims under 15 U.S.C. §1692g(a) were alleged by Plaintiff. See *Burnett* at 1236.

Defendant argues that Plaintiff's use of the word "specifically" limits Plaintiff's claims to only the claims following the word "specifically" in paragraph 28 of Plaintiff's Complaint. By making this argument, Defendant is asking the Court to completely ignore the rest of the Complaint, which more than sufficiently pleads claims under all subsections of 15 U.S.C. §1692g(a). By using the word "specifically", Plaintiff was merely including an example of one way that Defendant violated the FDCPA with the letter. Plaintiff was not intending to limit his claims to a particular element or subsection of 15 U.S.C. §1692g(a). See Complaint ¶ 4.

### D. Plaintiff's Claim 3 Was Properly Pled in His Complaint

Regarding claim 3, Plaintiff included the section of the FDCPA that was violated by Defendant as he did with Claims 1 and 2. Complaint ¶¶ 26-27, 32.

However, instead of including the exact language from the letter, Plaintiff referenced the letter in question. *Id.* Defendant had possession of the letter and knew what was included in the letter. Just as with Claims 1 and 2, this is sufficient to put Defendant on notice of all claims under 15 U.S.C. §1692g(a)." See *Bell* at 570.

### E. Defendant's Case Law Can be Distinguished

Defendant cites to a footnote in *Elliot Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1121 n. 27 (10th Cir. 2005). However, in *Elliot*, the Court found that "[g]enerally, failure to set forth in the complaint a theory upon which the plaintiff could recover does not bar a plaintiff from pursuing a claim." *Elliot*, 407 F.3d 1121 citing *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004). "The liberalized pleading rules, however, do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Id.* This is particularly true if permitting a plaintiff to change its theory will prejudice the other party in maintaining its defense. *Id.* In *Elliott*, in its summary judgment motion, attempted to assert an entirely new factual basis for relief which had not heretofore been a part of the case. *Id.*

Here, Plaintiff is not asserting an entirely new factual basis for Claims 2 and 3 in his Motion for Summary Judgment. The facts remain the same. The language in the letter remains the same. The language for Claim 2 was included in the Complaint and the language for Claim 3 was referred to by Plaintiff in the Complaint. Moreover, *Elliot* emphasizes the factor of prejudice to a defendant, and Defendant in the instant case will not be prejudiced should the Court allow Claims 2 and 3 as discussed further below. Therefore, *Elliot* should be distinguished from the instant case.

Defendant cites to dicta in several other cases (i.e. *Norton v. The City of Marietta,* unpublished *Clarke v. Nat'l Payment Relief*) that is unpersuasive. For example, the unpublished case of *Clarke v. Nat'l Payment Relief* is not analogous to this case because plaintiff in that case did not sufficiently list out the actions of the defendant debt collector that violated the FDCPA. On the other hand, the case here is involving violating language in a letter. Plaintiff is not required to identify specific actions of Defendant in his Complaint because the alleged Claims 1, 2, and 3 all relate to the language in the letter.

### F. There is No Prejudice to Defendant

Defendant argues that Plaintiff's alleged "new" claims prejudice Defendant. However, even if Defendant had not reasonably inferred claims under 15 U.S.C.

9

§1692g(a) as pled in the Complaint, Defendant has not and will not be prejudiced going forward. Motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Wright & Miller, *supra,* § 1382; *see Parker v. City of Tulsa*, No.16-cv-0134-CVE-TLW, 2016 U.S. Dist. LEXIS 149669, at *3 (N.D. Okla. Oct. 28, 2016). Prejudice includes the increased time and expense required to conduct discovery or prepare for trial on an irrelevant contention. *See Parker*, 2016 U.S. Dist. LEXIS 149669, at *3.

### i. Plaintiff's Complaint is Based on a Letter Violation

The significant and relevant facts in this case are based on a collection letter drafted and sent by Defendant to Plaintiff and the putative class. The collection letter in question has been in Defendant's possession the entire case. The letter has not changed. Plaintiff's position as to the letter's violations has not changed. Defendant's position has not changed. Nothing that Defendant could find out through discovery will change the letter or the bases for the language in the letter violating the FDCPA. Therefore, Defendant would not suffer any prejudice. Defendant would be in the same place now had it contemplated all of the claims pled in Plaintiff's Complaint

### ii. There is Still Time Left in Discovery

Even if the Court believes that Defendant may have been prejudiced in some way, there is still time left for Defendant to investigate into the claims made by Plaintiff. Defendant could send written discovery requests, depose witnesses, or issue subpoenas to third parties if it felt it was necessary. However, Defendant has not actively sought further discovery after Plaintiff's deposition to time of the filing of this motion. This is likely because Defendant knows nothing it uncovers will impact the merits of this case, which involve a statutory violation.

## V. CONCLUSION

Defendant's 12(f) motion is improper because Defendant does not have grounds for the motion. The Complaint was broadly pled to include all sections of the FDCPA, including the three claims made in Plaintiff's Motion for Summary Judgment. Furthermore, Plaintiff's Complaint clearly alleges violations of a specific section of the FDCPA, 15 U.S.C. §1692g(a). The three claims in Plaintiff's Motion for Summary Judgment will not prejudice Defendant because it all three claims are based on a letter violation. Even if the Court thought Defendant might be prejudiced somehow, there is still time left in discovery for Defendant to investigate. Therefore, the Court should deny Defendant's Motion to Strike claims 2 and 3 in Plaintiff's Motion for Summary Judgment and Motion for Class Certification.

Respectfully Submitted:

Dated: August 14, 2020                                          Respectfully submitted,

                                                                 /s/ Ryan L. McBride
                                                                Ryan L. McBride, Esq.
                                                                Attorney for Plaintiff