Chad C. Rasmussen (13847)
2230 N. Univ. Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION
351 South West Temple, Salt Lake City, UT 84101 - (801) 524-6100

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CASCADE COLLECTIONS LLC, <br><br> Defendant. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CASCADE COLLECTIONS, LLC** <br><br> Case No. 2:20-CV-00120-JNP-DBP <br><br> Judge: JILL N. PARRISH <br> Magistrate Judge: DUSTIN B. PEAD |

Defendant, by and through counsel Chad C. Rasmussen of Alpina Legal, pursuant to Dist. Utah Local Rules 7-1 and 56-1 and Rules 7, 12, and 56 Fed. R. Civ. P., submits this memorandum in opposition to Plaintiff's Motion for Summary Judgment Against Defendant Cascade Collections LLC (the "Motion") (Doc. 17) and respectfully requests this Court to deny the Motion. This opposition is based on the following grounds:

## **INTRODUCTION AND BACKGROUND**

Pursuant to Rule 56-1(c)(1) and (2) DUCivR, Defendant provides the following summary of why the Motion should be denied. Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on the language in a letter

1

(hereinafter "Letter") sent by Defendant. Plaintiff is now seeking summary judgment "as to all of Plaintiff's claims in this case." *See* Motion, p. 1. Plaintiff's Complaint pleads claims that consist of alleged violations based on the fact that the Letter "does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a)" because "[s]pecifically, the Defendant's notice limits the methods for Plaintiff to contact Defendant to a letter through the mail or a phone call. 15 U.S.C. 1692g(a)(3) allows for Plaintiff to notify Defendant through other reasonable means such as facsimile or even in-person. Defendant has limited Plaintiff's rights by making such statement." *See* Complaint, ¶¶ 27, 28. After the parties have conducted discovery, including depositions, Plaintiff's Motion now references and seeks summary judgment on unpleaded claims and issues not raised in his Complaint, including (1) that the language in the Letter provided for contradictory time periods to dispute the debt and (2) that the Letter failed to accurately state the amount of the debt. Plaintiff is now trying to improperly include these unpleaded claims in this lawsuit, to which Defendant objects. This is improper and is a partial basis for why this Court should deny the Motion, as argued below.

Additionally, as more fully argued in Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum in Support (Doc. 22), under Rule 12 Fed. R. Civ. P., Plaintiff does not have standing to bring this case and this Court lacks subject matter jurisdiction, which requires this Court to dismiss this case (thereby denying Plaintiff's Motion). Alternatively, not only should Plaintiff's Motion be denied, but judgment should be entered in favor of Defendant as a matter of law as set forth in its cross-motion for summary judgment (Doc. 22). As alleged in the Complaint, this case is based solely upon the language included in a single letter that was sent to Plaintiff by Defendant. Plaintiff's only cause of action pleaded in the Complaint

stems from the alleged violation of 11 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA") because the language in the letter allegedly illegally limits the methods for Plaintiff to contact Defendant. Plaintiff's claim is based on a manifest hyper-technical procedural violation of the FDCPA. The law, however, does not deem this to be an actionable violation of the FDCPA. Thus, if there is no violation, summary judgment in favor of Plaintiff should be denied. However, even if a violation exists, then the bona fide error defense of 11 U.S.C. § 1692k(c) of the FDCPA results in no liability as a matter of law and, accordingly, this prevents entry of summary judgment in Plaintiff's favor.

In sum, the Motion should be denied because (1) this court lacks jurisdiction over this case; (2) but even if this court does have jurisdiction, there is no violation of the FDCPA as a matter of law; and; (3) even if there is a violation of the FDCPA, Defendant has a bona fide defense. All of this compels the court to deny the Motion.

## RESPONSE TO PLAINTIFF'S STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56-1(c)(3) DUCivR, Defendant responds to Plaintiff's Statement of Elements and Undisputed Material Facts by restating each fact that is in dispute or is immaterial, including a concise statement why. References are also made to Defendant's Appendix of Evidence previously filed (Doc. 23).

<u>Response to Section A. LEGAL ELEMENTS REQUIRED TO PREVAIL</u>

Defendant states that paragraphs 1 through 8 are immaterial because they are not facts. Defendant does note that, as stated in paragraph 4, it is true that "Plaintiff must prove that the **alleged** prohibitive conduct was done 'in connection with the collection of a debt.' " (Bold

emphasis added). Thus it is important that it is the "alleged" conduct as pleaded in the Complaint that is at issue and that gives rise to the salient facts.

Response to Section B. STATEMENT OF FACTS

> **5. On or around April 26, 2019, Defendant sent a letter to Plaintiff corresponding to Plaintiff's auto loan, which included language that differed from the required notices under 15 U.S.C. §1692g(a)(3). [Exhibit B; Decl of Rodriguez, ¶ 9].**

Response: Defendant admits that it sent a letter, but the remainder of this statement is a legal conclusion that Defendant disputes. For the reasons set forth herein and as argued in Defendant's own motion to dismiss and for summary judgment (Doc. 22), the language as pleaded in Plaintiff's Complaint has not differed from the required notices under the FDCPA. *See generally* Doc. 22.

> **6. Defendant admits it is a debt collector. [Exhibit C, pg. 13, l. 5-9, 13-14, 19-25].**

Response: Defendant admits it is a debt collector as it relates to Plaintiff only. As to the putative class it is disputed whether Defendant is a debt collector. *See* Declaration of Tucker Morris (attached to Defendant's Appendix as Exhibit "A" (Doc. 23)), ¶¶ 11, 12.

> **7. The bill of sale from Astor confirms that Plaintiff's debt was an auto loan debt incurred for the Plaintiff's use in a personal capacity as opposed to on behalf of a business. [Exhibit A].**

Response: Defendant disputes this because the citation provided to support statement this fails to demonstrate the existence of this fact. Also, see Defendant's Appendix (Doc. 23) – Exhibit "A," ¶¶ 11, 12.

> **8. Defendant admits that Plaintiff's debt for a vehicle purchase is a consumer debt. [Exhibit A; Exhibit C, pg. 25, l. 23-25; pg. 26, l. 3-8].**

4

Response: Defendant admits that Plaintiff's debt for his vehicle purchase is a consumer debt as it relates to Plaintiff only. As to the putative class it is disputed whether a debt for a vehicle purchase is a consumer debt. *See* Defendant's Appendix (Doc. 23) – Exhibit "A," ¶¶ 11, 12.

> **11. Defendant included the following language in its April 26, 2019 letter to Plaintiff:**
> **If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900- 3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. [Exhibit B].**

Response: Although Defendant admits it sent a letter, as more fully set forth in Defendant's Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21), Defendant objects to this fact and disputes its materiality to the extent it is not "alleged" conduct on which Plaintiff is now seeking summary judgment.

> **12. Defendant also included the following language in its letter:**
> **Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance. [Exhibit B].**

Response: Although Defendant admits it sent a letter, as more fully set forth in Defendant's Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21), Defendant objects to this fact and disputes its materiality to the extent it is not "alleged" conduct on which Plaintiff is now seeking summary judgment.

**DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Rule 56-1(c)(4) DUCivR, Defendant also provides additional relevant facts that show there is a genuine dispute of material fact that preclude entry of summary judgment, as a matter of law, in favor of Plaintiff. For this Defendant incorporates by reference, as if set forth herein, all of the Statement of Relevant and Undisputed Material Facts contained in its Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum in Support (Doc. 22 - *see* pp. 2–9).

**ARGUMENT**

Pursuant to Rule 56-1(c)(5) DUCivR, Defendant provides the following argument and authority in support of its opposition to the Motion:

A. **STANDARD**

**Summary Judgment**

A motion for summary judgment should be granted if (1) there is no genuine dispute, (2) as to any material fact, and (3) the moving party is entitled to judgment. *See Beard v. Banks*, 548 U.S. 5211, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006). If a defendant is also moving for summary judgment based on an affirmative defense, "[t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997). Additionally, the Tenth Circuit has stated that "the evidence must be viewed in the light most favorable to the nonmoving party." *Nationwide Mut. Ins. Co. v. U.S.*, 3 F.3d 1392, 1394 (10th Cir. 1993); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (explaining that when reviewing a grant of summary judgment and necessarily viewing the evidence in the light most favorable to the nonmovant, "[a]ll justifiable inferences

are to be drawn in his favor and his evidence is to be believed").

**FDCPA Lawsuits**

When analyzing a claim under the FDCPA, the "overwhelming majority of Courts of Appeals" have applied some form of the "least sophisticated consumer" standard. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 n.3 (3d Cir. 2015). "The Tenth Circuit appears to have never explicitly embraced-but certainly never disclaimed-the standard." *Id.* In an unpublished decision, the Tenth Circuit recognized that other circuits apply an objective standard when analyzing FDCPA claims, "measured by how the 'least sophisticated consumer' would interpret the notice from the debt collector." *Ferree v. Marianos*, No. 97-6061, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (citation omitted); *see also Fouts v. Express Recovery Servs., Inc.*, 602 Fed.Appx. 417, 421 (10th Cir. 2015) (applying the "least sophisticated consumer" standard). Based on this guidance from the Tenth Circuit, this Court should apply the least sophisticated consumer standard to Plaintiff's claim. The inquiry under this standard is "how the least sophisticated consumer—one not having the astuteness of a [lawyer] or even the sophistication of the average, everyday, common consumer—understands the notice . . . she receives." *Ferree*, 129 F.3d at *1 (*quoting Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

**B. PLAINTIFF MAY NOT SEEK JUDGMENT ON UNPLEADED CLAIMS**

Plaintiff is improperly and unfairly seeking summary judgment on claims he has not pleaded and has raised for the first time in his Motion. This is improper and Defendant objects to

this tactic and attempt to bring in new, unraised and unpleaded claims that were not identified or pleaded in his Complaint. As more fully set forth in Defendant's Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21), this Court should not consider the unpleaded claims in ruling on Plaintiff's Motion. Defendant incorporates by reference, as if set forth herein, all of the facts and arguments laid out in Defendant's motion to strike (Doc. 21). The unpleaded claims based on contradictory time periods (*see* section IV.A.5(i) (p. 11) of the Motion) and based on the amount of the debt (*see* section IV.A.5(iii) (p. 11) of the Motion) were not pleaded in the Complaint and have been raised for the first time in Plaintiff's Motion. This precludes Plaintiff from being able to seek judgment on these two claims.

### C. EVEN IF THE FACTS ARE AS PLAINTIFF ALLEGES, THERE IS NO VIOLATION OF THE FDCPA AS A MATTER OF LAW

Defendant incorporates by reference, as if set forth in its entirety, argument sections B and C of its Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum in Support (Doc. 22 - *see* pp. 14–27). As a matter of law there is no violation of the FDCPA because there is no injury-in-fact and because Plaintiff, as a least sophisticated consumer himself, was not confused by the Letter and, in fact, did exactly what it advised (which was to call to dispute the debt). Furthermore, Plaintiff testified that his only worry with the Letter was related to his fear of getting his wages garnished; he was not worried or confused in any way related to the supposed contradictory time periods or the amount of debt stated in the Letter. Thus, given the standard for adjudicating FDCPA claims and violations, there is no violation of the FDCPA given the undisputed facts

### D. EVEN IF THE DEFENDANT DID VIOLATE THE FDCPA, GIVEN THE UNDISPUTED FACTS, DEFENDANT'S BONA FIDE ERROR DEFENSE PRECLUDES ENTRY OF SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

In order to successfully assert this defense, Defendant must prove that the alleged violation was "(1) unintentional, (2) a bona fide error, and (3) made despite 'the maintenance of procedures reasonably adapted to avoid' the violation." *Johnson v Riddle*, 305 F3d 1107, 1121 (10th Cir. 2002). Moreover, Defendant "need not employ a procedure that catches every error before it is made, rather it must have reasonable procedures to prevent errors to succeed in its defense." *Reed v AID Assocs*., 573 F. Supp. 2d 1105, 1108 (S.D. Ind. 2008). Also, in the Tenth Circuit, the bona fide error defense of 15 U.S.C. §1692k((c) can be applicable when a debt collector has an erroneous belief that it can collect amounts not permitted by law. *See Johnson v Riddle*, 305 F3d at 1121.

In *Abdollahzadeh v. Mandarich Law Group, L.L.P*., 922 F.3d 810 (7th Cir. 2019), a debt collector used the date of last attempted payment to calculate the statute of limitations. *Id.* at 812. However, the last attempted payment did not clear and the date of the last successful payment meant that the account was time-barred when the debt collector sued the debtor in state court. *Id.* The Seventh Circuit upheld the district court decision granting summary judgment in favor of the debt collector on the debtor's FDCPA's claims, concluding that the debt collector satisfied the elements of a bona fide error defense. *Id.* The court found that the error was unintentional despite that the fact that the debt collector opposed dismissal of the state court lawsuit after learning that the debt was time-barred because the debt collector "determined that it had a good-faith basis to oppose the dismissal motion." *Id.* at 816. The court rejected the debtor's argument that the debt collector should not have relied on information provided by the creditor where the creditor disclaimed the accuracy of the information provided about the debt, stating that " 'the FDCPA does not require collectors to independently verify the validity of the debt to qualify for the 'bona

fide error' defense.' " *Id.* (*quoting Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004)). In affirming, the court concluded that the debt collector's procedures were reasonably adapted to avoid the error where: the debt collector relied on information provided by the creditor; account data was automatically scrubbed for out-of-statute debt; the creditor provided an affidavit; and an attorney examined the account to check for time-barred debt. *Id.* at 818 The court stated as follows:

> The law firm relied on account information provided by its client. The account data was subjected to an automated scrub that culled out-of-statute debts, and CACH supplied an affidavit attesting that the information in its report was correct. Finally, a Mandarich attorney examined the account to check whether a collection action would fall outside the applicable limitations period. These procedures didn't catch the mistake here, but "§ 1692k(c) does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution."

*Id.*

The case *sub judice* is an appropriate one for applying the bona fide error defense of § 1692k(c) of the FDCPA. Just like the debt collector in *Abdollahzadeh*, Defendant satisfies the requirements for establishing a bona fide error. Specifically, Defendant had no intention of committing a violation of the FDCPA, and its procedure of making changes to this letters and reviewing them prior to sending them, together with having its attorney examine and revise the form letters, manifest this intention of (1) trying to be compliant with the FDCPA and (2) not violating the FDCPA. These facts also manifest that the error was truly bona fide. Finally, the procedures, both written and unwritten, used by Defendant speak directly to what language is used in the letters and, therefore, are reasonably adapted to avoid the alleged violation complained of in the Complaint. Based on this, even if a violation of the FDCPA has occurred, Defendant has a defense under 11 U.S.C. 1692k(c) and, based on the facts that form the basis of

this defense, this court cannot grant Defendant's Motion.

## CONCLUSION

In conclusion, a review of the Complaint and the actual letter that is the subject of the Complaint, together with the applicable law, shows that Plaintiff lacks standing and has no injury-in-fact, which prevents this Court from granting Defendant's Motion. In fact, this requires this Court to dismiss this case. Furthermore, given the undisputed facts, no violation has been committed by Defendant, but even if Defendant has committed a violation of the FDCPA, such violation is subject to the bona fide error defense contained in the FDCPA, which also prevents this court from granting Defendant's Motion. For these reasons Plaintiff's Motion should be denied and, instead, Defendant's motions (Docs. 21 and 22) should be granted, disposing of this case.

DATED this 14th day of August, 2020.

/s/ Chad C. Rasmussen
Chad C. Rasmussen
*Attorney for Defendant*

CERTIFICATE OF SERVICE

       I hereby certify that on the 14th day of August, 2020, I sent a copy of this Memorandum by electronic court filing notification, to the following:

David J. McGlothlin
KAZEROUNI LAW GROUP, APC
2633 E Indian School Road, Ste. 460
Phoenix, AZ 85016
(602) 900-1288
ryan@kazlg.com
david@kazlg.com

Theron D. Morrison
Cory Cottam
MORRISON LAW GROUP
290 25th St., Ste 102
Ogden, UT 84401
(801) 392-9324
therondmorrison@gmail.com
cory@morlg.com

                                                   /s/ Chad C. Rasmussen
                                                   Chad C. Rasmussen