David J. McGlothlin (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC,**<br><br>Defendant. | Case No. 2:20-cv-00120-JNP<br><br>**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CASCADE COLLECTIONS, LLC**<br><br>Hon. Hon. Jill N. Parrish |

## I.    INTRODUCTION

Defendant's Opposition provides little support for its positions regarding the FDCPA violations and its bona fide error defense.    Furthermore, Plaintiff has sufficiently pled all three claims in its Complaint and its MSJ. Finally, based on the relevant case law, Plaintiff has Article III standing. Therefore, Plaintiff respectfully

requests this Court grant Plaintiff's Motion for Summary Judgment as to the liability of Defendant.

## II. REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

6. Defendant admits it is a debt collector. [Exhibit C, pg. 13, l. 5-9, 13-14, 19-25].

Defendant's Response: Defendant admits it is a debt collector as it relates to Plaintiff only. As to the putative class it is disputed whether Defendant is a debt collector.

**Plaintiff's Reply: Defendant cannot choose when it is a debt collector and when it is not. The FDCPA defines a "debt collector" as:**

> **[A]ny person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly, or indirectly, debts owed or due or asserted to be owed or due another.**

*15 U.S.C. § 1692(a)(6); Washburn v. Saxon Mortg. Servs.*, **2012 U.S. Dist. LEXIS 204111 (D. Ut. 2012).**

Defendant further incorporates an additional 42 facts (over seven pages) from its Motion for Summary Judgment. Plaintiff believes this is improper pursuant to DUCivR 7-1(a)(1). However, so as to promote efficiency and not to prejudice Plaintiff, Plaintiff incorporates his responses to Defendant's facts included in his Response to Defendant's Motion to Dismiss or alternatively for Summary Judgment.

## III.  ARGUMENT

### A. Plaintiff Has Article III Standing

The issue of Article III standing was not an issue brought up in Plaintiff's Motion for Summary Judgment. Therefore, Plaintiff does not believe it is properly brought in Defendant's response. In addition, Plaintiff addressed this argument in Defendant's Motion to Dismiss or alternatively for Summary Judgment. In order to fully address Defendant's arguments Plaintiff will address here again.

To have standing to bring an action in federal court, the District Court examines the following three factors: (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The first factor, injury in fact, is the only factor that seems to be called into question by Defendant. An injury in fact must be both particularized and concrete. *Lujan*, 504 U.S. at 560. An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 194 L. Ed. 2d at 644.  An injury is concrete if it is real and actually exists. *Id.* at 644-645. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," even if those harms "were previously inadequate in law." *Spokeo* at 645.  Congress has the power to enact statutes that create legal rights, "the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3

(1973). "[A] plaintiff who alleges a violation of a statutory right to receive information alleges a concrete injury. *Nicklaw v. CitiMortgage, Inc.*, 2016 U.S. App. LEXIS 18206; also See *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982). The *Nicklaw* court went on to agree with the Spokeo ruling and say, "intangible injuries may satisfy the Article III requirement of concreteness." *Id.*

The Spokeo Court also emphasized that Congress can elevate the violation of procedural rights to a concrete injury if they protect against an identified harm, and "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Spokeo* at 646 (emphasis in original). Of course, "a bare procedural violation" will not give rise to an Article III injury. *Id.* However, a "person who has been accorded a procedural right to protect his concrete interests" has standing to assert that right. *Lujan*, 504 U.S. at 572 n.7.

The out-of-circuit *Casillas* case cited by Defendant found that the plaintiff "must show that the violation harmed or 'presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect.'" *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329 (7th Cir. 2019). Distinguishing the *Casillas* case, a District Court in the Tenth Circuit found "[w]ith respect to the alleged FDCPA violations at issue in this case, '[a]n overwhelming majority of courts have determined sections

1692e and 1692f of the FDCPA provide *substantive* rights to consumers,' i.e., the right to truthful and fair disclosures, not *procedural* rights like those *Spokeo, Casillas, Hagy*, and *Huff* dealt with." *Zuniga v. TrueAccord*, 2020 U.S. Dist. LEXIS 95445 (D. Nm. 2020) (citing *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1198 (M.D. Fla. 2019) (emphasis added by *Zuniga* court)). The *Zuniga* court further found that "Plaintiff need not allege any further harm to establish an injury in fact because she alleges violations of substantive rights under Sections 1692e and 1692f." *Id* at 18-19; See also *Cooper v. Stephen Bruce & Assocs.*, 2019 U.S. Dist. LEXIS 1013, 2019 WL 97826, at *4 (W.D. Okla.) (concluding that "where a plaintiff alleges that a defendant violated the FDCPA by including a materially misleading statement in a debt-collection letter ... she need not allege any further harm to demonstrate a concrete injury for purposes of constitutional standing")

Defendant has violated the FDCPA by including language in a letter that limits Plaintiff's and the putative class's rights in three different ways as described in Plaintiff's Motion for Summary Judgment. Defendant's violations of the FDCPA constitute a concrete injury as defined by congress because congress has specifically identified these rights in the FDCPA, which are substantive rights. See *Spokeo* at 646; see also *Zuniga* at 18-19. Plaintiff need not allege additional harm beyond the statutory violations of the FDCPA. See *Id.* Furthermore, Plaintiff has pled that the language used by Defendant was confusing, which creates an appreciable risk of harm even under the

non-controlling *Casillas* case cited by Defendant. See Plaintiff's Complaint, ¶¶ 27, 31-33 Therefore, Plaintiff has Article III standing and the case should not be dismissed.

### B. Plaintiff Claims Were Properly Pleaded

As discussed in Plaintiff's response to Defendant's Motion to Strike and Defendant's Motion to Dismiss or alternatively for Summary Judgment, all three of Plaintiff's claims were properly pleaded and should not be stricken. Defendant is essentially asking the Court for relief in this opposition, which is improper. However, Plaintiff will thoroughly address the argument in an abundance of caution.

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Wash. Nat'l Ins. Co.*, 2015 U.S. Dist. LEXIS 164484 (D. Ut. 2015). "Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Kirby v. Tulsa Cmty. Coll.*, 2018 U.S. Dist. LEXIS 89559 (N.D. Okla. 2018) citing *Oilfield Improvements, Inc. v. Coston*, No. 10-CV-577-TCK-TLW, 2012 U.S. Dist. LEXIS 68104, at *3 (N.D. Okla. May 15, 2012) (internal citations omitted); *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. ed. 2012).

If Defendant wanted to argue that Plaintiff's complaint was too broadly pled, it should have done so at the early pleading stage with a 12(b) motion to dismiss. However, Defendant failed to do so. Therefore, the scope of Plaintiff's Complaint necessarily includes violations of any and all sections of the FDCPA including the three claims in Plaintiff's Motion for Summary Judgment. See Complaint ¶4. The three claims alleged in Plaintiff's Motion for Summary Judgment should be permitted as they were properly pled. Thus, the Court should not strike any claims in Plaintiff's Motion for Summary Judgment.

### i. Plaintiff's Claims 1 and 2 Were Properly Pled in His Complaint

Regarding claims 1 and 2, Plaintiff very clearly pled which section of the FDCPA was violated by Defendant, and included the language from the letter that violated said section of the FDCPA *in the Complaint*. See Complaint ¶¶ 26-27, 32. Plaintiff included the exact language of the collection letter that violated the FDCPA for Plaintiff's claims 1 and 2 alleged in the Complaint and Motion for Summary Judgment. See Complaint ¶¶ 26-27, 32. Further Plaintiff referenced 15 U.S.C. §1692g(a) multiple times in the Complaint, which is the section that was violated by the language in the Complaint. Defendant can make a reasonable inference from the Complaint that claims under 15 U.S.C. §1692g(a) were alleged by Plaintiff. See *Burnett* at 1236.

Defendant argues that Plaintiff's use of the word "specifically" limits Plaintiff's claims to only the claims following the word "specifically" in paragraph 28 of Plaintiff's Complaint. By making this argument, Defendant is asking the Court to completely ignore the rest of the Complaint, which more than sufficiently pleads claims under all subsections of 15 U.S.C. §1692g(a). By using the word "specifically", Plaintiff was merely including an example of one way that Defendant violated the FDCPA with the letter. Plaintiff was not intending to limit his claims to a particular element or subsection of 15 U.S.C. §1692g(a). See Complaint ¶ 4.

### ii. Plaintiff's Claim 3 Was Properly Pled in His Complaint

Regarding claim 3, Plaintiff included the section of the FDCPA that was violated by Defendant as he did with Claims 1 and 2. Complaint ¶¶ 26-27, 32. However, instead of including the exact language from the letter, Plaintiff referenced the letter in question. *Id.* Defendant had possession of the letter and knew what was included in the letter. Just as with Claims 1 and 2, this is sufficient to put Defendant on notice of all claims under 15 U.S.C. §1692g(a)." See *Bell* at 570.

### iii. There is No Prejudice to Defendant

Defendant argues in its Motion to Strike that Plaintiff's alleged "new" claims prejudice Defendant. However, even if Defendant had not reasonably inferred claims under 15 U.S.C. §1692g(a) as pled in the Complaint, Defendant has not and will not be prejudiced going forward. Motions to strike "should be denied unless the challenged

allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Wright & Miller, *supra*, § 1382; *see Parker v. City of Tulsa*, No.16-cv-0134-CVE-TLW, 2016 U.S. Dist. LEXIS 149669, at *3 (N.D. Okla. Oct. 28, 2016). Prejudice includes the increased time and expense required to conduct discovery or prepare for trial on an irrelevant contention. *See Parker*, 2016 U.S. Dist. LEXIS 149669, at *3.

The significant and relevant facts in this case are based on a collection letter drafted and sent by Defendant to Plaintiff and the putative class. The collection letter in question has been in Defendant's possession the entire case. The letter has not changed. Plaintiff's position as to the letter's violations has not changed. Defendant's position has not changed. Nothing that Defendant could find out through discovery will change the letter or the bases for the language in the letter violating the FDCPA. Therefore, Defendant would not suffer any prejudice. Defendant would be in the same place now had it contemplated all of the claims pled in Plaintiff's Complaint.

### C. Defendant Violated the FDCPA and the Violation was Material Under the Least Sophisticated Consumer Standard

Defendant argues that Plaintiff is a least sophisticated consumer. The least sophisticated consumer is a hypothetical objective standard set by courts in part to determine whether a material violation exists. See *Moore v. Express Recovery Serv.*,

2019 U.S. Dist. LEXIS 718 (D. Ut. 2019) (citing *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)). "Material false statements, we have held, are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Afewerki*, 2015 U.S. Dist. LEXIS 186253 (9th Cir. 2017) (citing *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014)). Furthermore, courts have found that when there is a violation of an enumerated section of the FDCPA that would mislead the least sophisticated consumer, then the violation is clearly material. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

Here, Defendant's arguments regarding whether Plaintiff was confused or not are irrelevant because the standard is an objective one. *Id.* Furthermore, the violation is regarding the language in the letter, not Plaintiff's reaction to the language in the letter. Even if Plaintiff's reactions were relevant, Plaintiff was confused by the misleading language in the letter. See Declaration of Plaintiff Francisco Rodriguez in Support of Plaintiff's Motion for Summary Judgment "Plaintiff's Decl." (ECF # 17-1), ¶¶14-18.

### D. Defendant Has Failed to Assert a Valid Bona Fide Error Defense

Defendant does not have a valid bona fide error defense mainly because it is claiming the error was a mistake of law. A "defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures

reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006); see also *Johnson v. Riddle*, 296 F. Supp. 2d at 1287 (D. Utah 2003); see also *Johnson v. Riddle*, 305 F.3d at 1121 (10th Cir. 2002).

Whereas the intent prong of the bona fide error defense is a subjective test, the bona fide and the procedures prongs are necessarily objective tests. See *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 933 (N.D. Ind. 2004); *Caputo v. Prof'l Recovery Servs., Inc.*, 261 F. Supp. 2d 1257-58, 1255 (D. Kan. 2003); *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 43 n.8 (D. Me. 2002); *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1045 (W.D. Wis. 2002); *Edwards v. McCormick*, 136 F. Supp. 2d 795, 801 n.8 (S.D. Ohio 2001).

As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector "maintained"- i.e., actually employed or implemented--procedures to avoid errors; and, second, whether the procedures were "reasonably adapted" to avoid the specific error at issue. See 15 U.S.C. § 1692k(c); see also *Jenkins v. Heintz*, 124 F.3d 824, 834, 835 (7th Cir. 1997) (finding debt collector conclusively established procedures prong where the debt collector actually employed both general procedures to comply with the FDCPA and specific procedures designed to avoid the error at issue); *Frye v. Bowman*, 193 F. Supp. 2d 1070, 1088-89 (S.D. IN 2002) (finding procedure prong satisfied

based on debt collector's unrebutted evidence that it maintained both general and specific procedures).

Here, there are multiple problems with Defendant's alleged bona fide error defense.

### i. Mistake of Law is Not a Bona Fide Error

Defendant alludes to the "error" committed by Defendant having to do with drafting the incorrect language in the letter that did not comply with the FDCPA. *See Defendant's Motion for Summary Judgment*, pg. 29. This is a mistake of law, and as a result, the "error" was intentional under the bona fide error defense. The United States Supreme Court in *Jerman* found that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573 (S. Ct. 2010). The Supreme Court further analyzed that "[w]e have long recognized the "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Id.* at 581 citing *Barlow* v. *United States*, 32 U.S. 404, 7 Pet. 404, 411, 8 L. Ed. 728 (1833) (opinion for the Court by Story, J.). "Our law is therefore no stranger to the possibility that an act may be "intentional" for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Jerman* at 583

citing *Kolstad* v. *American Dental Assn.*, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

Courts have further clarified the mistake of law defense to bona fide error:

> Since proof of intent is not necessary to establish an FDCPA violation, Defendants may not shoehorn an advice-of-counsel defense into the statute. Mistake of law is explicitly excluded from the bona fide error defense. In addition, attorneys have been found not to be exempt from liability for FDCPA violations under a litigation exemption.

*Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Ca. 2000).

Defendant's procedures regarding drafting the language in the letter includes employing its attorney, Chad Rasmussen, to draft and review the letters for compliance with the law before they are sent. Exhibit C, pg. 32-34, l. 1-3; pg. 35-37, l 5-7. Incidentally, Mr. Rasmussen is also the owner of Defendant. *Id.* at pg. 12, l. 7-8. According to Defendant, Defendant's procedures subsequently involve Defendant's office manager reviewing the letters to see if the correct contact information for consumers is included. *Id.* at pg. 33, l. 8-22. According to Defendant, Defendant's office manager will review to see if the language in the letter complies with the law. *Id*. Neither Ms. Tartaglia nor Mr. Morris are attorneys. Exhibit C, pg. 9, l. 22-25; Exhibit F, pg. 7-8, l. 19-1.

///

///

## ii.    There Was not An Error

Defendant has not admitted or identified an error that led to including the violating language in the error.  In fact, Defendant's Fed. R. Civ. P. 30(b)(6) witness, Tucker Morris, gave contradictory and confusing testimony on the subject. First, Mr. Morris testified there was not an error made in regards to the letter. Exhibit C, pg. 31, l. 19-25.  Then, when questioned by his own attorney, Mr. Morris retracted his previous statement and testified there was an error and the error was the fault of Diana Tartaglia, the former office manager for Defendant. Exhibit C, pg. 55, l. 1-12. Finally, when pressed by Plaintiff's counsel, Mr. Morris testified that *if* there was a violation of the FDCPA, *then* there was an error. Exhibit C, pg. 63, l. 8-21. However, if there was *not* a violation of the FDCPA, then there was *not* an error made by Defendant. *Id*. In order to have a bona fide error defense, Defendant must identify an error, and in turn, admit to a violation. *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 420 (8th Cir. 2008) (An **identified** error must be 'objectively bona fide,' which the Eighth Circuit has clarified means 'plausible and reasonable,' and must have been 'made despite the use of procedures reasonably adapted to prevent that specific error.') [bold emphasis added].   Defendant's head-spinning testimony demonstrates not only its misunderstanding of the bona fide error defense, but more importantly its willingness to say anything to avert liability.

///

### iii.    Defendant Did not Maintain Reasonable Procedures

Plaintiff's counsel subsequently deposed Diana Tartaglia, the former office manager for Defendant. Ms. Tartaglia testified that in her capacity as office manager, it was *not* in her job description to review the letters to see if they complied with the law. Exhibit F, pg. 25-26, l. 11-1. Ms. Tartaglia further denied that she had made an error in sending out the letter to Plaintiff. *Id.* at pg. 28-29, l. 13-7. Ms. Tartaglia also testified that in her capacity as office manager, Defendant had never asked her to review the language in the letter except for the purpose of confirming contact information for consumers. *Id.* at pg. 25, l. 11-25.  Therefore, even if mistakes of law were allowed to be used in support of a bona fide error (which they should not be), Defendant still failed to maintain the procedures described by Defendant's 30(b)(6) representative because Ms. Tartaglia was not directed to review the letter at issue. *Id.* Additionally, Defendant's procedure that an office manager without a law degree reviews language to make sure it complies with the FDCPA is not reasonably adapted to avoid specifically alleged violating language in the letters. Therefore, Defendant's alleged procedures were not reasonably adapted. Additionally, the procedures were not followed.

Moreover, Defendant was not able to provide a procedure for how often the collection letters should be reviewed by its attorney. Exhibit C, pg. 33-34, l. 8-15. The last time that Mr. Rasmussen had reviewed the particular template for the collection

letter that was sent to Plaintiff was in January of 2018, nearly a year and a half before the letter was sent to Plaintiff on April 26, 2019. *Id.* at pg. 34-35, l. 16-4. Thus the procedures described by Defendant are not reasonable.

### iv. Defendant's Case Law Is Distinguishable

Defendant essentially cites two cases in support of its alleged bona fide error defense. The first is *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002). Defendant correctly points out that the 10th Circuit in *Johnson* found that the bona fide error may be applicable to debt collectors collecting amounts not permitted by law. *Johnson* at 1123-1124. However, the later U.S. Supreme Court of case, *Jerman*, overturned this finding, holding that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute. *Jerman,* 559 U.S. 573 (S. Ct. 2010). Furthermore, Defendant's "error" here was *not* attempting to collect legally incorrect amounts from Plaintiff. The error was instead including language that clearly averted from the FDCPA and would clearly mislead the least sophisticated consumer.

The second case Defendant cites in support of its response is *Abdollahzadeh v. Mandarich Law Group*, which found there was a valid bona fide error defense for a defendant that relied on the original creditor for information regarding the statute of limitations. *Abdollahzadeh v. Mandarich Law Group*, 922 F.3d 810 (7th Cir. 2019). Defendant here did not rely on an original creditor to draft its collections letters. It

instead relied on its attorney (who is the owner of Defendant) to draft and review the violating collection letter sent to Plaintiff. The facts are quite distinct. *Abdollahzadeh* is not persuasive here.

## IV. CONCLUSION

Based on the in-circuit and out-of-circuit case law, Plaintiff has Article III standing. Furthermore, Plaintiff has properly pled all three of the claims made in his Motion for Summary Judgment and there is no prejudice to Defendant as a result of the three claims. Defendant's arguments regarding the least sophisticated consumer show its lack of understanding of the standard and its arguments are unpersuasive. Finally, Defendant has failed to meet any of the three prongs of the bona fide error defense. Therefore, the Court should grant Plaintiff's Motion for Summary Judgment.

Dated: August 28, 2020            **KAZEROUNI LAW GROUP, APC**

By: /s/ Ryan L. McBride
Ryan L. McBride, Esq.
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment against Defendant* has been filed this 28th day of August 2020, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.

By: /s/ Ryan L. McBride
Ryan L. McBride, Esq.