Chad C. Rasmussen (13847)
2230 N. Univ. Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION
**351 South West Temple, Salt Lake City, UT 84101 - (801) 524-6100**

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CASCADE COLLECTIONS LLC, <br><br> Defendant. | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE UNPLEADED CLAIMS** <br><br> Case No. 2:20-CV-00120-JNP-DBP <br><br> Judge: JILL N. PARRISH <br> Magistrate Judge: DUSTIN B. PEAD |

Defendant, by and through counsel Chad C. Rasmussen of Alpina Legal, pursuant to Dist. Utah Local Rule 7-1 and Rules 7, 12, and 56 Fed. R. Civ. P., submits its memorandum in reply to Plaintiff's Francisco Rodriguez's Response to Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment (Doc. 31)(the "Opposition") and in support of Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment and Memorandum in Support (Doc. 22)(the "Motion") as follows:

## MATTERS RAISED IN DEFENDANT'S OPPOSITION

As it relates to Defendant's request to dismiss in the Motion, Plaintiff's Opposition simply asserts and argues that Plaintiff does have standing. As it relates to Defendant's request for summary judgment in the Motion, Plaintiff's Opposition contends that the Motion misinterprets and misapplies the law regarding the FDCPA and that Defendant cannot assert the bona fide error defense, as well as Plaintiff addresses new, previously unraised and unpleaded

1

claims and issues in his Opposition.

Plaintiff's Opposition relies not only upon his pleaded claim for violation of the FDCPA based upon limiting language related to *how* he may dispute the debt Defendant sought to collect, but also on his unpleaded claims related to a contradictory time period and the alleged amount of the debt does not somehow comply with the FDCPA. As requested elsewhere by Defendant, Plaintiff's reference and use of the unpleaded claims should be disregarded and ignored by the Court.

However, Plaintiff's standing is lacking and he has failed to show how it exists. But even if this Court finds that he does have standing, the bona fide error defense at a minimum applies to his claims based on violations of sections 1692e and 1692f of the FDCPA because those sections speak to using "false, deceptive, or misleading" or "unfair or unconscionable" means to collect a debt, and the evidence extant manifests that Defendant did not intend to use any such means and that if such means were in fact employed, it was due to a bona fide error despite the procedures that it was following in drafting and sending out its collection letters. And if this bona fide error defense exists as to these sections of the FDCPA, then any violation of section 1692g would rise only to the level of a procedural violation, which is not actionable as dictated by the United States Supreme Court.

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

Defendant replies to some noteworthy responses by Plaintiff to the Motion's Statement of Relevant and Undisputed Material Facts.

In response to Statement of Fact no. 4, which states that the Complaint is silent on the issue of the stated amount of the debt in the letter, Plaintiff disputes the statement and, as basis

for the dispute, simply states that the "Complaint references the letter in question and **alleges that the Letter violated the entire FDCPA.**" (Bold emphasis added). However, this is patently not an adequate dispute. This goes to the heart of sufficient pleading requirements. If anyone can simply reference a letter and state that it violates the entire FDCPA without identifying how it violates the FDCPA, federal pleading requirements would be meaningless; instead, such a pleading would fail to state a claim. The same applies to Plaintiff's dispute of Statement of Fact no. 5, which states that the Complaint is silent on the issue of contradictory time periods.

In response to Statement of Fact nos. 7–13, 15, 17–34, 40, and 41 Plaintiff fails to dispute them (except for no. 23) but states that they are immaterial. However, they are very material to determining the issue of whether he has standing in this case. These facts shed light on the issue of whether Plaintiff has an injury-in-fact that is both (1) concrete and (2) particularized. These facts are also material and relevant on the issue of whether Defendant has a bona fide defense.

Lastly, there are multiple Statements of Fact, such as nos. 23, 35, 37 that are disputed but there is no reference to or citation to any evidence or other document that controverts the stated facts. As such, these are not truly disputed under Rule 56 Fed. R. Civ. P.

**<u>OBJECTION TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS</u>**

Defendant responds to certain statement of facts provided in the Opposition. In general, Defendant objects to Plaintiff's raising new and previously unpleaded claims or theories of recovery in his Opposition, and Defendant incorporates by reference as if set forth fully herein its Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21) for a further explanation of the basis for this objection. Defendant restates verbatim each additional fact provided by Plaintiff and then provides its response as follows:

5. Defendant admits it is a debt collector. [Exhibit C, pg. 13, l. 5-9, 13-14, 19-25].

**Response:** In response to additional statement of fact no. 5, Defendants admitted as to Plaintiff Francisco Rodriguez that it is a debt collector for purposes of the FDCPA, but it did not admit it was a debt collector for purposes of the FDCPA for all members of the putative class.

6. The bill of sale from Astor confirms that Plaintiff's debt was an auto loan debt incurred for the Plaintiff's use in a personal capacity as opposed to on behalf of a business. [Exhibit A].

**Response:** In response to additional statement of fact no. 6, the Exhibit A cited by Plaintiff is not a bill of sale and it is not from Astor Bros., so it is unclear what this fact is based upon and is therefore disputed as such.

10. Defendant also included the following language in its letter: Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance. Exhibit B.

**Response:** In response to additional statement of fact no. 10, Defendant objects to this because it is an attempt to buttress and, in essence, plead a new claim that was not raised or pleaded in the complaint filed by Plaintiff. This court should disregard this fact to the extent it impinges on any unpleaded claim and on Defendant's Motion. As such, Defendant incorporates by reference as if set forth fully herein its Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21) for a further explanation of the basis for this response and objection.

# ARGUMENT

A. **Reply in support of Motion to Dismiss**

Plaintiff's Opposition fails to fully analyze the law regarding standing and failed to apply the law to the salient facts on the issue of injury-in-fact as it relates to Plaintiff himself. Plaintiff, as the named plaintiff, must show he has standing to bring this case, something he has failed to do.

First, Plaintiff relies upon the unpublished opinion of *Zuniga v. True Accord*, No. 18-683-KG-KRS (D.N.M. June 1, 2020) (unpublished) for the proposition that sections 1692e and 1692f of the FDCPA provide substantive rights. However, the case *sub judice* is premised upon an alleged violation of section 1692g, wherein Plaintiff has alleged that the "language [in the letter] does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a) and was, therefore, defective." *See* Complaint, ¶ 27. Section 1692g of the FDCPA speaks to procedural requirements and, therefore, is similar to "*Spokeo*, *Casillas*, *Hagy*, and *Huff*," as referenced in *Zuniga*. Thus, *Zuniga*'s own analysis distinguishes itself from this case. Of importance is the fact that Defendant did indeed include language of how to dispute the debt, which included both oral and written ways, and this was done all because of the prescription of 1692g, not in derogation of 1692g. In *Spokeo*, the alleged consumer reporting agency had allegedly published incorrect information about the consumer and that publishing such incorrect information was a violation of procedural requirements of the Fair Credit Reporting Act, including requirements to " 'follow reasonable procedures to assure maximum possible accuracy of'" consumer reports, §1681e(b); to notify providers and users of consumer information of their responsibilities under the Act, §1681e(d); to limit the circumstances in which such agencies provide consumer reports 'for employment purposes,' §1681b(b)(1); and to post toll-free numbers for consumers to request

reports, §1681j(a)." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545 (2016). Thus, in this case we are dealing with an alleged procedural violation similar to those in *Spokeo*.

As provided in *Spokeo*, the injury alleged by Plaintiff must be both "concrete" and "particularized." *Id.* at 1548. Concrete means that an injury "must actually exist" and is " 'real,' and not 'abstract.' " *Id*. However, not only has Plaintiff not alleged how the language in the letter constitutes an injury-in-fact, but Plaintiff never even attempted to contact Defendant in any way other than one of the ways provided in the letter (i.e., a phone call), which just so happens to be the easiest and most convenient way to dispute the debt. In fact, through discovery Plaintiff admitted that his only worry with the letter was that he might get garnished, not that he didn't know how to dispute the debt or that he desired to dispute it in a way other than by telephone or in writing. Thus, it is apparent that Plaintiff has no injury-in-fact because he not only failed to allege any concrete harm, but the facts show no harm "actually exist[s]." *Id.*

Plaintiff also argues that a procedural right, if violated, can rise to the level of an injury in fact, which is true, but such injury in fact is premised on an actual harm that "Congress has identified." *Id.* at 1549. Plaintiff fails to identify what is that specific harm that Congress has supposedly identified. Section 1692g of the FDCPA is entitled "Validation of debts." Defendant would concede that a complete failure to provide the requisite validation could constitute a procedural violation and result in a harm identified by Congress (which is to provide the information prescribed therein); however, that is not what has happened in this case. In fact the letter sent by Defendant includes each of the items identified in section 1692g(a), in particular 1692g(a)(3), it just adds ways that Defendant can dispute the debt, which include both oral and written ways. This can hardly be considered to constitute a harm that Congress has identified.

6

Finally, Plaintiff's attempt to raise his unpleaded claims in opposition to Defendant's Motion should be ignored by the court. A complaint is insufficient to preserve unpleaded claims if it simply alleges certain, discrete allegations constitute a violation of "the entire FDCPA"[1]; moreover, if certain, discrete allegations are not included in a complaint, they can't be alleged and raised for the first time in memoranda in response to a motion. *See Gilmour v. Gates McDonald and Co.*, 382 F.3d 1312, 1313 (11th Cir. 2004) ("The central issue in this case is whether a non-moving party plaintiff may raise a new legal claim for the first time in response to the opposing party's summary judgment motion. We hold it cannot."). If simply alleging any sort of collection activity of a debt collector violates the entirety of the FDCPA, then there would be no need to identify which specific conduct violated which specific section of the FDCPA. However, that is not sufficient because "[a] court must be able to 'infer more than the mere possibility of misconduct.' " *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1241 (10th Cir. 2013).

Therefore, this court should grant Defendant's Motion and dismiss this case because Plaintiff does not have standing, not only based on the face of the complaint itself, but also based on the evidence derived in this case relating to the fact that Plaintiff was not harmed in any way given the allegations of the complaint.

**B. Reply in support of Motion for Summary Judgment**

    i.    <u>Materiality</u>

Plaintiff argues that a statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor. This may be a true statement, but the language in

---

[1] *See* Opposition (Doc. 31), p. 2.

question is not capable of influencing the decision of the least sophisticated debtor. This is so because Plaintiff himself fits the profile of a least sophisticated consumer (i.e., he has a tenth grade education). Furthermore, Plaintiff himself stated that he thinks it is easier to call instead of going in person to dispute a debt. Additionally, this court should find, as a matter of law, that the least sophisticated consumer would want to call to dispute the debt. *See Caprio v Healthcare Revenue Recovery Group*, LLC, 709 F.3d 142, 152 (3d Cir. 2013) ("[I]it appears more likely that the 'least sophisticated debtor' would take the easier… alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute."). Thus, the least sophisticated consumer would not be misled by the language of the letter. Based on this, as a matter of law, the express provision in the letter for Plaintiff to dispute the debt by calling a local number or toll-free number cannot be considered to be a material violation (assuming it is a violation in the first place). If this Court determines, as a matter of law, that this is not a material violation, then this is a basis for the court to grant Defendant's Motion for summary judgment.

  ii. <u>Plaintiff has pleaded a violation of the FDCPA in only one way by reference to the language cited in the complaint</u>

  Again, Plaintiff has pleaded a violation of the FDCPA based on certain, specific language in the letter, and such violation is premised on the allegation that the language improperly limits the ways in which Defendant can dispute the debt. Plaintiff has not pleaded a violation based on the letter's contradictory time periods or on the letter's failure to properly state the amount of the debt. These two claims do not exist in the complaint and have been raised for the first time in Plaintiff's Opposition (and previously his own Motion for Summary Judgment). However, this is improper and Defendant objects to this tactic to raise, or somehow plead, these two claims for

the first time at this stage in the litigation. In order to not be redundant, and as stated elsewhere in this Reply and in other papers filed with the court, Defendant incorporates by reference as if set forth fully herein its Motion to Strike Unpleaded Claims and Memorandum in Support (Doc. 21) for a further explanation of the basis for this objection.

    iii.    <u>Bona fide error exists</u>

Obviously Defendant disputes that a violation even exists in this case. However, if a violation does exist, Defendant submits that the bona fide defense of section 1692k(c) of the FDCPA applies. Furthermore, even if it is determined that the bona fide error defense is not applicable to any violation of section 1692g, it can and should be applicable to any alleged violations of sections 1692e and 1692f of the FDCPA. This is so because it is abundantly clear that there was absolutely no intention of Defendant to "use any false, deceptive, or misleading" means to collect from Defendant, as proscribed by 1692e, and there was no intention of Defendant to "use unfair or conscionable means" to collect from Defendant, as proscribed by 1692f.

Additionally, Plaintiff argues that there was not an error committed. In doing so he refers to the deposition testimony of Tucker Morris and Diana Tartaglia. Their testimonies reveal that they and Defendant feel that there was no violation committed, but that if there is a violation it was a result of an error, particularly that of Ms. Tartaglia who was the office manager at the time the letter was generated and sent. Accordingly, it is perfectly rational and logical to assert that no error was committed. An admission of an error would allow for an inference of a violation. Thus, asserting, conditionally, that there was no error, does not mean that the fact finder could not find that that an error existed in light of the procedures maintained by Defendant. Thus, it is not true,

as Plaintiff argues, that "In order to have a bona fide error defense, Defendant must identify an error, and in turn, admit to a violation." *See* Opposition, p. 38. This claim is not true and there is no law that requires an admission of a violation in order to assert a bona fide error defense. Further, as stated by Plaintiff, the issue of intention is subjective, whereas the issue of whether an error occurred is objective and, therefore, not dependent on what a party believes or how it views its procedures; rather the fact finder simply reviews the presented evidence on procedures to determine if and where an error occurred.

Plaintiff finally argues that Defendant failed to maintain procedures, but this is patently not true and Plaintiff has not provided any evidence to controvert the facts upon which this court and a fact finder could find that reasonable procedures were implemented by Defendant in order to avoid committing violations of the FDCPA, including the one alleged in the complaint. Additionally, Plaintiff appears to mislead the court when he argues "Ms. Tartaglia also testified that in her capacity as office manager, Defendant had never asked her to review the language in the letter except for the purpose of confirming contact information for consumers. Exhibit F, pg. 25-26, l. 11-1." This is not the testimony of Ms. Tartaglia. A review of the cited deposition reveals no such thing. Rather, Ms. Tartaglia states that she "don't really remember" about what whether she was "ever given the task of reviewing the language before it was sent out," and that she "know[s] [she] did read them, tried to make sure the information was accurate from the spreadsheet." Additionally, the written procedures of Defendant directly contradict the argument Plaintiff is attempting to make. *See* Defendant's Appendix – Exhibit M (Doc. 23-13); *see also* Defendant's Appendix – Exhibit A (Doc. 23-1), ¶¶ 27–35.

## CONCLUSION

In conclusion, Plaintiff does not have standing because he has not shown he has suffered any injury-in-fact, largely because the language in the letter he complains of had absolutely no effect on him (and the complaint simply alleges hypothetical harm). But even if Plaintiff does have standing, the language in the letter does not violate the FDCPA because it allowed for him to dispute the debt in both oral and written ways, which was the intent of Defendant. Furthermore, since the least sophisticated consumer would simply pick up the phone and call (and this is exactly what Plaintiff actually did), the inclusion of disputing the debt by both telephone and in writing cannot, as a matter of law, be considered to be violative of any section of the FDCPA. Lastly, the procedures Defendant had in place are sufficient to show that any violation that does exist based on the language in the letter as complained of in the Complaint, was the result of a bona fide error and that Defendant clearly did not intend to violate sections 1692e and 1692f of the FDCPA in light of its procedures surrounding the creation and use of the letter's language. For these reasons, Defendant respectfully requests that its Motion be granted.

DATED this 11th day of September, 2020.

/s/ Chad C. Rasmussen
Chad C. Rasmussen
*Attorney for Defendant*

CERTIFICATE OF SERVICE

       I hereby certify that on the 11th day of September, 2020, I sent a copy of this Motion by electronic court filing notification, to the following:

David J. McGlothlin
KAZEROUNI LAW GROUP, APC
2633 E Indian School Road, Ste. 460
Phoenix, AZ 85016
(602) 900-1288
ryan@kazlg.com
david@kazlg.com

Theron D. Morrison
Cory Cottam
MORRISON LAW GROUP
290 25th St., Ste 102
Ogden, UT 84401
(801) 392-9324
therondmorrison@gmail.com
cory@morlg.com

                                              /s/ Chad C. Rasmussen
                                              Chad C. Rasmussen