FILED
2021 JUN 8 AM 11:38
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE COLLECTIONS LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S CLASS NOTIFICATION PROPOSAL<br><br>Case No. 2:20-cv-00120-JNP-DBP<br><br>District Judge Jill N. Parrish |

Plaintiff and class representative Francisco Rodriguez submitted a proposal for notifying the class members of this lawsuit and for giving them an opportunity to opt out of the class action. ECF No. 43. Rodriguez proposes to hire a third-party administrator to mail notices to the class members. He also requests that the court order the defendant, Cascade Collections, LLC, to pay the cost of mailing the notices. Cascade made two objections to Rodriguez's proposal.

First, Cascade argues that the proposal is inadequate because the proposed class notices do not ask the class members whether they had incurred a consumer debt or a business debt from Astor Brothers & Co. The court overrules this objection. The court agrees with Rodriguez that if he prevails in the lawsuit, a second notice can be sent to determine whether individual class members incurred a consumer debt and are eligible to participate in any recovery. Accordingly, the court approves the form of the proposed class notice.

Second, Cascade argues that Rodriguez should pay the $581 charge for the third-party administrator to mail the notices. The court agrees.

Generally, the class representative is responsible for providing and paying for the class notice because "it is he who seeks to maintain the suit as a class action and to represent other members of his class." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978); *accord S. Ute Indian Tribe v. Amoco Prod. Co.*, 2 F.3d 1023, 1029 (10th Cir. 1993) ("A class action plaintiff is ordinarily expected to bear the cost of notice to the class."). "In some instances, however, the defendant may be able to perform a necessary task [for providing the class notice] with less difficulty or expense than could the representative plaintiff. In such cases, . . . the district court properly may exercise its discretion under Rule 23(d) to order the defendant to perform the task in question." *Oppenheimer Fund*, 437 U.S. at 356. For example, where a defendant sends a monthly mailer to all class members, a district court may order the defendant to include the class notification as a "stuffer" in the monthly mailing. *Kansas Hosp. Ass'n v. Whiteman*, 167 F.R.D. 144, 146 (D. Kan. 1996). If a district court orders a defendant to perform a task related to class notification, the court must then decide whether the class representative should reimburse the defendant for expenses that it may incur, or whether the defendant should bear the costs associated with the task. *Oppenheimer Fund*, 437 U.S. at 358; *S. Ute Indian Tribe*, 2 F.3d at 1029.

Here, however, Rodriguez does not ask the court to order Cascade to perform a task associated with providing the class notice. The only task required of Cascade would be to cut a check to the third-party administrator, which would then mail out the notice. Where a third-party provides the class notification service, the class representative must pay the cost of providing the notice. *See Oppenheimer Fund*, 437 U.S. at 359–60 (where the class representative and the defendant agreed that a third party had to be hired to scour the defendant's records stored on computer tapes to find the names and addresses of class members, the class representative must

pay the third party's fee). Accordingly, the court finds that there is no reason to deviate from the general rule that the class representative must both provide the class notification and pay for it.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. The court approves the class representative's proposal for class notification and class administration.

2. The court orders the class representative to pay the third-party administrator's fee for providing the class notification.

DATED June 8, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge