David J. McGlothlin, Esq. (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
**Kazerouni Law Group, APC**
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff and the putative class*
Francisco Rodriguez

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,**<br><br>      Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC,**<br><br><br>     Defendant. | **MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><br>**Case No.:** 2:20-CV-00120-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge: Dustin B. Pead |

### I.        INTRODUCTION

In this class action, Plaintiff FRANCISCO RODRIGUEZ ("RODRIGUEZ") asserted that Defendant Cascade Collections, LLC ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in three ways.  In its decision regarding Plaintiff and Defendant's Motions for Summary Judgment, the Court found that Plaintiff had proven two out of the three theories including the 30-day deadline claim and the amount-due claim. See ECF

1

#41. Specifically, the Court found that by including two different deadlines for disputing the debt, the Defendant had misled Plaintiff and the Class. *Id.* Further, the Court found that Defendant's language as to what Plaintiff and the Class actually owed in the letter was confusing and misleading. *Id.* The only issue left to determine at trial was whether or not Defendant could prove its bona fide error defense. *Id.*

On September 14, 2021, the parties attended a settlement conference with Magistrate Judge Paul Kohler and were able to agree to a class wide settlement. Pursuant to the terms of the Settlement Agreement attached as Exhibit 1 to the Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("McBride Declaration"), the Parties now jointly request this Court to preliminarily approve the proposed class settlement.

## II.    <u>FACTUAL HISTORY</u>

Sometime before April 26, 2019, Plaintiff is alleged to have incurred financial obligations for an auto loan with Astor Brothers & Co. ("Astor"). See Dkt #2. This automobile was purchased by Plaintiff for personal use. Sometime thereafter, Plaintiff fell behind on his auto loan payments. Id. Plaintiff's account was subsequently transferred to Defendant for collection purposes. Id. On or around April 26, 2019, Plaintiff received a collection letter from Defendant regarding the alleged debt from Astor. Id. The collection letter stated in part:

> "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900-3328 within thirty (30) days of the date of this letter; otherwise, we will consider this debt to be valid and proceed accordingly. Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the

2

Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance."

On February 20, 2021, Plaintiff filed a class action lawsuit, *See* Dkt #2, alleging Defendant's collection letter—containing the language above—violated the Fair Debt Collections Practices Act 15 U.S.C. §1692 et. seq. More specifically, Plaintiff alleged Defendant violated §1692g and §1692e for stating "if you dispute the validity of this debt or any part of it, you must notify…within thirty (30) days of this letter" in one section of the collection letter while stating that the notification deadline was within "thirty (30) days after receipt of the notice" in another section of the collection letter. In a partial granting of the Plaintiff's Motion for Summary Judgment, the Court found that this contradictory language violates §1692g(a)(3) because it would confuse the least sophisticated consumer. *See* Dkt # 41.

The Court also found that the letter was false, deceptive, and misleading in violation of §1692e because the FDCPA requires the 30-day period to begin after the date of notice, not the date of the collection letters as stated by Defendant. *Id.* In addition, the Court found that the collection letter was ambiguous as to the amount due in violation of §1692g and §1692e because the collection letter stated "[a]mount due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees." *Id.* The Court reasoned that it was ambiguous, false, deceptive, and misleading. *Id.* Thus, Plaintiff prevailed on those two violations in its Motion for Summary Judgment subject to the bona fide error defense at trial.

### III.    PROCEDURAL HISTORY

Plaintiff filed a class action lawsuit on February 21, 2020, alleging that Defendant's collection letter was in violation of the Fair Debt Collections Practices Act 15 U.S.C. §1692 et. seq.    Plaintiff, through counsel, participated in extensive written discovery requests and responses, conducted multiple meet and confer sessions, took the deposition of Defendant's Fed R. Civ. P. 30(b)(6) witness, and took the deposition of a third party witness who was a former employee of Defendant. McBride Decl. ¶ 9. Additionally, Plaintiff sat for his own deposition. McBride Decl. ¶ 10.

On July 16, 2020, Plaintiff filed his motion for class certification and motion for summary judgment. (ECF Nos. 17, 18). On July 31, 2020, Defendant filed a motion to dismiss, motion to strike, and motion for summary judgment. (ECF Nos. 21-23). On March 31, 2021, the Court denied Defendant's motion to dismiss and motion to strike, but partially granted Defendant's Motion for Summary Judgment. (ECF No. 41). On the same day, the Court also partially granted Plaintiff's Motion for Summary Judgment and Class Certification. *Id.* On September 14, 2021, the parties attended a settlement conference with Magistrate Judge Paul Kohler and were able to agree to a class wide settlement. McBride Decl. ¶ 14.

### IV.    STANDARD FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Congress expressly recognized the propriety and utility of class litigation for enforcement of consumers' rights under the FDCPA.    As such, through enactment of 15 U.S.C. §§ 1692k(a)(2)(B) and (b)(2), Congress provided an express statutory mechanism for computation of class awards. *See* 15 U.S.C §§ 1692k(a)(2)(B) and (b)(2); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Littledove v. JBC & Associates, Inc.*, 2001 WL 42199

(E.D. Cal., January 11, 2001); *Schwarm v. Craighead*, 233 F.R.D. 655 (E.D. Cal. 2006); *Keele v. Wexler*, 149 F. 3d 589 (7th Cir. 1998).

The approval of a proposed settlement of a class action suit is a matter within the broad discretion of this court.  *United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir. 1993). Preliminary approval does not require the trial court to answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate.  Rather, the determination is made only after notice of the settlement has been given to the members of the Class and after they have been given an opportunity to voice their views of the settlement.  *See In re Crocs, Inc. Secs. Litig.*, 2013 U.S. Dist. LEXIS 122593, at *10-11 (D. Colo. 2013); and, 5 James Wm. Moore *et al.*, Moore's Federal Practice § 23.83[1], at 23-336.2 to 23-339 (3d ed. 2002).

Courts have also noted that the standard for preliminary approval is less rigorous than the analysis at final approval.  *See, e.g.*, *Crocs*, 2013 U.S. Dist. LEXIS, at *10-11; *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 80 (E.D.N.Y. 2007); *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (holding that the issue at preliminary approval is whether there is probable cause to justify notifying the class members of proposed settlement); *In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 416 (S.D. Ind. 2001) (bar for obtaining preliminary approval of class action settlement is low).

In considering a potential settlement, the trial court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute (*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974) and need not engage in a trial on the merits. *See Offices for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982).[1]  The relevant

---

[1] Various District Courts across the country have also followed this analysis in deciding whether preliminary approval is appropriate.  *See Arata v. Nu Skin Int'l*, 96 F.3d 1265, 1268-69 (9th Cir. 1996) (noting, in approving settlement that 'district court evaluated the proposed settlement and granted preliminary approval...in accordance with the procedures outlined in the Manual for Complex Litigation"); *Livingstone v. Toyota Motor Sales USA, Inc.*, 1995 U.S. Dist. LEXIS 21757, at *23-24 (N.D. Cal. 1995) (preliminary approval recommended where special master

inquiry is "to [weigh] the likelihood of success on the merits against the amount and form of the relief offered in the settlement." *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983) citing to *Carson v. American Brands, Inc*., 450 U.S. 79, 88 (1981).

## V.    THE SETTLEMENT

### A.    THE SETTLEMENT CLASS

The "Class" definition as stated in the Court's April 6, 2021 order is as follows:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Astor Brothers & Co.; to recover a consumer debt; which were not returned undelivered by the United States Postal Service; from February 21, 2019 until February 21, 2020; in which the communication provided the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900- 3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly. . . . Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance."

---

concludes that proposed settlement "[fell] within the range of possible approval" because "(a) the negotiations occurred at arm's-length; (b) there was sufficient discovery; [and] (c) the proponents of the settlement are experienced in similar litigation"); *In re Teletronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1015-1016 (S.D. Ohio 2001) (same, citing Manual For Complex Litigation, § 30.44 (2d ed. 1985)); *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (same); *In re Mid-Atlantic Toyota Antitrust Litig*., 564 F. Supp. 1379 (D. Md. 1983) (same).

Based upon Defendant's investigation into the matter, the total number of Class Members in the Settlement Class is estimated to be approximately 177.   McBride Decl. ¶ 15.

## B.  SETTLEMENT PAYMENT

Under the Settlement, Cascade Collections, LLC agrees to establish a Settlement Fund in the amount of $2,500 to be paid within 30 days of Final Judgment.  [Settlement Agreement, ¶3.1].  This number represents the maximum amount payable by Defendant to the class members in this Action.

## C.  CLASS NOTICE

The Parties propose using Simpluris as a third-party claims administrator, to facilitate the administration of all claims in this matter. Simpluris's responsibilities will include, but are not limited to, providing notice to the class members, fielding inquiries related to the settlement, and issuing the settlement payments.  [Settlement Agreement, ¶5.2].  However, Class Counsel will bear the cost of administration. [Settlement Agreement, ¶5.3]. The Claims Administrator will include Class Counsel's phone number in the notice from which Class Members can obtain further information regarding the settlement.

## D.  SCOPE OF RELEASE

The Parties desire and seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Rodriguez and the Class Members as set forth in this Settlement Agreement.  The scope of the release by all Class Members (other than those who exclude themselves from the Settlement) covers any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the Complaint, the claims asserted

in Action, the Defendant's form written communication, and the administration of this settlement. [Settlement Agreement, ¶ 11.1].

### E.  OPPORTUNITY TO OBJECT

Under the terms of the proposed Settlement, Class members will have the right to object to the Settlement terms. [See Settlement Agreement, ¶ 7]. The deadline for doing so is within 60 days of the completion of notice. [Settlement Agreement, ¶ 7.1]. Class members will be informed of these rights through the mailed post-card notice, and information available by calling Class Counsel. [Settlement Agreement, ¶ 6.4.4].

### F.  CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD

The parties have agreed that Class Representative Francisco Rodriguez may receive an incentive award, which is in addition to the Settlement Fund. [Settlement Agreement ¶3.1]. Rodriguez will apply to the Court for an incentive award of up to $1,500.00 for Rodriguez's service as Class Representative in this action. [Settlement Agreement ¶3.1]. Any incentive award approved by the Court will be paid by the Defendant within thirty (10) days after the deadline to appeal the Final Judgment. [*See* Settlement Agreement, ¶10.1].

### G.  CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Over a three-year period following Final Judgment, Defendant has agreed to pay Class Counsel a total of $55,000 for class administration costs, attorneys fees, and costs of Class Counsel. [*See* Settlement Agreement, ¶ 4]. Within ten (10) days after the deadline to appeal the Final Judgment, Defendant will pay an initial down payment of $10,000 (in addition to the Settlement Fund and Incentive Award), which will first be used to pay the Class administration costs. If anything remains after the Class administration costs, it will go to Class Counsel's

attorneys fees and costs approved by the Court. The remaining $45,000 will be paid at a monthly rate of approximately $1,250 per month for thirty-six months thereafter. [*See* Settlement Agreement, ¶4]. The Parties agree that upon the occurrence of any event of default, the entire unpaid amount in attorneys' fees shall automatically become due and payable. *Id.* Class Counsel will pay class administration costs from the portion described in this paragraph. *Id.*

## VI.  LEGAL ANALYSIS

 Rule 23(e) requires court approval for settlement of class claims.  Approval of a class settlement occurs in two steps:

First, the grants preliminary approval of the settlement.  Second, after the settlement is preliminarily approved and notice of the settlement is provided to the class, the Court conducts a fairness hearing to determine if the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); Manual for Complex Litigation (4th ed. 2004) § 21.632; *In re NASDAQ Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

The instant Motion is submitted in support of the first step of the settlement approval process.

## VII.  THE SETTLEMENT SHOULD BE GIVEN PRELIMINARY APPROVAL AS IT IS FAIR, REASONABLE, ADEQUATE AND THE PRODUCT OF DILIGENT INVESTIGATION, LITIGATION AND NEGOTIATION

 Under 15 U.S.C. §1692k, a plaintiff may recover a maximum award "not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector…" 15 U.S.C. §1692k. Here,



Further, given counsels' thorough analysis of the legal and factual issues raised by this case through fully briefed motions for summary judgment filed by both parties, this litigation has reached the stage where "the Parties certainly have a clear view of the strengths and weaknesses of their cases" sufficient to support the Settlement. *Boyd v. Bechtel Corp.*, 485 F.Supp 610, 617 (N.D. Cal. 1979). Based on their experience with these types of cases and analysis of the issues raised herein, counsel share the view that this is a fair and reasonable settlement and in the best interests of the Class. Declaration of David J. McGlothlin in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("McGlothlin Decl.") ¶ 8; McBride Decl. ¶ 26. Because of the detailed legal and actual analysis conducted by counsel for both parties, their endorsement of the Settlement "is entitled to significant weight" in deciding whether to approve the Settlement. *Fisher Bros. v. Cambridge Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal.1980); *Boyd v. Bechtel Corp.*, 485 F. Supp. 616-617. Courts should not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation. *National Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

### a. The Settlement is a product of arms' length negotiations

This settlement was reached by experienced counsel on both sides following non-collusive negotiations facilitated by the Honorable Magistrate Judge Paul Kohler. McGlothlin Decl. ¶ 9; McBride Decl. ¶ 17.  Judge Kohler was instrumental in an agreement being reached. *Id.* As such, the settlement is entitled to a presumption of fairness.  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 380.  See also *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at

10

*5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 *McLaughlin on Class Actions* § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was non-collusive.").  Said negotiation was hard fought and resulted in a Settlement Fund that exceeds Defendant's maximum liability at trial.  Thus, there can be no dispute that the Settlement was reached through non-collusive arm's length negotiations by the Parties.  *See Liberman*, 73 F.R.D. at 535.

### b.  The Settlement is fundamentally fair, reasonable and adequate

Moreover, there can be little doubt that the settlement is fair, reasonable and adequate as it necessarily satisfies the "within the range of possible approval" standard for preliminary approval.[2]  Under the FDCPA, Congress included a cap on statutory damages recoverable for a class action.  Specifically, "the court may allow for all other class members, without regard to a

---

[2] Courts presume the absence of fraud or collusion in the negotiation of a settlement unless

minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector."15 U.S.C. § 1692k(a)(1)(B).



### c. Distribution of the Settlement Fund to Class Members

The parties jointly request that this Court award the $2,500 Settlement Fund pro rata to 177 Class members that affirmatively opt-in to the Class Settlement. If all of the Class members were to validly opt-in, each Class member would receive $14.12. This is significantly greater than previous similar consumer class actions. For example, in *Duncan v. JP Morgan Chase Bank, N.A.,* the court agreed to an $8.75 million settlement amounting to about $1.00 per class member. *Duncan v. JPMorgan Chase Bank, N.A. W.D. Tex. Case No. 5:14-cv-00912-FB*; see also *Pastor v. Bank of America*, Case No. 3:15-cv-03831-VC (N.D. Cal. 2018) (Each class member received $4.06 in a Fair Credit Reporting Act class action). In class counsel's experience in other consumer law class actions such as those under the Telephone Consumer Protection Act, and California's Penal Code § 630 et seq. (illegal call recording) only approximately 3-5% of the eligible class members will submit valid claims during the settlement process. *See Forcellati v. Hyland's Inc.*, 2014 WL 1410264, at *6 (C.D. Cal. Apr. 9, 2014) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3-5

percent."); and, *Ferrington v. McAfee, Inc.*, 2012 WL 1156399, at *4 (N.D. Cal. Apr. 6, 2012) (same). Here, based on a 5% claims rate, it is anticipated that each Class member would receive a payment of approximately $312. Taking into account the challenges of litigating class claims through trial, Class Counsel believes this settlement is fundamentally fair, reasonable, and adequate.

### d. Utah Legal Services is an appropriate Cy Pres recipient

The parties jointly request that this Court award any remaining funds after distribution of the Settlement Fund to the non-profit Utah Legal Services in the form of a cy pres award. Utah Legal Services (ULS) is a nonprofit law office incorporated in 1976 committed to making equal justice a reality by providing free legal help in non-criminal cases to low-income Utah residents.[3] Utah Legal Services is the only statewide program that does consumer protection on a non-profit basis. *Id*. Specifically, Utah Legal Services assist Utah consumers with a myriad of issues, which include violations of the Fair Debt Collection Practices Act. *Id*. Therefore a cy pres award to Utah Legal Services would aid in Utah consumers enforcing the protections due to them under the FDCPA. *Id.*

### VIII. CERTIFICATION OF CLASS COUNSEL AND THE CLASS REPRESENTATIVE

In its April 6, 2021 Order, the Court certified David J. McGlothlin and Ryan L. McBride of Kazerouni Law Group, APC as Class Counsel. Additionally, the Court certified Plaintiff Francisco Rodriguez as Class Representative.

### IX. PROPOSED PRELIMINARY SCHEDULE

---

[3] See https://www.utahlegalservices.org/node/1/about-utah-legal-servicesa

The Parties propose that the Court establish the following deadlines related to the proposed settlement:

1. Notice Deadline:  To be completed within 30 days from the entry of the Order Granting Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order");

2. Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards: 14 days before the Objection Deadline;

3. Objection Deadline: Must be postmarked no later than 60 days after the Notice Deadline. Objections must also be filed with the Court no later than 60 days after the Notice Deadline;

4. Final Approval Hearing:  60 days after the Objection Deadline, as the Court's schedule permits;

5. Submission of Papers in Support of Final Approval and Incentive Award: within 30 days following the objection deadlines.

6. Opposition to any Objections: 30 days following the objection deadlines.

**X.    THE PARTIES JOINTLY REQUEST A PRELIMINARY APPROVAL HEARING, IF NECESSARY, AND AN ORDER APPROVING THE PROPOSED CLASS SETTLEMENT**

The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re Gen. Motors*, 55 F.3d 768, 784 (3d Cir.1995). The parties jointly request that the Court schedule a Preliminary Approval Hearing. The parties respectfully request that the Court approve and adopt the attached proposed "Class Action Settlement Agreement and General Release."

By settling this matter, both parties avoid the expense of trial and uncertainty of outcome.

If this matter proceeded to trial the net value of the recovery would be further decreased due to the cap on statutory damages. The Court, after reviewing the terms negotiated upon by the parties, will find that the settlement reached will be fair, adequate and reasonable for all involved. Therefore, the circumstances of this matter, as discussed above, heavily weigh in favor of the proposed settlement.

**VII.**   **CONCLUSION**

The parties have reached a settlement in principal, which is fair, adequate and reasonable. For the foregoing reasons, the parties respectfully request that the Court (1) grant preliminary approval of the proposed Settlement, (2) approve the proposed Notice procedure and the form, manner and content of the Notice, (3) stay all proceedings until the Court renders a final decision regarding the approval of the Settlement, and (4) schedule a hearing for Final Approval.

Dated: January 5, 2022                                      **KAZEROUNI LAW GROUP, APC**

By:  /s/ Ryan L. McBride____
RYAN L. MCBRIDE, ESQ.
ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

A copy of *Plaintiff's Motion for Preliminary Approval of Class Action Settlement, supporting declarations, supporting exhibits, and proposed order* have been filed this 5th day of January 2022, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.

/s/ Ryan L. McBride ___
Ryan L. McBride
