
Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made and entered into as of the __4__ day of January 2022, by and between Francisco Rodriguez, individually and as class representative (hereinafter referred to as the "Plaintiff") and Cascade Collections, LLC, (hereinafter referred to as "Defendant"). Plaintiff and Defendant are sometimes collectively referred to herein as the "Parties."

## RECITALS

A.  Plaintiff has filed a lawsuit in the United States District Court for the District of Utah titled *Rodriguez v. Cascade Collections, LLC,* 2:20-CV-00120-JNP-DBP, alleging multiple class action violations of the Fair Debt Collection Practices Act ("FDCPA") (the "Action").

B.  This Agreement is non-collusive, and resulted from and is the product of extensive, good-faith arm's-length negotiations. The Parties (as defined above) participated in a settlement conference before the Honorable Magistrate Judge Paul Kohler, and negotiated the preliminary settlement terms, culminating in this Agreement. Since that time the parties have engaged in further meetings and discussions in order complete that process.

C.  Plaintiff and Defendant now intend to settle forever any and all claims arising in connection with the Action, as well as any and all actual and potential disputes and claims that Plaintiff or any class member had, has or may have had against Defendant, or that Defendant had, have or may have had against Plaintiff, arising under, in connection with or related to the Action.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Settlement Agreement, the Parties hereby agree as follows:

**1.     Settlement Class**

1.1     <u>Class Definition</u>. Pursuant to the Court's April 6, 2021, order [Dkt #42] a Class has been certified (herein referred to as "Settlement Class") consisting of:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Astor Brothers & Co.; to recover a consumer debt; which were not returned undelivered by the United States Postal Service; from February 21, 2019 until February 21, 2020; in which the communication provided the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900- 3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly. . . . Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include

interest, accruing interest, costs, or other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance.

2. **Preliminary Approval of Proposed Class Action Settlement**

2.1 The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Plaintiff and the Class Members as set forth in this Settlement Agreement. The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections by any regulatory authority.

2.2 Upon full execution of this Settlement Agreement, Plaintiff will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement.

3. **The Settlement Fund and Incentive Award**

3.1 The total cash consideration to be paid by Defendant to the class shall be Two Thousand Five Hundred Dollars and No Cents ($2,500.00), which shall be used to create a Settlement Fund ("Settlement Fund"). The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class. Any reasonable attorneys' fees and costs approved and awarded by the Court, and the costs of claims administration are not to be paid from the Settlement Fund. Defendant will also pay Plaintiff, One Thousand Five Hundred Dollars ($1,500.00), for his services as class representative as an Incentive Award.

3.2 **Distribution of Settlement Fund.** The Parties acknowledge that the Settlement Fund described in Paragraph No. 3.1 above will be provided on a *pro rata* basis to each Class Member that opts into the proposed settlement. Each Class member that has opted into shall be sent, by mail, a single *pro rata* distribution settlement check from the $2,500.00 damages award portion.

4. **Attorney's Fees, Litigation Costs, and Claims Administration Costs**

Over a three-year period following Final Judgment, Defendant has agreed to pay Plaintiff and Class Counsel a total of $55,000 for class administration costs, attorneys fees, and costs upon approval by the Court. Defendant will pay an initial down payment of $10,000 (in addition to the $4,000 consisting of the Settlement Fund and Incentive Award), which will first be used for the Class administration costs. If anything remains after the Class administration costs, it will go to Class Counsel's attorney's fees and costs approved by the Court. The remaining $45,000 will be paid at a monthly rate of $1,250 per month as provided for in paragraph 10. The Parties agree that upon the occurrence of any event of default, the entire unpaid amount in attorney's fees shall automatically become due and payable. Plaintiff and Class Counsel will pay class administration costs and all other costs incurred associated with the Action from the portion described in this paragraph. Plaintiff is to receive and Defendant is to pay the amount the Court finally approves at the final fairness hearing even if it is less than $55,000, but under no circumstances will Defendant pay more than $55,000 under this Agreement.

### 5. Third-Party Claims Administrator

5.1 The Parties will use good faith efforts to minimize the costs of claims administration. Class Counsel has chosen Simpluris, Inc as the claims administrator and will seek Court approval of this claims administrator.

5.2 Subject to the oversight of Class Counsel and Defendant's counsel, the Claims Administrator shall be responsible for, among other things, the following: (a) providing notice to Class Members as set forth in Section 8 below; (b) providing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 5.2 below; (c) and keep the Parties apprised of any and all opt outs and objections received; and (c) acting as a liaison between Class Members and the Parties regarding the settlement. The Claims Administrator shall be permitted to communicate without restriction with Class Counsel and Defendant's counsel.

5.3 Class Counsel will bear the cost of Simpluris as the third-party claims administrator.

### 6. Notice of Settlement

6.1 The Parties agree to be bound by the Notice Plan approved by the Court.

6.2 The Settlement Class Members have previously been given the opportunity to opt out of the Settlement Class and no Members have done so. As such, the Settlement Class Members are able to object to the Class Settlement but are not to be given an additional opportunity to opt out of the Settlement Class. Should the Court require that the Notice Plan provide the opportunity for Class Members to opt out of the Settlement Class and the Class Settlement, Defendant shall have the right to terminate this Agreement if the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds five (5) persons. If Defendant exercises its right to terminate this Agreement pursuant to the preceding sentence, such right shall be exercised within fourteen (14) calendar days from the later of: 1) the end of the opt-out period approved by the Court and 2) written notice from Plaintiff's counsel that the number of persons who have opted out exceeds five (5).

6.3 The Parties agree that there is an agreed upon notice plan with a proposed schedule, the method(s) by which notice shall be provided to the class members, and the content of such notice.

6.4 Notice for Pro-rata distribution: If the Court elects to distribute the settlement fund on a pro rata basis, then the Parties agree to provide a direct mail notice.

6.4.1 In the event of Preliminary Approval for a pro rata distribution, the list of Class Members already provided to the Claims Administrator by Defendant shall be used. The Claims Administrator will treat the information regarding the Class Members in a confidential manner.

6.4.2 The Claims Administrator will provide individual notice, via first class mail, to all Class Members ("Mail Notice"). Prior to mailing the Mail Notice, the Claims Administrator will update the address information provided by Defendant through the National Change of Address ("NCOA") database maintained by the U.S. Postal Service. Any Mail Notice returned to the Claims Administrator with a new forwarding address will be re-mailed to the Class Member at the new forwarding address.

6.4.3 The Claims Administrator will mail the Class Members the Mail Notice as soon as reasonably practicable but no later than thirty (30) days from the date the Court grants the Motion for Preliminary Approval (the "Notice Deadline"). The Claims Administrator will file a declaration with the Court, as part of the final approval papers, stating that these procedures were followed.

6.4.4 The Mail Notice to the Class will consist of notice containing a detailed summary description of the Settlement Agreement, identifying the Claims Administrator, and providing contact information for Class Counsel.

7. **Right to Object to Settlement**

7.1 Any Class Member who intends to object to this Settlement Agreement must mail his or her objections to the Court ("Objection") and submit a copy of the Objection to Class Counsel and Defendant's counsel. The Objection must be postmarked on or before the Objection Deadline specified in the Mail Notice.

7.2 Any Objection, which must be mailed to the Court and submitted to Class Counsel and Defendant's counsel, must set forth the name and case number of the Action, Class Member's name, address, and telephone number, and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. If Class Member is represented by counsel, counsel's name, address, email address and telephone number shall be set forth in any Objection. The objecting Class Members shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. The Claims Administrator will provide to Class Counsel and Defendant's Counsel all copies of any objections mailed to the Claims Administrator.

7.3 Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed in the Mail Notice shall have waived any right to object to the Settlement Agreement and shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

8. **Right to Enter an Appearance**

On or before the date specified in the Notice, a Class Member may enter an appearance through an attorney if he or she so desires. The Class Member is solely responsible for any fees, costs or expenses of his or her attorney.

9. **Final Judgment**

9.1 As used herein, "Final Judgment" shall mean the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and when that judgment shall have become final and effective for purposes of this Agreement either by expiration of time for appeal or if a Class Member objects to the settlement and files an appeal, by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects, and Defendant has not terminated this Agreement pursuant to paragraph 6.2.

9.2     Defendant shall not be obligated to pay any sum pursuant to this Settlement Agreement except upon Final Judgment as defined above in paragraph 9.1.

9.3     By entering Final Judgment, the Court shall:

9.3.1   Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

9.3.2   Acknowledge class certification status of the Action;

9.3.3   Find that the notice previously provided to the Class Members and the Notice Form and the Notice Program implemented pursuant to this Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of this Agreement, their right to object to the proposed settlement and to appear at the fairness hearing, (c) constitute reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the applicable Codes of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

9.3.4   Find that Class Counsel and Plaintiff have adequately represented the Class for purposes of entering into and implementing the settlement;

9.3.5   Incorporate the Release set forth in Section 11 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

9.3.6   Bar and enjoin Plaintiff and all Class Members who have not been excluded from the Class from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

**10.    Payments Upon Final Judgment**

10.1    Within ten (10) days after the Final Judgment, Defendant shall deliver: (i) the Two Thousand Five Hundred Dollars and No Cents ($2,500.00) payment to the Claims Administrator, which shall be used to create a Settlement Fund. (ii) the One Thousand Five Hundred Dollars ($1,500.00) to Class counsel as Plaintiff's Incentive Award, and (iii) the down payment of Ten Thousand Dollars ($10,000) directly to Class Counsel for the payment of any class administration costs. Any remainder of the initial down payment of $10,000 will be used for reimbursement of Plaintiff's attorney's fees and costs awarded by the Court.

10.2    Within thirty (30) days after the Final Judgment, the Claims Administrator shall distribute the Settlement Fund to the Class Members who have properly and timely opted

into the Class Settlement. The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within ninety (90) days of the date of the check.

      10.3    If there are any uncashed settlement checks, the Parties will first attempt a redistribution to the Class Members if a redistribution is economically feasible. However, if a redistribution to the Class Members is not economically feasible, any funds from uncashed settlement checks together with any undistributed Settlement Fund shall be delivered to Utah Legal Services, upon Court approval of Utah Legal Services as the cy pres recipient.

      10.4    As identified in paragraph 4, *supra*, upon Court approval Defendant has agreed to pay Class Counsel Attorney's Fees and costs up to $55,000. An initial down payment is to be paid as provided in paragraph. 10.1, and the remainder to be paid in monthly payments, due on the first of the month, starting at least 30 days after Final Judgment, of $1,250 per month until paid in full, and which may be prepaid without penalty. The down payment will be used for Class administration costs and any remainder after any additional Class administration costs are paid will go to Class Counsel's for attorney's fees and costs as awarded by the Court. The Parties agree that upon the occurrence of any event of default, the entire unpaid amount shall automatically become due and payable.

**11.    Release Upon Final Judgment**

      11.1    Plaintiff and each Class Member, (other than those persons who have excluded themselves from the Class in the event the Court allows exclusions pursuant to paragraph 6.2), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge Defendant and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors and all of their respective former, present and future officers, directors, shareholders, employees, servants, attorneys, representatives, (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, to the date hereof, arising out of, relating to, or in connection with the debt collection letters that are the subject of this Action, and the administration of this settlement (the "Released Claims") arising on or before the date of execution of this Agreement.

      11.2    Each Party acknowledges that it/he/she may hereafter discover facts different from, or in addition to, those which it/he/she now claims or believes to be true with respect to the claims released herein, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts.

      11.3    In entering into this Settlement Agreement, each Party assumes the risk of any misrepresentation, concealment or mistake. If any Party should discover subsequent to Final Judgment that any fact relied upon by it/him/her in entering into this Settlement Agreement was untrue, or that any fact was concealed from it/him/her, or that its/his/her understanding of the facts or of the law was incorrect, such Party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever. As such, Releasing Persons do hereby waive all rights or benefits in connection with the Released Claims which they now have or in the future.

**12. Effect of Court's Denial of Preliminary or Final Approval of Settlement**

This Agreement is void and unenforceable if the Court does not approve this Agreement in substantially the same form as set forth herein, or if the approved Agreement and the resulting settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein. In such event, (a) this Agreement is terminated and is of no force and effect and no Party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the Agreement, approving the Notice Forms or Notice Program, and providing notice to the Class shall be vacated; (c) the Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Agreement was fully executed; and (e) neither the settlement nor any communications or negotiations leading up to the settlement nor any of the settlement's provisions or the fact that this Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

**13. Representations and Warranties**

Each of the Parties to this Settlement Agreement represents warrants and agrees as follows:

13.1 <u>Assignment of Claims</u>.

No Party has hereto assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Agreement.

13.2 <u>Legal Advice</u>.

The Parties hereto acknowledge that they have had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

13.3 <u>Investigation</u>.

The Parties hereto acknowledge that they have either been represented in the negotiations for, and in preparation of, this Agreement by counsel of their choice; that they have read this Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each Party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

13.4 <u>Authority and Capacity to Execute Settlement Agreement</u>.

The undersigned individually warrant and represent that they are authorized to execute this Agreement.

**14. No Admission of Liability**

Nothing in this Agreement, including the fact that it was entered into by the Parties, shall constitute or be construed as an admission on behalf of any of the Parties as to the validity of any of the claims, defenses or allegations made in the Action, nor shall it be admissible in any court,

administrative agency or tribunal for any Party, with the exception of a proceeding to enforce or interpret the terms of this Agreement.

### 15. Representation by Counsel

The Parties warrant and represent that they have been represented by counsel of their choice throughout the negotiations which preceded the execution of this Agreement, and in connection with the preparation and execution of this Agreement, and that they have carefully and thoroughly reviewed this Agreement, in its entirety, with such counsel, and that such counsel has approved it as to form.

### 16. Choice of Law and Jurisdiction

This Agreement is being executed in the State of Utah, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of Utah.

### 17. Construction of Agreement

Each Party has participated in the drafting and preparation of this Agreement. Hence, in construing this Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such Party solely by reason of such Party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise. Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall be binding and enforceable.

### 18. Headings or Pronouns

Headings or captions contained in this Agreement are solely for the convenience of the Parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa. Whenever the context of this Agreement requires, the gender of all words shall include the masculine, feminine, and neuter, and the number of all words shall include the singular and plural.

### 19. Complete Agreement

This Agreement shall constitute the entire agreement between the Parties with respect to the subject matter hereof and there are no agreements, representations or warranties of any kind, except as expressly set forth in this Agreement. The Parties acknowledge that in executing this Agreement they have relied solely on their own judgment, belief and knowledge, and the advice of their own respective legal counsel, and, except for representations expressly set forth herein, they have not been influenced by any other representation or statement.

### 20. Waiver, Modification and Amendment

No provision of this Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by all Parties.

### 21. Binding Effect.

Except as may specifically be provided in this Agreement to the contrary, the terms and conditions contained in this Agreement shall inure to the benefit of, and be binding upon, the respective employees, directors, officers, partners, shareholders, agents, board members, heirs, parents, subsidiaries, related companies, predecessors, legal representatives, successors, assigns, personal representatives, and affiliates of the Parties. Except as otherwise expressly provided herein, this Agreement is not assignable by any Party without the prior written consent of the other Party, and no payment to be made hereunder shall be subject to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or other charge.

### 22. Counterparts; Facsimile.

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall be deemed one and the same instrument, and all signatures need not appear on any one counterpart. If executed in counterparts, this Agreement will be as effective as if simultaneously executed. Signatures on this Agreement may be communicated by facsimile transmission and/or email transmission and shall be binding upon the Parties transmitting the same by facsimile transmission and/or email transmission.

### 23. Further Cooperation

The Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Settlement Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

### 24. Notices

All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement, excluding communications directed to Class members, shall be in writing and addressed as follows:

|  |  |
|---|---|
| For Named Plaintiff and the Class: | David McGlothlin, Esq.<br>Ryan McBride. Esq.<br>Kazerouni Law Group, APC<br>245 Fischer Ave., Suite D1<br>Costa Mesa, CA 92626 |
| For Defendant: | Chad C. Rasmussen, Esq.<br>Alpina Legal<br>2230 N University Pkwy, Unit 7E<br>Provo, UT 84604-6701 |

[The rest of this page is intentionally left blank]

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement and Release to be executed as of the dates set forth below.

DATED: _____

Francisco Rodriguez, as an Individual
and as Class Representative

DATED:  1/5/2022

Cascade Collections, LLC

By: *[signature]*
Name: Chad Rasmussen
Title: Authorized Agent

APPROVED AS TO FORM

DATED:  1/5/2022

By *[signature]*
Chad C. Rasmussen, Attorney for Defendant

DATED: _____

KAZEROUNI LAW GROUP, APC

By_____
David J. McGlothlin, Attorneys for Plaintiff

DATED: _____

KAZEROUNI LAW GROUP, APC

By_____
Ryan L. McBride, Attorneys for Plaintiff

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement and Release to be executed as of the dates set forth below.

DATED: 01/04/2022

*Francisco rodriguez*
Francisco Rodriguez, as an Individual
and as Class Representative

DATED: _____

Cascade Collections, LLC

By: _____
Name: _____
Title: _____

APPROVED AS TO FORM

DATED: _____

By _____
Chad C. Rasmussen, Attorney for Defendant

DATED: 01/05/2022

KAZEROUNI LAW GROUP, APC

By _____
David J. McGlothlin, Attorneys for Plaintiff

DATED: 01/05/2022

KAZEROUNI LAW GROUP, APC

By _____
Ryan L. McBride, Attorneys for Plaintiff