FILED
2022 JAN 21 PM 12:23
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, on behalf of himself and others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS, LLC,**<br><br>Defendant. | **ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Case No.:** 2:20-cv-00120-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge: Dustin B. Pead |

On September 14, 2021, after extensive arms-length negotiations in a settlement conference conducted before Magistrate Judge Paul Kohler, Plaintiff and Defendant (herein jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

Pursuant to Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"), the Parties now request preliminary approval of the proposed class action settlement.

The Court has read and considered the Class Action Settlement Agreement (hereinafter referred to as "Agreement"), Preliminary Approval Motion, and the record.

1

NOW, THEREFORE IT IS HEREBY ORDERED:

1.      <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength and weaknesses of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals. The Court finds that the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.      <u>CLASS MEMBERS</u>:  The settlement class is certified and defined as:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Astor Brothers & Co.; to recover a consumer debt; which were not returned undelivered by the United States Postal Service; from February 21, 2019 until February 21, 2020; in which the communication provided the following language: "If you dispute the validity of this debt or any part of it, you must notify us either by writing to Cascade Collections, LLC, P.O. Box 970547, Orem, UT 84097, or by calling toll-free 855-978-7184 or locally (801) 900- 3328 within thirty (30) days of the date of this letter; otherwise we will consider this debt to be valid and proceed accordingly. . . . Please pay the Amount Due. We would like to collect the Amount Due in an efficient and convenient way. If you are able to pay the Amount Due in full at once please do so. On the other hand, if you are unable to pay the amount in full at once, we are able to set up a payment plan so that the Amount Due is paid gradually over time. Please note that the Amount Due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or

other fees. Please contact this office to determine how the Amount Due is calculated and to determine the balance."

3. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and substance of the proposed notice procedure set forth in Plaintiff's Motion. Defendant has provided the name and last known addresses for the Settlement Class members obtained from its records to Claims Administrator, Simpluris. Simpluris shall mail the post card Notice to each Class Member at their last known address as provided by Defendant, and update those addresses for which notice is returned, then send a follow-up Notice to those addresses for which a more current address was obtained. The Notice shall also contain Class Counsel's telephone number so that the Class Members can inquire about the Settlement. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice process is designed to advise the Class Members of their rights.

4. <u>SETTLEMENT TERMS:</u> Further, the Court preliminarily approves the settlement terms including: $2,500 to the Class Members, except for the Class representative; $1,500 to the Class representative; and $55,000 to Class Counsel for Class administration costs, litigation costs, and attorney's fees.

5. <u>CY PRES:</u> The Court preliminarily approves a Cy Pres award of any remaining funds from the settlement fund to Utah Legal Services. Utah Legal Services is the appropriate recipient of the Cy Pres award because Utah Legal Services is the only statewide program that does consumer protection on a non-profit basis helping low-income Utah residents. The Cy Pres award will aid Utah Legal

Services in assisting Utah consumers enforcing the protections due to them under the FDCPA.

6. <u>CLASS COUNSEL AND CLASS REPRESENTATIVE</u>: The Court previously certified David J. McGlothlin and Ryan L. McBride of Kazerouni Law Group, APC as Class Counsel. Additionally, the Court certified Plaintiff Francisco Rodriguez as Class Representative.

7. <u>OBJECTIONS</u>: Any Settlement Class member who intends to object to the fairness of the Settlement must file a written objection with the Court no later than 60 days after the Notice Deadline. Further, any such Settlement Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall appear in the postcard notice advising the Settlement Class members about objections.

A. For an objection to be considered by the Court, the objection must set forth the name and case number of the Action, Class Member's name, address, and telephone number, and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. If Class Member is represented by counsel, counsel's name, address, email address and telephone number shall be set forth in any Objection. The objecting Class Members shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. The Claims

4

Administrator will provide to Class Counsel and Defendant's Counsel all copies of any objections mailed to the Claims Administrator.

B.  Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

8.  SETTLEMENT APPROVAL DEADLINES:

A.  The Notice Deadline is February 22, 2022.

B.  The deadline to file a motion for attorney fees and costs is April 11, 2022.

C.  Objections to the proposed settlement agreement must be postmarked by April 25, 2022.

D.  Briefs in support of approval of the settlement agreement and oppositions to any objections are due by May 25, 2022.

9.  FINAL APPROVAL HEARING: A hearing (hereinafter the "Final Approval Hearing") will be held on June 24, 2022 at 2:00 p.m. Unless the Court notifies otherwise, the hearing will be held over Zoom. The Court will review the following issues:

A.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court;

B.  Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against Released Parties;

C.  To discuss and review other issues as this court deems appropriate.

10.  ATTENDANCE AT HEARING: Attendance at the Final Approval Hearing is not necessary. Settlement Class members need not appear at the hearing or take

any other action to indicate their approval of the proposed class action settlement. Settlement Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

IT IS SO ORDERED.

Dated: _January_21, 2022

THE HONORABLE JILL N. PARRISH
UNITED STATES DISTRICT COURT JUDGE