David J. McGlothlin, Esq. (UT SBN 17389)
david@kazlg.com
Ryan L. McBride, Esq. (UT SBN 16218)
ryan@kazlg.com
**Kazerouni Law Group**
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone: (602) 900-1288
Facsimile: (800) 520-5523

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| **FRANCISCO RODRIGUEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE COLLECTIONS LLC,**<br><br>Defendant. | **Case No.:** 2:20-CV-00120-JNP-DBP<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DISTRICT JUDGE: JILL N. PARRISH<br><br>MAGISTRATE JUDGE: DUSTIN B. PEAD |

## I. INTRODUCTION

Pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff FRANCISCO RODRIGUEZ ("Rodriguez" or "Plaintiff"), on behalf of himself individually and on behalf of the Class, hereby submits this Motion for Final Approval of Class Action Settlement, which is unopposed by Cascade Collections LLC., ("CASCADE" or "Defendant"). The terms of the Settlement are set forth in the Settlement Agreement previously filed before this Court at ECF No. 59-3 ("Agreement").

With this Motion, Rodriguez now seeks final approval of the Parties' Class Action Settlement because no facts have arisen that would call into question the Class Action Settlement being fair, adequate and/or reasonable. *Id*. In fact, not a single consumer has objected to the settlement. Declaration of Settlement Administrator, Amy Lechner ("Lechner Decl."), ¶ 9. As discussed in detail below, the proposed Settlement satisfies all criteria for settlement approval.

## II. PROCEDURAL HISTORY

Plaintiff filed a class action lawsuit on February 21, 2020, alleging that Defendant's collection letter was in violation of the Fair Debt Collections Practices Act 15 U.S.C. §1692 et. seq. Plaintiff, through counsel, participated in extensive written discovery requests and responses, conducted multiple meet and confer sessions, took the deposition of Defendant's Fed R. Civ. P. 30(b)(6) witness, and

took the deposition of a third party witness who was a former employee of Defendant. Declaration of David J. McGlothlin in Support of Plaintiff's Motion for Final Approval ("McGlothlin Decl.") ¶ 4; Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Final Approval ("McBride Decl.") ¶ 4.

On July 16, 2020, Plaintiff filed his motion for class certification and motion for summary judgment. ECF Nos. 17, 18; McBride Decl. ¶ 5. On July 31, 2020, Defendant filed a motion to dismiss, motion to strike, and motion for summary judgment. ECF Nos. 21-23; McBride Decl. ¶ 6. On March 31, 2021, the Court denied Defendant's motion to dismiss and motion to strike, but partially granted Defendant's Motion for Summary Judgment. ECF No. 41; McBride Decl. ¶ 7. On the same day, the Court also partially granted Plaintiff's Motion for Summary Judgment and Class Certification. McBride Decl. ¶ 8. On September 14, 2021, the parties attended a settlement conference with Magistrate Judge Paul Kohler and were able to agree to a class wide settlement. McBride Decl. ¶ 9.

At mediation, the Parties came to an agreement for a settlement fund of $2,500 to be paid by the Defendant to the Class members. ECF No. 59-3; McBride Decl. ¶ 9. From this Settlement Fund, the parties have agreed that Plaintiff Francisco Rodriguez may request an incentive award of $1,500. ECF No. 59-3. The Defendant agreed to pay Class Counsel a total of $55,000 in administrative costs, attorney fees, and costs of class counsel. *Id.* Additionally, the Parties agreed

that Plaintiff would submit a Motion for Attorney's Fees and Costs. *Id.* The Parties agreed that the Court award any remaining funds after distribution of the Settlement Fund Utah Legal Services in the form of a cy pres award. *Id.*

On January 5, 2022, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support. ECF No. 59. Thereafter, the Court issued an Order granting the Motion for Preliminary Approval of the Class Action Settlement on January 21, 2022. ECF No. 66. The Order approved of the Parties' proposed Notice procedure, directed distribution of notice to Class Members, set the deadline for Rodriguez's request for attorneys' fees, and set a deadline for the filing of the current Final Approval Motion. *Id.*

Plaintiff filed Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Payment on April 11, 2022. ECF No. 69. The Final Approval hearing is set for June 24, 2022 at 2:00 p.m., where Plaintiff is seeking approval of this Motion For Final Approval of the Class Action Settlement as well as the Motion for Attorneys Fees, Costs, and Incentive Payment.

## III. THE FDCPA AND CLASS ALLEGATIONS

In this class action, Rodriguez asserts that Cascade violated the FDCPA by including language in Cascade's collection letter that limited consumers' rights. Specifically, Plaintiff alleged Defendant violated §1692g and §1692e for stating "if you dispute the validity of this debt or any part of it, you must notify…within

4

thirty (30) days of this letter" in one section of the collection letter while stating that the notification deadline was within "thirty (30) days after receipt of the notice" in another section of the collection letter. In a partial granting of the Plaintiff's Motion for Summary Judgment, the Court found that this contradictory language violates §1692g(a)(3) because it would confuse the least sophisticated consumer. *See* ECF No. 41.

The Court also found that the letter was false, deceptive, and misleading in violation of §1692e because the FDCPA requires the 30-day period to begin after the date of notice, not the date of the collection letters as stated by Defendant. *Id.* In addition, the Court found that the collection letter was ambiguous as to the amount due in violation of §1692g and §1692e because the collection letter stated "[a]mount due is the balance as of the date listed above and may or may not include interest, accruing interest, costs, or other fees." *Id.* The Court reasoned that it was ambiguous, false, deceptive, and misleading. *Id.* Thus, Plaintiff prevailed on those two violations in its Motion for Summary Judgment subject to the bona fide error defense at trial.

Congress expressly recognized the propriety and utility of class litigation for enforcement of consumers' rights under the FDCPA. As such, through enactment of 15 U.S.C. §§ 1692k(a)(2)(B) and (b)(2), Congress provided an express statutory mechanism for computation of class awards. *See* 15 U.S.C §§ 1692k(a)(2)(B) and

(b)(2); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Littledove v. JBC & Associates, Inc.*, 2001 WL 42199 (E.D. Cal., January 11, 2001); *Schwarm v. Craighead*, 233 F.R.D. 655 (E.D. Cal. 2006); *Keele v. Wexler*, 149 F. 3d 589 (7th Cir. 1998).

## IV. **FINAL APPROVAL IS WARRANTED**

The Parties believe that this Class Action Settlement should be finally approved. The Settlement provides an award to the class for more than the FDCPA allows. ECF No. 59-3.

### A. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS

"[P]ublic policy strongly favor[s] the pretrial settlement of class action lawsuits…" *New England Health Care Employees Fund v. Woodruff*, 520 F.3d 1255, 1258 (10th Cir. 2008). The approval of a proposed settlement of a class action suit is a matter within the broad discretion of the trial court. *United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir. 1993); and, 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th Ed. 2002) (gathering cases). The traditional means for handling claims like those at issue here – individual litigation – would require a massive expenditure of public and private resources and, given the relatively small value of the claims of the proposed individual class members, would be impractical. Thus, the proposed Settlement is the best vehicle for Class

Members to receive the relief to which they are entitled in a prompt and efficient manner.

## B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

Before granting final approval of a class action settlement, a reviewing court must first find the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(A. The Tenth Circuit has identified four factors to be considered in assessing whether a proposed settlement is fair, reasonable and adequate:

> (1) Whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *see also Gottlieb v. Wiles*, 11 F.3d 1004 (10th Cir. 1993).

### 1. The Settlement was fairly and honestly negotiated.

In evaluating the first factor, Courts have found settlements to be "fairly and honestly negotiated [since] the parties' experienced counsel engaged in arm's length settlement discussions." *Lowery v. City of Albuquerque*, 2013 U.S. Dist. LEXIS 35626, at *91-92 (D.N.M. 2013) citing to *Robles v. Brake Masters Systems, Inc.*, 2011 U.S. Dist. LEXIS 14432 (D.N.M. 2011).

Here, the Parties were represented by experienced counsel. Moreover, the Settlement is the culmination of hours of negotiation after lengthy and contested litigation, which required the assistance of Magistrate Judge Paul Kohler to finally resolve. Based on these exchanges and discussions, Plaintiff believes that the current settlement was negotiated fairly and honestly and is in the best interest of the class members. McGlothlin Decl. ¶ 17; McBride Decl. ¶ 18. Thus, this factor weighs in favor of approval.

### 2. Questions of fact and law exist.

The second factor examines "whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

Here, the question of damages and whether Defendant has a valid bona fide error defense are the two remaining uncertainties if there were to be a trial. The issue of bona fide error has been highly contested in this case and while Defendant contends it has a valid bona fide error, Plaintiff disagrees. Furthermore, Plaintiff takes the position that Defendant's net worth may be higher, but Plaintiff would need an expert and would need to spend an extraordinary amount of resources for an unlikely or negligible increase to the class recovery. Even if Plaintiff were to take all of these actions, it is possible Defendant's net worth is what Defendant affirms it to be. Therefore, there is risk to the class that the damages would be

lower than the $2,500 settlement should a trial commence. As such, it is in the best interest of the class to accept the benefit of the damages of $2,500. Thus, this factor favors granting the motion.

### 3. The value of immediate recovery outweighs the possibility of future relief after protracted litigation.

Under the third factor, the "value is to be weighed not against the net worth of the defendant, but against the possibility of some greater relief at a later time, taking into consideration additional risks and costs that go hand in hand with protracted litigation." *Gottlieb v. Wiles*, 11 F.3d 1004, 1015 (10th Cir. 1993).

Here, greater relief for the class members is not likely even if further litigation ensued. "Damages under the FDCPA in a class action are limited to $500,000 or 1% of Defendant's net worth, whichever is less. As discussed above, it is not likely the class would receive much more than the $2,500 settlement fund, and the class may even obtain less than $2,500, based on the information available to Plaintiff. Thus, this factor cuts in favor of approval of this motion.

Additionally, such settlements, though small monetarily, effectuate the purpose of class actions and the FDCPA. *See Jacobson v. Persolve, LLC*, 2015 U.S. Dist. LEXIS 73313, at *22-23 (N.D. Cal. 2015). Therein, *Jacobson* relied upon *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344-45 (7th Cir. 1997) which stated:

> [W]e believe that a de minimis recovery (in monetary terms) should not automatically bar a class action. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be appropriate for pursuing the FDCPA's objections.

*Id*. citing to *Warcholek v. Medical Collection Sys., Inc.*, 241 F.R.D. 291, 295-96 (N.D. Ill. 2006) (certifying 23(b)(3) FDCPA class where defendant claimed negative net worth).

"Ultimately, the 'unfortunate reality…that most of Defendant's…FDCPA violations would probably go unnoticed absent this lawsuit' must be balanced against the possibility that any class recovery may be relatively minimal." *Jacobson*, 2015 U.S. Dist. LEXIS 73313, at *26-27 citing to *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 464-65 (S.D.N.Y. 2007). "In light of the probability that most individual plaintiffs are unaware of their claims and because of the small incentives for bringing individual FDCPA claims, the Court finds that class certification would be superior to any alternative, notwithstanding the possibility of a de minimis class recovery." *Id*.

Here, as discussed further below, there have been seven (7) claims made, which will translate into approximately $357 per class member. This is more than a de minimis recovery. Furthermore, consumers will receive the benefit of the cy pres award if any checks are returned undeliverable. Each of these two terms alone warrant final approval which makes the combination all that more beneficial. Thus, the Parties believe this factor is in favor of approval of this motion.

4. **The Parties believe the settlement is fair and reasonable.**

The final factor for this Court is to consider "the judgment of the parties that the settlement is fair and reasonable." *In Re Motor Fuel Temperature Sales Practices Litig.*, 2017 U.S. App. LEXIS 16086, at *38 (10th Cir Aug. 23, 2017). Additionally, Courts also hold that "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Fager v. CenturyLink Communs., LLC.*, 854 F.3d 1167, 1175 (10th Cir. 2016) quoting H. Newberg & A. Conte, 4 Newberg on Class Actions § 11.41, at 108 (4th ed. 2002).

Here, the Parties, as well as counsel for the Parties, believe that this is an excellent settlement. McGlothlin Decl. ¶ 23; McBride Decl. ¶ 24. The class received more than what is provided for as a cap to FDCPA recovery in class actions. Specifically, based on the evidence provided under seal to the Court, the settlement amount for the class exceeds the amount the class could have obtained

at trial. Furthermore, there have been no objections of any kind to this settlement and no opt-outs. Thus, this factor is falls in favor of finally approving the class settlement.

## V. CLASS NOTICE

### A. Dissemination of Class Notice

The Parties administered the notice process through the claims administrator, Simpluris Lechner Decl., ¶ 6. In accordance with the Settlement Agreement and this Court's Preliminary Approval Order, on July 13, 2021, Simpluris caused the Postcard Notice to be mailed to the postal addresses on the Settlement class member list provided by Defendant. *Id*. The Class Notice provided detailed information regarding (a) class members' rights, including the manner in which objections and exclusions could be lodged; (b) the case's nature, history and progress; (c) the proposed settlement and reason for the settlement; (d) the settlement's benefits; (e) Class Counsel's requested fees and costs; (f) the Fairness Hearing's date, time and location; and, (g) Class Counsel's contact information. *Exhibit A* to Lechner Decl. The total invoice provided by the Class Administrator for costs for the class notice to date are $4,697. *Id*. at ¶ 11.

### B. RESPONSE TO CLASS NOTICE

Out of all the class members that received notice, not a single consumer objected to the settlement and no consumers have requested exclusion. Lechner

Decl. ¶ 9. Additionally, seven (7) class members out of the 177 people in the class have submitted claims, which is nearly 4%. Lechner Decl. ¶ 8. This is well within the range of a normal claims rate for an FDCPA class action. *See Forcellati v. Hyland's Inc.*, 2014 WL 1410264, at *6 (C.D. Cal. Apr. 9, 2014) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3-5 percent."); and, *Ferrington v. McAfee, Inc.*, 2012 WL 1156399, at *4 (N.D. Cal. Apr. 6, 2012) (same); *See e.g.*, *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000); *Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d. 34, 44 (D. Me. 2005) (Signal, C.J.) ("'Claims made' settlements regularly yield response rates of 10 percent or less.")). Usually, 3-5% of the eligible class members will submit valid claims during the settlement process. As such, Class Counsel believes the Settlement to be fair to the class members.

### C. CLASS ACTION FAIRNESS ACT

On January 14, 2022, Defendant's Counsel served the Class Action Fairness Act ("CAFA") notice as required by 28 U.S.C. § 1715(b), on the appropriate Federal and State officials including the Attorney General of Utah and the United States Attorney General. *See* ECF No. 64. The notice was sent after 10 days of the filing of the Preliminary Approval Motion, but more than 90 days before the objection deadline. *Id.* More than 90 days have passed since service and the Parties have not received any objections from the Attorney General of Utah and the United

States Attorney General. McGlothlin Decl. ¶ 16; McBride Decl. ¶ 16. Therefore, the Parties are in compliance with the 90-day waiting period pursuant 28 U.S.C. § 1715(d).

## VI. **ATTORNEYS' FEES AND COSTS**

At the Fairness Hearing, the Court will decide whether to finally approve the Settlement and will also consider the Fee Brief requesting $55,000 in attorneys' fees, actual litigation costs, class administration costs. Defendant does not object to the attorney's fees, costs, administration costs, or incentive payment to Rodriguez. *See* ECF No. 59-3.

Plaintiff directs the Court to the briefing regarding Plaintiff's Motion for Attorney Fees, Costs, and Incentive Payment for a full analysis of Attorneys' Fees and Costs. Moreover, since the Reply brief was submitted, Plaintiff's attorneys' hours spent on the case have increased significantly due to the correspondence with the class administrator, Defendant, and subsequent briefing. Plaintiff's current lodestar has increased to over $110,000.00, which means that Plaintiff's request is less than half of class counsel's actual lodestar in the case. *See* ECF No. 69-4.

In regards to class administration costs, Simpluris, the class administrator has sent an initial estimate to Plaintiff in the amount of $4,697. Lechner ¶ 11. Plaintiff will pay these costs incurred relating to class administration out of the first

14

disbursement by Defendant according to the Settlement Agreement.

Therefore, Plaintiff respectfully requests that the Court enter an Order for $55,000 in attorney's fees, class administration costs, and in costs.

## VII. <u>INCENTIVE AWARD</u>

"Incentive awards are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (internal quotations omitted). "A powerful basis for separate awards to named plaintiff in class action settlements is the need to reimburse them for specific expenses they have incurred, including out-of-pocket costs of asserting the litigation, the use of leave time in order to attend depositions and other such costs." *Sheppard v. Consolidated Edison Co. of NY*, 2002 WL 2003206, at*6, n.9 (E.D.N.Y. Aug. 1, 2002).

In addition to lending his name to this matter, and thus subjecting himself to public attention, the named Plaintiff, Francisco Rodriguez, has actively engaged in this action. McBride Decl. ¶ 11. Plaintiff has spent hours engaged in this action, which includes, but is not limited to, time spent in pre-litigation investigation, reviewing the complaint, assisting with initial disclosures, assisting with written discovery, reviewing motions, sitting for his own deposition, and communicating with Plaintiffs' counsel throughout litigation. *Id.*

The $1,500 incentive award amount is more than reasonable and is far less

15

than the size of incentive awards routinely granted by courts in class action cases. *See*, e.g., *People United for Children, Inc. v. City of New York*, 2007 WL 582720, at *2 (S.D.N.Y. Feb. 26, 2007) (approving class action settlement that called for incentive awards to class action plaintiffs ranging from $10,000 to $15,000); *In re Assicurazioni Generali S.p.a. Holocaust Insurance,* 2007 WL 601846, at *3 (S.D.N.Y. Feb. 27, 2007) (awarding each of the named representatives incentive award of $5,000 as part of class action settlement approval); *Gross v. Washington Mutual Bank, F.A.,* 2006 WL 318814, at *6 (S.D.N.Y. Feb. 26, 2006) (awarding class plaintiff $5,000 incentive award as part of class action settlement approval). Thus, the requested service award is reasonable.

## VIII. COMPLIANCE WITH FED. R. CIV. P. 23(H)

Class members must be given an opportunity to review and the opportunity to object to Class Counsel's request for attorneys' fees. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2009). Therefore, the parties agreed that such application shall be filed no later than 14 days prior to the objection deadline. ECF No. 59-3. Therefore, according to the Preliminary Approval Order, Class Counsel's motion for attorneys' fees and costs was due by April 11, 2022. Class Counsel filed such application with the court on April 11, 2022. ECF No. 69.

The objection deadline was on April 25, 2022. *Id.* Therefore, all class members had adequate time to request and review Class Counsel's fee application

and adequate time to file an objection based on those fees if they so desired. To date, over 90 days after notice was sent out, no objections as to Counsel's requested fees and costs have been received by Class Counsel, the claims administrator, or have been filed with the Court. Lechner Decl. ¶ 9; McGlothlin Decl. ¶ 19; McBride Decl. ¶ 20. Furthermore, it is highly unlikely an objection will be filed by anybody because the attorneys' fees and costs are separate from the Settlement Fund.

## IX. CONCLUSION

For all of the foregoing reasons, the Parties respectfully request this Court enter an Order granting final approval of the Settlement. The settlement provides a Settlement Fund that exceeds the maximum permitted to the class by law; benefits all consumers from being misled by the communication at issue herein; and, achieves the goal of FDCPA class actions.

Dated: May 25, 2022                                                    Respectfully submitted,

/s/ Ryan L. McBride  
RYAN L. MCBRIDE, ESQ.  
ATTORNEY FOR PLAINTIFF AND THE CLASS

## CERTIFICATE OF SERVICE

A copy of the foregoing *Motion for Final Approval* has been filed this 25th day of May, 2022, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

                                                                /s/ Ryan L. McBride
                                                                   Ryan L. McBride