IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE COLLECTIONS LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR APPROVAL OF ATTORNEY FEES AND COSTS AWARD AND INCENTIVE PAYMENT<br><br>Case No. 2:20-cv-00120-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Francisco Rodriguez's motion for approval of (1) an award for attorney fees, litigation costs, and class administration costs in the amount of $55,000 and (2) an incentive award to Rodriguez in the amount of $1,500. ECF No. 69.

The court approves the award of $55,000 for attorney fees and costs. Having reviewed Rodriguez's motion, the court determines that this amount is reasonable given the circumstances of this case.

The court, however, declines to approve the requested incentive award. The Fair Debt Collection Practices Act (FDCPA) provides for the following remedies for a claim brought under this statute: (1) actual damages; (2) in a class action lawsuit, statutory damages up to $1,000 for each named plaintiff and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"; and (3) attorney fees and costs. 15 U.S.C. § 1692k(a). There is no claim for actual damages in this case. And, as noted above, the court has approved an award

for attorney fees and costs. The only other authorized remedy for Rodriguez, as a named plaintiff, is a statutory damages award in an amount not to exceed $1,000. Because the FDCPA does not authorize an additional incentive award for a named plaintiff, the court may not grant the relief requested by Rodriguez. *See Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

Although Rodriguez cites a number of district court rulings authorizing incentive awards for class representatives, those cases are not persuasive. Most of these cases do not involve a class action brought under the FDCPA. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (class action brought under the Fair Labor Standards Act); *Sheppard v. Consol. Edison Co. of New York*, No. 94-CV-0403(JG), 2002 WL 2003206, at *5 (E.D.N.Y. Aug. 1, 2002) (class action brought under Title VII); *People United for Child., Inc. v. City of New York*, No. 99 CV 648(KTD), 2007 WL 582720, at *2 (S.D.N.Y. Feb. 26, 2007) (class action for violations of due process, equal protection, and state law rights); *In re Assicurazioni Generali S.p.A. Holocaust Ins.*, No. 00 CV 9413 (GBD), 2007 WL 601846, at *3 (S.D.N.Y. Feb. 27, 2007) (class action against insurance company for failure to pay insurance benefits to Holocaust victims). And although one of the cases cited by Rodriguez does authorize an incentive award to a class representative in an action brought under the FDCPA, that case does not attempt to square the incentive award with the remedies permitted under the Act. *Gross v. Washington Mut. Bank, F.A.*, No. 02 CV 4135 (RML), 2006 WL 318814, at *6 (E.D.N.Y. Feb. 9, 2006) (granting preliminary approval of an incentive award). Instead, the *Gross* court cited other district court rulings

approving incentive payments and, without analysis, found that the incentive award agreed to by the parties was in line with the amounts approved in those rulings.

At the hearing on Rodriguez's motion for approval of the incentive award, the court expressed its concerns regarding the requested $1,500 incentive award. The parties then discussed the settlement agreement out of the presence of the court. After the parties went back on the record, Rodriguez and Cascade Collections orally agreed to modify their settlement agreement. They agreed to delete the clause requiring Cascade to pay a $1,500 incentive award to Rodriguez and to replace it with Cascade's agreement to pay $1,000 in statutory damages to Rodriguez in his role as a named plaintiff in this action. Because the parties have agreed to this amount, which comports with 15 U.S.C. § 1692k(a), the court approves the modified agreement.

## CONCLUSION

The court approves the requested award for attorney fees, litigation costs, and class administration costs in the amount of $55,000. The court also approves the modified request for an award of statutory damages in the amount of $1,000 to named plaintiff Francisco Rodriguez.

DATED June 27, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge